The Jacob D. Fuchsberg Law Firm, LLP
Bradley S. Zimmerman, Esq.
500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500

**Hearing Date:** May 14, 2010
**Hearing Time:** 12:00 p.m.

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

In re:

SAINT VINCENTS CATHOLIC MEDICAL
CENTERS OF NEW YORK d/b/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS, *et al.*,

                        Debtor.

Chapter 11

Case No. 10-11963 (CGM)

------------------------------------------------------------------

## OMNIBUS MOTION FOR ENTRY OF AN ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY
## TO PERMIT PENDING MEDICAL MALPRACTICE ACTION TO PROCEED

Movant, VERONICA KHRUSTALEV, as the Administratrix of the Estate of SERGE KHRUSTALEV, deceased, and VERONICA KHRUSTALEV, Individually ("Movant"), who is a personal injury plaintiff in the pending medical malpractice action ("Action") identified in ¶ 5 below (and in Exhibit A annexed hereto), hereby makes this motion ("Motion"), pursuant to 11 U.S.C.. § 362(d), for entry of an order, substantially in the form annexed hereto as Exhibit 1, granting her relief from the automatic stay to permit her pending medical malpractice action to proceed against the Debtor. In support of the Motion, Bradley S. Zimmerman, Esq., a partner of The Jacob D. Fuchsberg Law Firm, LLP, counsel to Movant, respectfully represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This

matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

## Background of the Bankruptcy Case

2.    On or about April 14, 2010 (the "Petition Date"), Saint Vincent's Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, (collectively, "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United Stated Bankruptcy Court for the Southern District of New York.

3.    The Debtor is in business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## The Pending Medical Malpractice Action

4.    As alleged in the complaint filed on March 14, 2007 in the Supreme Court of the State of New York, Kings County, Movant has commenced a medical malpractice action against the Debtor because she herself, individually and as administratrix of the estate of her deceased brother has suffered injuries and the decedent on whose behalf the action has been brought suffered serious and permanent personal injuries and death as a result of the Debtor's negligence.    In addition to the debtor's negligence, two physicians who were employees or agents of debtor, defendants Drs. Christos Stavropoulos, M.D. and Robert Braff, M.D., were also negligent in their care and treatment of decedent causing his death.    A copy of the complaint filed in the Action is annexed hereto as Exhibit A.

5.    A brief description of the action, its commencement date, status, the injuries at issue and the status of applicable insurance are set forth below:

*A. Veronica Khrustalev, Individually and as Administratrix of the Estate of Serge Khrustalev, Deceased v. SAINT VINCENT CATHOLIC MEDICAL CENTERS, SAINT VINCENTS HOSPITAL MANHATTAN, CHRISTOS STAVROPOULOS, M.D. and ROBERT BRAFF, M.D.*

**Action Commenced** March 14, 2007 in the Supreme Court of the State of New York, Kings County, Index No.: 8822/07

| | |
|---|---|
| **Debtor** | St. Vincent's Catholic Medical Centers of New York/Saint Vincent's Hospital Manhattan |
| **Status** | The case is on the trial calendar and ready to proceed to trial. A trial date is scheduled for May 3, 2010 in the Supreme Court of the State of New York, Queens County |
| **Insurance** | Upon information and belief, debtor was insured with policy limits of $1 million per occurrence and $14 million in the aggregate. Dr. Christos Stravropoulos was insured under a policy number distinct from the debtor with policy limits of $1.3 million per occurrence and $3.9 million in the aggregate. Dr. Robert Braff was insured under a policy number distinct from the debtor and Dr. Christos Stavropoulos with policy limits of $1.3 million per occurrence and $3.9 million in the aggregate. |

**General Description** Failure to appropriately diagnose and treat the decedent's acute aortic dissection resulting in extreme pain and suffering and death.

| | |
|---|---|
| **Injuries** | Pain and suffering, fear of impending death and Death |

6.    Given the serious nature of the injury at issue in the pending action, Movant would suffer severe hardship were she prevented from proceeding with her case in the state court expeditiously.

## Basis For The Relief Requested

7.    Under section 362(d) of the Bankruptcy Code, upon request of a party in interest, the court may grant relief from the automatic stay "for cause". *See* 11 U.S.C. § 362(d)(1). Once the moving party makes out a prima facie showing that "cause" exists, the non-moving party has the burden of disproving the existence of "cause". 11 U.S.C. § 362(g)(2); *In re New York Medical Group, P. C,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

8. In determining what constitutes "cause", the Second Circuit has set out 12 factors to be considered:

1. Whether relief would result in a partial or complete resolution of the issues;

2. lack of any connection with or interference with the bankruptcy case;

3. whether the other proceeding involves the debtor as a fiduciary;

4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5. whether the debtor's insurer has assumed full responsibility for defending it;

6. whether the action primarily involves third parties;

7. whether litigation in another forum would prejudice the interests of other creditors;

8. whether the judgment claim arising from the other action is subject to equitable subordination;

9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

10. the interests of judicial economy and the expeditious and economical resolution of the litigation;

11. whether the parties are ready for trial in the other proceeding; and

12. impact of the stay on the parties and the balance of harms.

*See Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.),* 907 F.2d 1280, 1286; *accord In re Mazzeo,* 167 F.3d 139, 142-43 (2d Cir. 1999). Not all of the *Sonnax* factors are relevant in every case, and the court need not assign equal weight to each factor. *See In re Mazzeo,* 167 F.3d at 143; *In re New York Medical Group, P. C, 265* B.R. at 413. For purposes of this Motion, Movant submits that the relevant *Sonnax* factors are 1, 2, 5, 7, 10, 11, and 12.

THE IMPACT OF THE STAY ON THE PARTIES AND
BALANCE OF THE HARMS FAVOR LIFTING THE STAY (FACTOR 12)

9. A review of the pending Action makes clear that Movant would suffer significant hardship were her Action to be stayed. The patient, Movant's brother, in the Action has died. Delaying the resolution of the Action would result in the aging of evidence, the loss of witnesses, and could effectively deny Movant her opportunity to litigate. *See In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). Courts have recognized the substantial hardship to plaintiffs in personal injury actions if their cases are stayed, and have therefore accorded that hardship considerable weight in determining to lift the stay. *Id.* at 566 ("...Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate.") Indeed, despite the existence of a bankruptcy proceeding, the opportunity to litigate the issue of liability is a significant right which cannot be easily set aside. *Id.* *Accord In re Holtkamp,* 699 F.2d 505 (7th Cir. 1982).

10. Comparatively, the Debtor's hardship is small or non-existent if the Movant were to be allowed to proceed in state court. This conclusion holds especially true in cases where the claims are ones that are covered by insurance, as is the case in the Action herein. *See In re Sonnax Industries, Inc.* 907 F.2d at 1286 (quoting 2 *Collier on Bankruptcy* ¶ 362.07(3), at 362-65 to -67); *In re New York Medical Group, P. C., 265 B.R.* at 413 (stay relief favored where debtor's insurer is defending debtor); *In re Holtkamp,* 669 F.2d at 508-09 (bankruptcy estate not jeopardized where insurance company assumed full financial responsibility for defending the action); *In re Bock Laundry Machine Co:, 37* B.R. at 567-68 (not much significance ascribed to the debtor's required participation in its defense, especially when insurer is providing counsel).

11. Even where a debtor may be required to defend itself because there is no insurance, courts have found that this fact would not work a significant hardship on the

Debtor. *See In re Bock Laundry Machine Co.,* 37 B.R. at 567-68 (and cases cited therein) (most courts have procedures to reduce the time officers will be in litigation, and the determination of liability will not affect the estate). Particularly since the parties have already completed discovery in this case, even less time and attention would be required from the Debtor. Thus, as to this Action where, to Movant's knowledge, the Debtor was insured and where the insurer is providing counsel, the Debtor cannot demonstrate substantial hardship if the stay is lifted to allow this case to proceed.

12. Accordingly, on balance, Movant will suffer substantially more harm than the Debtor if the stay is not lifted to let the medical malpractice action proceed in state court.

## LIFTING THE STAY AND ALLOWING THE ACTION TO PROCEED WILL COMPLETELY RESOLVE THE LITIGATION IN STATE COURT (FACTOR 1)

13. The relief requested herein will completely resolve the Action in state court, since the Action was commenced (March 14, 2007) previous to the Petition Date (April 14, 2010) and was proceeding against not only the Debtor, but against multiple third parties as well, including Drs. Stavropoulos and Braff. Thus, the state court is the only forum that can determine the liability of all parties. *See In re New York Medical Group, P.C.,* 265 B.R. at 413. In addition, by statute, the bankruptcy court cannot hear or determine the medical malpractice claim, which is the subject of the Action, since it is a personal injury tort and wrongful death claim. *See* 28 U.S.C. § 157(b)(2)(B).

## THE ACTION IS NEITHER CONNECTED TO NOR WILL IT INTERFERE WITH THE BANKRUPTCY CASE (FACTOR 2)

14. The Action is not connected to the bankruptcy case other than in the fact that its resolution will determine the extent of the Debtor's liability to Movant. Moreover, the continuation of the Action will not interfere with the bankruptcy case. The Debtor is represented by insurance defense counsel. Accordingly, there can be no assertion that

allowing a trial to proceed in state court or a settlement to be consummated would interfere with the bankruptcy case.

15. As the Action is ready for trial and has a trial date of May 3, 2010, it will not interfere with the bankruptcy case to any significant degree. The amount of time that would need to be devoted by the Debtor's personnel will be limited and, even then, such personnel would likely not be heavily involved in the reorganization efforts of the Debtor. Even if they were, to the extent their participation in the Action began to impact the bankruptcy case, which would be highly unlikely, the Debtor could petition the court for relief. *In re Bock Laundry Machine Co.*, 37 B.R. at 567.

### THE INSURER OF DEBTOR'S INDVIDUALLY RESPONSIBLE AGENTS HAVE ASSUMED FULL RESPONSIBILITY FOR DEFENDING THE ACTION AND ALSO THERE EXISTS A(FACTOR 5)

16. There is insurance coverage for the Action, and the defense of this Action is being handled by insurance defense counsel. As articulated above, the existence of insurance reduces any possible hardship the Debtor may claim exists if the stay is lifted. Accordingly, there is a strong basis to permit this action to proceed to conclusion and to permit Movant to realize any judgments or settlements against insurance proceeds. As to this Action, Movant believes the Debtor's facility is insured with limits of $1 million per occurrence and $14 million in the aggregate and that Dr. Stavropoulos has $1.3 million in insurance coverage. Dr. Braff has $1.3 million in insurance coverage. There are compelling reasons to allow the Action to proceed to conclusion in the state court forum in which it is pending so that the claim may be liquidated and the Movant's ability to pursue her claim without significant delay is preserved.

17. In addition to the individual insurance of Drs. Stavropoulos and Braff, there currently exists a trust fund for the benefit of paying certain medical malpractice claims,

including this claim, against the Debtor. The "MedMal Trust" fund is not property of the Debtor, yet exists for the purpose of funding the medical malpractice obligations of the Debtor arising from before its first bankruptcy petition. In regard to Debtor's prior bankruptcy, on July 27, 2007, the Court issued an *Order Confirming Debtors' First Amended Chapter 11 Plans of Reorganization and Liquidation* (Doc #3490) (05-14945 (CGM)). The Plan became effective according to its terms on August 30, 2007. Among other things, the Plan provided for a separate MedMal Trust to be established with respect to the pre-petition medical malpractice claims. The MedMal Trusts were specifically established under the Plan and Confirmation Order for the purposes of facilitating the implementation of the Plan and in particular, holding the MedMal Trust Assets and distributing such assets only to holders of Allowed MedMal Claims. The MedMal Trust Assets are not property of the Debtor or its post-Effective Date estate.

## LITIGATION IN OTHER FORUM WILL NOT PREJUDICE THE INTERESTS OF OTHER CREDITORS (FACTOR 7)

19. Movant is requesting permission to lift the stay so that she may have an opportunity to litigate her claim in state court and determine the Debtor's liability. The mere determination of the Debtor's liability will not prejudice the interests of other creditors in the bankruptcy case; rather, it will aid in the efficient liquidation of all claims. Indeed, it is in the interest of all creditors that the liquidation of Movant's claims occurs sooner rather than later. *See In re New York Medical Group, P. C.,* 265 B.R. at 413-14 (allowing state court actions to proceed will not prejudice other creditors).

## THE INTERESTS OF JUDICIAL ECONOMY AND THE EXPEDITIOUS AND ECONOMICAL RESOLUTION OF THE LITIGATION IN STATE COURT FAVORS LIFTING THE STAY (FACTOR 10)

20. The Action has been commenced, discovery concluded and is close to

final disposition. The Action is on the trial calendar and is ready to proceed to trial. Indeed, a trial has been scheduled for May 3, 2010.

21.     Accordingly, it would be a waste of judicial and legal time and effort to start the case all over again in a new forum. Permitting the pending Action to proceed would cause the least delay and expense for all concerned. Thus, the interests of judicial economy and the expeditious and economical resolution of the Action favor lifting the stay.

THE PARTIES ARE READY FOR TRIAL (FACTOR 11)

22.     As set forth in Paragraphs 5, 15and 18 above, the Action is ready for trial. Accordingly, the posture of the Action favors lifting the stay so that the case may proceed to resolution in the state court.

23.     Based on the *Sonnax* factors set forth above, Movant has more than established a prima facie case that "cause" exists here to lift the stay with respect to the Action. As the court in *In re Bock Laundry Machine Co.* eloquently stated:

> The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount...The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets.

37B.R. at 567 (internal citations omitted). Movant respectfully submits that the Debtor cannot credibly argue the prejudice it would experience, if any, if the stay were lifted, would outweigh the significant hardship that Movant will unquestionably suffer if she is stayed from proceeding with the Action.

24.     Additionally, Movant intends to move for severance in the state court. It has been termed well-settled by the New York state courts that the automatic stay provisions of the Federal bankruptcy laws do not extend to nonbankrupt co-defendants (*Merrill, Lynch,*

*Pierce, Fenner & Smith, Inc.,* 13 AD3d 89, 89 [1[st] Dep't 2004]; *see also United States v. Lyons,* 292 A.D.2d 683, 684 [3[rd] Dep't 2002], *lv denied* 98 N.Y.2d 606 [2002]; *Velez v. Seymour Moslin Assocs., Inc.,* 278 A.D.2d 164, 165 [1[st] Dep't 2000]; *Maynard v. George A. Fuller Co.,* 236 A.D.2d 300, 300 [1997]). The Appellate Division, Second Department, recognizing the broad choices in matters involving nonbankrupt defendants, has thus summarized that "it is in the discretion of the court to grant a severance as well as a stay" (*Rosenbaum v. Dane & Murphy, Inc.,* 189 A.D.2d 760, 761 [2[nd] Dep't 1993] [internal citations omitted] ). "[T]he balance of the equities lies with plaintiffs when one defendant has received an automatic stay pursuant to 11 USC § 362(a)" (*Rapini v. New Plan Excel Realty Trust, Inc.,* 8 AD3d 1013, 1014 [2[nd] Dep't 2004] [internal citations and internal quotation marks omitted] ). Here, the prolonged and indefinite nature of the automatic bankruptcy stay will ultimately make severance relief appropriate under CPLR 603 which pertinently provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue."

25.     It is well settled that the automatic bankruptcy stay does not apply to the nonbankrupt defendants, Drs. Stavropoulos and Braff and, therefore, this case may proceed against Drs. Stavropoulos and Braff. Thus, since discovery was completed and the case was ready to go to trial at the time the bankruptcy petition was filed, the prejudice to Movant in being "required to await the conclusion of lengthy and complex reorganization proceedings before obtaining any remedy" outweighs any potential inconvenience to the defendants. *See Lottes v. Slater,* 114 A.D.2d 580 (3rd Dep't 1985). Accordingly, the action should ultimately be severed against the bankrupt party ( *See* CPLR § 603; *Feldstein v. Greater N.Y. Councils,* 16 A.D.2d 771, 228 N.Y.S.2d 337 [1[st] Dep't 1962]; *Golden v. Moscowitz,* 194 A.D.2d 385, 598 N.Y.S.2d 522 [1st Dept.,1993]).

10

26. Movant respectfully requests a waiver of Local Bankruptcy Rule 9013-1(b) regarding submission of a supporting Memoranda of Law.

27. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Movant respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 1: (a) modifying the automatic stay to: (i) allow the Action to proceed in the Supreme Court of the State of New York, Kings County to judgment or settlement; (ii) permit the plaintiff to execute on any such judgment or collect on any such settlement against available insurance proceeds without further order of the court; (iii) permit the plaintiff to participate in the bankruptcy proceeding as an unsecured creditor to the extent of any unsatisfied claim; and (d) such other and further relief as this Court deems just and proper.

Dated: New York, New York
      April 26, 2010

THE JACOB D. FUCHSBERG LAW FIRM, LLP

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Bradley S. Zimmerman, Esq. (BZ0023)
500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500
*Attorneys for Movant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:

SAINT VINCENTS CATHOLIC MEDICAL
CENTERS OF NEW YORK d/b/a SAINT VINCENT          Chapter 11
CATHOLIC MEDICAL CNETERS, *et al.,*              Case No. 10-11963

Debtors.

-------------------------------------------------------------------x

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Plaintiff in the pending Action identified on Schedule A annexed hereto

("Movant"), having moved through her counsel, Bradley S. Zimmerman, Esq., for an

Order Granting Relief From The Automatic Stay To Permit Pending Medical Malpractice

Action To Proceed ("Motion"), and upon consideration of the papers submitted in support

thereof, and any objections and/or responses thereto, and upon a hearing before the Court

(if any); and this Court having found that: (a) the Court has jurisdiction over the subject

matter of the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334;

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) the legal and factual bases

set forth in the Motion and on the record at the hearing (if any) establish just cause for the

relief granted herein and that such relief is appropriate and in the best interests of the

Debtor, its estate and creditors; and (d) due notice of the Motion having been given; and it

further appearing that no other or further notice is necessary with respect to the Motion; it

is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the automatic stay is hereby lifted or modified to: (i) allow the

Action to proceed in its respective forum to judgment or settlement; (ii) permit the

plaintiff to execute on any such judgment or collect on any such settlement against available insurance proceeds without further order of the court; (iii) permit the plaintiff to participate in the bankruptcy proceeding as an unsecured creditor to the extent of any unsatisfied claim; and (iv) such other and further relief as this Court deems just and proper.

Dated: April        2010
 New York, New York


_____
United States Bankruptcy Judge

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X

VERONICA KHRUSTALEV, Individually and as
Administratrix of the Estate of SERGE KHRUSTALEV,
Deceased,

                              Plaintiffs,

               - against -

SAINT VINCENT CATHOLIC MEDICAL CENTERS,
SAINT VINCENTS HOSPITAL MANHATTAN,
CHRISTOS STAVROPOULOS, M.D., and
ROBERT BRAFF, M.D.,

                         Defendants.

-----------------------------------------------------------------------X

Index No. **8822/07**
Date Purchased **3/14/07**

## SUMMONS

Plaintiff designates:
KINGS County
as the place of trial

Basis of Venue:
Plaintiffs' residence
2520 Batchelder St., #4B
New York, NY 11235
County of Kings

TO THE ABOVE NAMED DEFENDANT(S):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiffs' attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
             March 12, 2007

                            Yours, etc.
                            THE JACOB D. FUCHSBERG LAW FIRM

By:           _____
                 ALFRED L. ODOM, ESQ.
                 Attorneys for Plaintiff
                 Office & P.O. Address
                 500 Fifth Avenue, 45th Floor
                 New York, New York 10110
                 (212) 869-3500
                 Our File 8596

Defendant addresses:

SAINT VINCENT CATHOLIC MEDICAL CENTERS
153 West 11th Street
New York, New York 10011

SAINT VINCENTS HOSPITAL MANHATTAN
153 West 11th Street
New York, New York 10011

CHRISTOS STAVROPOULOS, M.D.
153 West 11th Street
New York, New York 10011

ROBERT BRAFF, M.D.
153 West 11th Street
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------------------X

VERONICA KHRUSTALEV, Individually and as
Administratrix of the Estate of SERGE KHRUSTALEV,
Deceased,

Plaintiffs,

- against -

SAINT VINCENT CATHOLIC MEDICAL CENTERS,
SAINT VINCENTS HOSPITAL MANHATTAN,
CHRISTOS STAVROPOULOS, M.D., and
ROBERT BRAFF, M.D.,

Defendants.

--------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 8822/07

Plaintiff, by her attorneys THE JACOB D. FUCHSBERG LAW FIRM, complaining of

defendants, alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.    Letters of Administration appointing plaintiff VERONICA KHRUSTALEV the

Administratrix of the Estate of SERGE KHRUSTALEV, were issued to plaintiff VERONICA

KHRUSTALEV by the Surrogate's Court, Kings County, State of New York, on March 8, 2007.

2.    At all pertinent times, defendant SAINT VINCENT CATHOLIC MEDICAL

CENTERS (hereinafter "CATHOLIC MEDICAL CENTERS") owned, operated, controlled, and

managed a hospital pursuant to the laws of the State of New York for the care of the sick, known

as Saint Vincents Hospital Manhattan, located at 153 West 11th Street, New York, New York

10011, which provided personnel, including doctors, nurses, attendants and others for the care

and treatment of its patients and which held itself out to the public as furnishing treatment

facilities where patients, including the plaintiff's decedent SERGE KHRUSTALEV, could be treated for various ailments.

3. At all pertinent times, defendant CATHOLIC MEDICAL CENTERS was a domestic not-for-profit corporation, organized and existing under the laws of the State of New York.

4. At all pertinent times, defendant SAINT VINCENTS HOSPITAL MANHATTAN (hereinafter "SAINT VINCENTS MANHATTAN") owned, operated, controlled, and managed a hospital pursuant to the laws of the State of New York for the care of the sick, known as Saint Vincents Hospital Manhattan, located at 153 West 11th Street, New York, New York 10011, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including the plaintiff's decedent SERGE KHRUSTALEV, could be treated for various ailments.

5. At all pertinent times, defendant SAINT VINCENTS MANHATTAN was a domestic not-for-profit corporation, organized and existing under the laws of the State of New York.

6. At all pertinent times, defendant CHRISTOS STAVROPOULOS, M.D. (hereinafter "STAVROPOULOS") was a physician duly licensed to practice medicine in the State of New York.

7. At all pertinent times, defendant STAVROPOULOS held himself out to the general public and in particular the plaintiff's decedent, as a physician offering professional services and medical care and treatment.

8. At all pertinent times, defendant ROBERT BRAFF, M.D. (hereinafter "BRAFF") was a physician duly licensed to practice medicine in the State of New York.

9. At all pertinent times, defendant BRAFF held himself out to the general public and in particular the plaintiff's decedent, as a physician offering professional services and medical care and treatment.

10. At all pertinent times, defendant STAVROPOULOS was an employee of defendant CATHOLIC MEDICAL CENTERS.

11. At all pertinent times, defendant STAVROPOULOS was an agent of defendant CATHOLIC MEDICAL CENTERS.

12. At all pertinent times, defendant STAVROPOULOS was an independent contractor of defendant CATHOLIC MEDICAL CENTERS.

13. At all pertinent times, defendant BRAFF was an employee of defendant CATHOLIC MEDICAL CENTERS.

14. At all pertinent times, defendant BRAFF was an agent of defendant CATHOLIC MEDICAL CENTERS.

15. At all pertinent times, defendant BRAFF was an independent contractor of defendant CATHOLIC MEDICAL CENTERS.

16. At all pertinent times, defendant STAVROPOULOS was an employee of defendant SAINT VINCENTS MANHATTAN.

17. At all pertinent times, defendant STAVROPOULOS was an agent of defendant SAINT VINCENTS MANHATTAN.

18. At all pertinent times, defendant STAVROPOULOS was an independent contractor of defendant SAINT VINCENTS MANHATTAN.

19. At all pertinent times, defendant BRAFF was an employee of defendant SAINT VINCENTS MANHATTAN.

20. At all pertinent times, defendant BRAFF was an agent of defendant SAINT VINCENTS MANHATTAN.

21. At all pertinent times, defendant BRAFF was an independent contractor of defendant SAINT VINCENTS MANHATTAN.

22. At all pertinent times, defendants CATHOLIC MEDICAL CENTERS, SAINT VINCENTS MANHATTAN, STAVROPOULOS, and BRAFF, stood in such a relationship with each other in their care and treatment of plaintiff's decedent SERGE KHRUSTALEV, as to make each defendant liable for the acts and omissions of the other.

23. From on or about March 20, 2005 through March 25, 2005, and prior and subsequent thereto, plaintiff's decedent sought the professional care of defendant STAVROPOULOS, for certain medical complaints, including but not limited to chest pains, shortness of breath, and other internal medical complaints from which he was suffering.

24. From on or about March 20, 2005 through March 25, 2005, defendant STAVROPOULOS and his agents, servants and employees provided medical care, surgical care, diagnostic care and treatment to the plaintiff's decedent SERGE KHRUSTALEV.

25. From on or about March 20, 2005 through March 25, 2005, and prior and subsequent thereto, plaintiff's decedent sought the professional care of defendant BRAFF, for

certain medical complaints, including but not limited to chest pains, shortness of breath, and other internal medical complaints from which he was suffering.

26. From on or about March 20, 2005 through March 25, 2005, defendant BRAFF and his agents, servants and employees provided medical care, surgical care, diagnostic care and treatment to the plaintiff's decedent SERGE KHRUSTALEV.

27. From on or about March 20, 2005 through March 25, 2005, and prior and subsequent thereto, plaintiff's decedent sought the professional care of defendant CATHOLIC MEDICAL CENTERS, for certain medical complaints, including but not limited to chest pains, shortness of breath, and other internal medical complaints from which he was suffering.

28. From on or about March 20, 2005 through March 25, 2005, defendant CATHOLIC MEDICAL CENTERS and its agents, servants and employees provided medical care, surgical care, diagnostic care and treatment to the plaintiff's decedent SERGE KHRUSTALEV.

29. From on or about March 20, 2005 through March 25, 2005, and prior and subsequent thereto, plaintiff's decedent sought the professional care of defendant SAINT VINCENTS MANHATTAN, for certain medical complaints, including but not limited to chest pains, shortness of breath, and other internal medical complaints from which she was suffering.

30. From on or about March 20, 2005 through March 25, 2005, defendant SAINT VINCENTS MANHATTAN and its agents, servants and employees provided medical care, surgical care, diagnostic care and treatment to the plaintiff's decedent SERGE KHRUSTALEV.

31. The above medical care, surgical care, diagnosis, treatment and services were rendered by defendants CATHOLIC MEDICAL CENTERS, SAINT VINCENTS

MANHATTAN, STAVROPOULOS, and BRAFF, their agents, servants and employees carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, surgical care, diagnosis, treatment and services in the community.

32. By reason of the above, plaintiff's decedent SERGE KHRUSTALEV, sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress, all of which caused, precipitated, and contributed to his death on March 27, 2005.

33. That this action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

34. Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff's damages, including by not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

35. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

36. By reason of the above, plaintiff VERONICA KHRUSTALEV brings this action as Administratrix of the Estate of SERGE KHRUSTALEV for the conscious pain and suffering

of plaintiff's decedent for damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

37.     Plaintiff realleges each and every allegation of the first cause of action.

38.     Defendant CATHOLIC MEDICAL CENTERS was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

39.     Defendant SAINT VINCENTS MANHATTAN was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

40.     By reason of the above, plaintiff's decedent SERGE KHRUSTALEV, sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress, all of which caused, precipitated, and contributed to his death on March 27, 2005.

41.     That this action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

42.     Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff's damages, including by not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

43.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally

liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

44. By reason of the above, plaintiff VERONICA KHRUSTALEV brings this action as Administratrix of the Estate of SERGE KHRUSTALEV for the conscious pain and suffering of plaintiff's decedent for damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

45. Plaintiff realleges each and every allegation of the first and second causes of action.

46. Defendants, CATHOLIC MEDICAL CENTERS, SAINT VINCENTS MANHATTAN, STAVROPOULOS, and BRAFF, their agents, servants and employees, failed to inform the plaintiff's decedent of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

47. A reasonably prudent person in the position of the plaintiff's decedent, would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

48. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

49.     By reason of the above, plaintiff's decedent SERGE KHRUSTALEV, sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress, all of which caused, precipitated, and contributed to his death on March 27, 2005.

50.     That this action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

51.     Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff's damages, including by not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

52.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

53.     By reason of the above, plaintiff VERONICA KHRUSTALEV brings this action as Administratrix of the Estate of  for the conscious pain and suffering of plaintiff's decedent for damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION

54.     Plaintiff realleges each and every allegation of the first, second, and third causes of action.

55.     That this action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

56.     Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff's damages, including by not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

57.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

58.     By reason of the above, VERONICA KHRUSTALEV, as Administratrix of the Estate of SERGE KHRUSTALEV, brings this action for the wrongful death of plaintiff's decedent on behalf of the surviving distributees of plaintiff's decedent, including herself, as well as other surviving distributees, including, ALEKSANDR KHRUSTALEV, and NADEZHDA KHRUSTALEV, who have suffered pecuniary injuries and loss and have been deprived of said decedent's support, comfort, services, companionship, guidance, advice, love and affection, all to

their damage, both general and special, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against defendants in an amount, on each cause of action, that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, and interest from March 25, 2005, and as allowed by law.

Dated: New York, New York
      March 12, 2007

Yours, etc.
THE JACOB D. FUCHSBERG LAW FIRM

By: _____

ALFRED L. ODOM, ESQ.
Attorneys for Plaintiff
Office and P.O. Address
500 Fifth Avenue
45th Floor
New York, New York 10110
(212) 869-3500
Our File No: 8596

## ATTORNEY'S VERIFICATION BY AFFIRMATION

ALFRED L. ODOM, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an associate of THE JACOB D. FUCHSBERG LAW FIRM, attorneys of record for plaintiff. I have read the annexed

### SUMMONS & COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff resides outside of the county wherein your affirmant maintains offices.

DATED:    New York, New York
             March 12, 2007

_____
ALFRED L. ODOM

Our File No. 8596

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
VERONICA KHRUSTALEV, Individually and as
Administratrix of the Estate of SERGE KHRUSTALEV,
Deceased,

                                   Plaintiffs,

             - against -

SAINT VINCENT CATHOLIC MEDICAL CENTERS,
SAINT VINCENTS HOSPITAL MANHATTAN,
CHRISTOS STAVROPOULOS, M.D., and
ROBERT BRAFF, M.D.,

                           Defendants.
--------------------------------------------------------------------X

**CERTIFICATE OF MERIT**

Index No.:

      ALFRED L. ODOM, the undersigned, an attorney admitted to practice in the Courts of

New York State, states that he is an associate of The Jacob D. Fuchsberg Law Firm, LLP,

attorneys for the plaintiff in the within action. I have reviewed the facts of this case and have

consulted with at least one physician who is licensed to practice in this State or any other state

and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and

I have concluded on the basis of such review and consultation that there is a reasonable basis for

the commencement of this action.

Dated: New York, New York
       March 12, 2007

                                          _____
                                           ALFRED L. ODOM