KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re:                                     :        Chapter 11
                                         :
SAINT VINCENTS CATHOLIC MEDICAL    :        Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, <u>et al.</u>,             :
                                         :
                       Debtors.            :        Jointly Administered
------------------------------------------------------- x

**NOTICE OF AUCTION AND HEARING TO CONSIDER APPROVAL
OF THE SALE OF REAL ESTATE AND PERSONAL PROPERTY LOCATED
<u>AT 555 6TH AVENUE AND APPROVAL OF PROCEDURES RELATED THERETO</u>**

PLEASE TAKE NOTICE THAT:

        1.       <u>Introduction</u>. On May 18, 2010, the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), upon the motion of Saint Vincents Catholic Medical Centers of New York ("**SVCMC**") and certain of its affiliates, as Chapter 11 debtors and debtors in possession in the above-referenced Chapter 11 cases (each a "**Debtor**" and collectively the "**Debtors**")[1], entered an order (the "**Bidding Procedures Order**"): (a) approving the bidding procedures and bidder protections (collectively, the "**Bidding Procedures**") with respect to the sale (the "**Sale**") of the real estate and personal property located at 555 6th Avenue in New York, New York, commonly referred to by the Debtors as the "Staff House" (collectively, the "**Assets**" or the "**Staff House**"), and assignments of leases related thereto; (b) scheduling an auction (the "**Auction**") for the Assets and a hearing approving the Sale of the Assets (the "**Sale Hearing**"); and (c) approving certain procedures related to the assumption and assignment of those executory

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

contracts and unexpired leases related to the Assets and whose assignment is contemplated by the Sale.  A copy of the Bidding Procedures is annexed hereto as **Exhibit A**.

2. Important Dates.  Pursuant to the Bidding Procedures, the Bankruptcy Court has established the following dates:

| | |
|---|---|
| **Qualified Bid Deadline** | **June 15, 2010** |
| **Objection Deadline** | **June 18, 2010** |
| **Final Bid Deadline** | **June 25, 2010** |
| **Announcement of Successful Bid and Backup Bid** | **June 28, 2010** |
| **Limited Objection Deadline for Objections to Successful Bidder and Backup Bidder Only** | **June 29, 2010** |
| **Sale Hearing** | **July 1, 2010** |

3. Stalking Horse Agreement.  The Debtors and TIP Acquisitions LLC (the **"Stalking Horse Bidder"**) have entered into a Purchase and Sale Agreement, dated April 21, 2010 (the **"Purchase Agreement"**), for the Sale of the Assets.  The Sale remains subject to competing offers from any prospective bidder in accordance with the Bidding Procedures.

4. Due Diligence.  **Parties interested in conducting due diligence should contact Vincent Carrega (212-326-4929, vincent.carrega@grubb-ellis.com) or Neil Helman (212-326-4999, neil.helman@grubb-ellis.com) of Grubb & Ellis New York, Inc., 1177 Avenue of the Americas, New York, NY 10036.**

5. Submission of Bids.  In order to participate in the bidding process and to have a bid considered by the Debtors, each potential bidder must deliver a written offer or group of offers satisfying the criteria prescribed in the Bidding Procedures.  Each bid package must be delivered in written and electronic form to: (i) Saint Vincents Catholic Medical Centers of New York, 170 W. 12th Street, Smith Building, 5th Floor, New York, New York 10011, Attn: Scott Davis (scott.davis@gt.com); (ii) Grubb & Ellis New York, Inc., 1177 Avenue of the Americas, New York, NY 10036, Attn: Vincent Carrega (vincent.carrega@grubb-ellis.com) or Neil Helman (neil.helman@grubb-ellis.com); (iii) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff (arogoff@kramerlevin.com); (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Suite 503, Great Neck, New York 11021, Attn: Sean Leyden (sleyden@garfunkelwild.com); (v) counsel to Secured Creditors: (x) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com) and Richard S. Kanowitz, Esq. (rkanowitz@cooley.com); and (y) General Electric Capital

Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier, Esq. (dneier@winston.com); and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq. (rrogers@winston.com); and (vi) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq. (dbotter@akingump.com), Stephen Kuhn, Esq. (skuhn@akingump.com) and Kenneth Davis, Esq. (kdavis@akingump.com), (collectively, the "**Notice Parties**"), so as to **actually be received no later than June 15, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Qualified Bid Deadline**").

7. <u>Sale Hearing</u>. The Bidding Procedures Order provides that the Sale Hearing will be held on **July 1, 2010 at 11:00 a.m. (prevailing Eastern Time)**, before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, in Courtroom 701 at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408. At the Sale Hearing, the Debtors will request that the Bankruptcy Court enter an order approving the Sale of the Assets to the prevailing bidder at the Auction.

8. <u>Objections</u>. Objections, if any, to the Sale Motion (other than objections with respect to cure amounts or adequate assurance of future performance under the Assumed Contracts and Leases, which are subject to the Assignment Procedures) and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Garfunkel Wild, P.C., 111 Great Neck road, Suite 503, Great Neck, New York 11021 Attn: Robert Andrew Wild, Esq. and Sean P. Leyden, Esq.; (b) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Stephen Kuhn, Esq. and Kenneth Davis, Esq.; (c) counsel to the Debtors' secured creditors: (i) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Richard S. Kanowitz, Esq.; (ii) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier; and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq.; and (iii) VIII SV 5556 Lender, LLC, c/o Cravath, Swaine & Moore LLP, 825 8th Avenue, New York, New York 10019, Attn: Richard Levin, Esq.; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq.; (e) the Successful Bidder, and (f) the Backup Bidder, so as to be **actually received by 4:00 p.m. (prevailing Eastern Time) on June 18, 2010** (the "**Objection Deadline**"). Objections, if any, with respect to the selection of the Successful Bidder and the Backup Bidder only shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Garfunkel Wild, P.C., 111 Great Neck road, Suite 503, Great Neck, New York 11021 Attn: Robert Andrew Wild, Esq. and Sean P. Leyden, Esq.; (b) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036,

Attn: David Botter, Esq., Stephen Kuhn, Esq. and Kenneth Davis, Esq.; (c) counsel to Secured Creditors: (i) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Richard S. Kanowitz, Esq.; and (ii) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier; and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq.; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq.; (e) the Successful Bidder, and (f) the Backup Bidder, so as to be **actually received by 10:00 a.m. (prevailing Eastern Time) on June 29, 2010** (the "**Successful Bidder Objection Deadline**").

9. A copy of the Bidding Procedures Order or any other document referenced herein can be viewed and obtained on the Court's website www.ecf.nysb.uscourts.gov or (without charge) at http://svcmcrestructuring.com.

Dated: New York, New York
     May 18, 2010              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                  /s/ Adam C. Rogoff
                                  Kenneth H. Eckstein
                                  Adam C. Rogoff
                                  P. Bradley O'Neill
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone: (212) 715-9100

                                  *Counsel for Debtors and*
                                  *Debtors in Possession*

**EXHIBIT A**

# BIDDING PROCEDURES FOR STAFF HOUSE SALE

Set forth below are the bidding procedures (the "**Bidding Procedures**") with respect to the sale (the "**Sale**") by Saint Vincents Catholic Medical Centers of New York ("**SVCMC**" or the "**Seller**") and certain of its affiliates, as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**")[1] of the real estate and personal property located at 555 6th Avenue, New York, New York, commonly referred to by the Debtors as the Staff House (the "**Assets**," or the "**Staff House**") to TIP Acquisitions LLC ("**TIP**" or the "**Purchaser**") pursuant to a purchase and sale agreement (the "**Purchase Agreement**"), dated as of April 21, 2010. The transaction contemplated by the Purchase Agreement is subject to competitive bidding as set forth herein and approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") pursuant to sections 363 and 365 of title 11 of the United Stated Code (the "**Bankruptcy Code**"), and the Debtors are soliciting other higher or otherwise better bids for the Sale of the Assets.

1. **Important Dates**

| | |
|---|---|
| **Qualified Bid Deadline** | June 15, 2010 |
| **Objection Deadline** | June 18, 2010 |
| **Final Bid Deadline** | June 25, 2010 |
| **Announcement of Successful Bid and Backup Bid** | June 28, 2010 |
| **Limited Objection Deadline for Objections to Successful Bidder and Backup Bidder Only** | June 29, 2010 |
| **Sale Hearing** | July 1, 2010 |

2. **Assets to be Sold Free and Clear**

As described in greater detail in the Purchase Agreement, the Debtors are offering for sale Seller's right, title, and interest in (i) that certain real property together with the buildings and improvements thereon located at and commonly known as 555 Sixth Avenue, New York, New York (collectively, the "**Real Estate**") and such other assets as are expressly described in the Purchase Agreement (collectively, the "**Assets**").

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

Except as otherwise provided in definitive documentation with respect to the Sale, all of the Seller's rights, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "**Claims and Interests**") to the extent permitted by sections 363 and 365 of the Bankruptcy Code and other applicable law.

3. **Stalking Horse**

The Purchase Agreement provides that the Purchaser shall act as the "stalking horse bidder" in the Auction (defined below) and for breakup fee in the amount of $870,000.00 (the "**Break-Up Fee**"), which amount includes reimbursement of actual, reasonable, out-of-pocket third party expenses not to exceed $150,000 (the "**Expense Reimbursement**"). For the purposes of these Bidding Procedures, the term "**Auction**" shall refer to the solicitation of higher or otherwise better bids for the Assets in accordance with the Bidding Procedures provided herein. The Break-Up Fee which shall be payable by the Seller in cash immediately upon the consummation of an alternative transaction as the "highest or otherwise best" offer and from the first cash proceeds of such sale, provided, however, that the Purchaser shall not be in default of the Purchase Agreement and is otherwise ready, willing, and able to close.

4. **Mailing the Auction and Hearing Notice**

On a date no later than three business days following entry by the Bankruptcy Court of the order (the "**Bidding Procedures Order**") granting the Debtors' motion (the "**Motion**")[2] for an order approving the Bidding Procedures, the Debtors shall mail the notice of sale of the Assets (the "**Auction and Hearing Notice**") in the form approved by the Bankruptcy Court in the Bidding Procedures Order by (i) first class mail, postage prepaid, (a) to the Special and General Service Lists as those terms are defined in the Second Interim Administrative Order Establishing Case Management and Scheduling Procedures (the **"Case Management Order"**) entered by the Bankruptcy Court, (b) all counterparties to the Assumed Contracts and Leases; and (c) all tenants of the buildings located on the Real Estate and (ii) the Debtors' agent shall email the Auction and Hearing Notice to all potential purchasers identified by the Debtors or their agent.

Any other party in interest that wishes to receive a copy of the Sale Motion shall make such request in writing to Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Gregory G. Plotko, Telephone: (212) 715-9100, Facsimile: (212) 715-8000, Email: gplotko@kramerlevin.com. Additionally, copies of these documents may be downloaded from the Courts' docket at hhtp://nysb.uscourts.gov and from the Debtors' restructuring website at http://svcmcrestructuring.com.

---

[2] Capitalized terms but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

5. **Confidentiality Agreement / Due Diligence**

The Debtors will afford interested parties the opportunity to conduct reasonable due diligence in the manner determined by the Debtors in their discretion, in consultation with the Committee and the Secured Creditors (as defined below). The Debtors agree, within their sole discretion in consultation with the Secured Creditors and the Committee, to furnish any due diligence information after the Qualified Bid Deadline (defined below).

**Parties interested in conducting due diligence should contact Vincent Carrega (212-326-4929, vincent.carrega@grubb-ellis.com) or Neil Helman (212-326-4999, neil.helman@grubb-ellis.com) of Grubb & Ellis New York, Inc., 1177 Avenue of the Americas, New York, NY 10036.**

Any entity that wishes to conduct due diligence with respect to the Assets, other than the Purchaser, must deliver to (i) the Debtors, at Saint Vincents Catholic Medical Centers of New York, 170 W. 12th Street, Smith Building, 5th Floor, New York, New York 10011, c/o Scott B. Davis (704-632-3540, scott.davis@gt.com) and (ii) Vincent Carrega (212-326-4929, vincent.carrega@grubb-ellis.com) or Neil Helman (212.326.4999, neil.helman@grubb-ellis.com) of Grubb & Ellis New York, Inc., 1177 Avenue of the Americas, New York, NY 10036, the following: (a) an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtors and (b) at the Debtors' discretion, the Debtors may require a written and non-binding statement of interest demonstrating to the Debtors' satisfaction a bona fide interest to purchase the Assets, that includes a potential purchase price range which low end must be more than $2 million in excess of the "stalking horse bid," the proposed structure and financing, if any, of the transaction, any conditions to closing that such entity may wish to impose, and the nature and extent of and time necessary for due diligence such entity may wish to conduct.

Parties delivering such a confidentiality agreement and letter of intent may be deemed by the Debtors, in consultation with representatives of the MedMal Monitor, General Electric Capital Corporation, as Agent for itself and TD Bank, N.A. (collectively, the "**Secured Creditors**") and the Committee, to be reasonably likely to be able to fund the consummation of its proposed transaction, if selected as the Successful Bidder (as defined below), not later than July 15, 2010 (such person or entity, a "**Potential Bidder**"). After compliance with the foregoing, the Debtors may allow Potential Bidders to conduct due diligence with respect to the Assets.

6. **Qualification of Bids and Bidders**

In order to participate in the bidding process and to have a bid considered by the Debtors, each Potential Bidder must deliver a written offer or group of offers satisfying the below criteria. A "**Qualified Bidder**" is a Potential Bidder that delivers a binding bid that in the Debtors' discretion after consultation with the Secured Creditors and the Committee satisfies the following (a "**Qualified Bid**"):

(a) Qualified Bid Deadline. Each bid package must be delivered in written and electronic form to: (i) Saint Vincents Catholic Medical Centers of New York, 170 W. 12th Street, Smith Building, 5th Floor, New York, New York 10011, Attn: Scott Davis (scott.davis@gt.com); (ii) Grubb & Ellis New York, Inc., 1177 Avenue of the Americas, New York, NY 10036, Attn: Vincent Carrega (vincent.carrega@grubb-ellis.com) or Neil Helman (neil.helman@grubb-ellis.com); (iii) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff (arogoff@kramerlevin.com); (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Suite 503, Great Neck, New York 11021, Attn: Sean Leyden (sleyden@garfunkelwild.com); (v) counsel to Secured Creditors: (x) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com) and Richard S. Kanowitz, Esq. (rkanowitz@cooley.com); and (y) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier, Esq. (dneier@winston.com); and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq. (rrogers@winston.com); and (vi) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq. (dbotter@akingump.com), Stephen Kuhn, Esq. (skuhn@akingump.com) and Kenneth Davis, Esq. (kdavis@akingump.com), (collectively, the "**Notice Parties**"), so as to **actually be received no later than June 15, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "**Qualified Bid Deadline**").

(b) Qualifying Bid Package. Each bid must include (collectively, the "**Qualifying Bid Package**"): (i) a written and signed irrevocable offer stating that (x) the bidder offers to consummate a sale transaction on terms and conditions no less favorable than found in the Purchase Agreement, (y) confirming that the bid will remain irrevocable until one business day following the closing of a Sale to the Successful Bidder (as defined below); (ii) an executed copy of the Purchase Agreement as modified by the bidder in accordance with its bid (the "**Modified Purchase Agreement**"); and (iii) an electronic markup of the Purchase Agreement showing the revisions in the

- 4 -

Modified Purchase Agreement; and (iv) a CD-ROM containing a clean copy of the Modified Purchase Agreement (formatted as a Microsoft Word document or such other word processing format acceptable to the Debtors) and the electronic markup of the Purchase Agreement. The Debtors shall, in consultation with Secured Creditors and the Committee, determine whether any Modified Purchase Agreement that modifies the Purchase Agreement in any respect beyond the identity of the purchaser and the purchase price under the Purchase Agreement is a Qualified Bid. The determination that a bid is a Qualified Bid does not guarantee that the Qualified Bidder will be invited to submit an Improved Bid (defined below), it being the intent of the Debtors to invite only a limited number of Qualified Bidders to submit Improved Bids under the circumstances outlined in the following section 7 below. For the avoidance of doubt, the Purchaser is hereby automatically invited to submit an Improved Bid in advance of the Final Bid Deadline. The purchaser of the note allegedly secured by a first mortgage on Staff House (the "**First Mortgagee**") shall be entitled to any rights it may have under §363(k) of the Bankruptcy Code and the right of the Debtors, the Secured Creditors, and the Committee to object to the First Mortgagee's claims is hereby reserved. The First Mortgagee shall be automatically invited to submit an Improved Bid in advance of the Final Bid Deadline, provided that it submits a Qualified Bid. The First Mortgagee shall not be deemed a Secured Creditor for purposes of these Bidding Procedures until such time as the First Mortgagee delivers a written statement to the Debtors that neither it nor any of its affiliates will be seeking to bid for the Assets under these Bidding Procedures, whether by a credit bid of its claims or otherwise.

(c) Minimum Bid. The amount of the purchase price in such bid must provide for net cash (or cash equivalent) that is $500,000 more than the purchase price contained in the Purchase Agreement plus the amount of the Break-Up Fee and reimbursement of Expense Reimbursement payable to Purchaser (i.e., $49,370,000) (the "**Minimum Bid**").

(d) Financial Information. The Bid Package must contain such financial and other information that will allow the Debtors, in consultation with the Secured Creditors and the Committee, to make a determination as to the bidder's financial and other capabilities to consummate the

transactions contemplated by the Modified Purchase Agreement, including adequate assurance of such bidder's ability to perform under any Assumed Contracts and Leases (defined below) and to pay all cure amounts required to assume and assign any such Assumed Contracts and Leases.

(e) Regulatory Approvals. The Bid Package must provide evidence of the bidder's ability to obtain all necessary regulatory approvals, if applicable.

(f) Executory Contracts and Unexpired Leases. The Modified Purchase Agreement must identify with particularity each and every executory contract and unexpired lease, the assumption and assignment of which will be a condition to closing the transaction contemplated by the Modified Purchase Agreement (collectively, the "**Assumed Contracts and Leases**").

(g) Additional Bid Protections. The bid must not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment.

(h) Identity of Bidders. Each Potential Bidder must fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, as well as disclose the organization form and the business conducted by each entity.

(i) Due Diligence. The bid must not contain any due diligence or financing contingencies of any kind, and must affirmatively acknowledge that the bidder (i) had an opportunity to conduct due diligence regarding the Assets prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith.

(j) Consents. Each Potential Bidder must represent that it obtained all necessary organizational approvals to make its competing bid and to enter into and perform the Modified

(k) <u>Deposit</u>.  Only Qualified Bidders invited to submit Improved Bids shall be required to deposit 10% of the purchase price set forth in the Modified Purchase Agreement with an escrow agent selected by the Debtors (the "**Deposit Agent**") in the form of a certified check or wire transfer (the "**Deposit**") by the later of (x) two business days following notification by the Debtors that the bidder is invited to submit an Improved Bid or (y) June 21, 2010.  The Qualified Bidder shall forfeit the Deposit if (i) the bidder withdraws or modifies its bid other than as provided herein before the Bankruptcy Court approves the Debtors' selection of the Successful Bidder, or (ii) the bidder is the Successful Bidder (defined below) and (x) modifies or withdraws the bid without the Debtors' consent before the consummation of the sale contemplated by the bid, or (y) breaches the Modified Purchase Agreement.  The Deposit shall be returned to the bidder no later than five business days after entry of the Sale Order if the bidder (who has not otherwise forfeited its Deposit) is not the Successful Bidder or the Backup Bidder (defined below).  The Debtors will not be required to maintain any Deposit in an interest bearing account, but any interest earned on any Deposit will be remitted to the appropriate bidder if the Deposit is returned pursuant to the above.  Although the First Mortgagee will not be required to post a Deposit, the right of the Debtors, the Secured Creditors, and the Committee, to object to the First Mortgagee's claims is hereby reserved, and, effective only upon the date on which a Deposit would be due under this paragraph, the Debtors shall look only to the First Mortgagees' note obligation to secure its Deposit obligations.

The Debtors shall have the exclusive right, in their discretion (after consultation with the Secured Creditors and the Committee), to determine whether a bid is a Qualified Bid and whether any such Qualified Bidder shall be invited to submit an Improved Bid in advance of the Final Bid Deadline.  On or before June 21, 2010, the Debtors shall notify bidders (i) whether their bids have been determined to be Qualified Bids, (ii) whether they are invited to submit Improved Bids, and (iii) to submit Improved Bids pursuant to the procedures described below if they are invited to submit Improved Bids.  In addition to the requirements above, the Debtors may, in their sole and absolute discretion, in consultation with the Secured Creditors and the Committee, request any

- 7 -

additional information from any bidder to assist them in making their determination as to whether a bid is a Qualified Bid. For the avoidance of doubt, Purchaser is a Qualified Bidder, the Purchase Agreement is a Qualified Bid and Purchaser and the First Mortgagee (provided it submits a Qualified Bid) shall be automatically invited to submit Improved Bids in advance of the Final Bid Deadline.

7. **Improved Bids**

In the event that the Debtors timely receive at least one, but less than eight, Qualified Bids in addition to the bid submitted by the Purchaser, the Debtors shall invite each Qualified Bidder to submit an Improved Bid. In the event, however, that the Debtors timely receive eight or more Qualified Bids in addition to the bid submitted by the Purchaser, the Debtors shall invite only the Qualified Bidders submitting the eight highest or otherwise best Qualified Bids (which number may be increased or decreased in the Debtors' discretion after consultation with the Secured Creditors and the Committee) to submit an Improved Bid. An "**Improved Bid**" shall be submitted in accordance with the following:[3]

(a) Improved Bid Package. Each Improved Bid must include (collectively, the "**Improved Bid Package**"): (i) a written and signed irrevocable offer stating that (x) the bidder offers to consummate a sale transaction on terms and conditions no less favorable than found in the Improved Purchase Agreement, (y) confirming that the bid will remain irrevocable until one business day following the closing of a Sale to the Successful Bidder (as defined below); (ii) a new Modified Purchase Agreement; and (iii) an electronic markup of the bidder's prior Modified Purchase Agreement showing the revisions in the new Modified Purchase Agreement; and (iv) a CD-ROM containing a clean copy of the new Modified Purchase Agreement (formatted as a Microsoft Word document or such other word processing format acceptable to the Debtors) and the electronic markup of the prior Modified Purchase Agreement.

(b) Final Bid Deadline. Improved Bid Packages must be delivered in written and electronic form to the Notice Parties so as to **actually be received no later than June 25, 2010 at 10:00 a.m. (prevailing Eastern Time**) (the "**Final Bid Deadline**").

(c) Minimum Improved Bid. The amount determined by the Debtors in consultation with the Secured Creditors and the

---

[3] For the avoidance of doubt, the Debtors in consultation with the Secured Creditors and the Committee may permit bidders to submit multiple Improved Bids and may waive or modify any of the requirements for the submission of Improved Bids set forth in this section.

- 8 -

Committee, which amount shall not be less than $500,000 more than the purchase price contained in the highest or otherwise best Qualified Bid submitted prior to the Final bid Deadline plus the amount of the Break-Up Fee and reimbursement of Expense Reimbursement payable to Purchaser (the "**Minimum Improved Bid**").

(d) Financial Information. Except as to the Purchaser, the Improved Bid Package must contain such financial and other information that will allow the Debtors to make a determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the new Modified Purchase Agreement on or before July 15, 2010, including adequate assurance of such bidder's ability to perform under any Assumed Contracts and Leases (defined below) and to pay all cure amounts required to assume and assign any such Assumed Contracts and Leases.

(e) Regulatory Approvals. Except as to the Purchaser, the Improved Bid Package must provide evidence of the bidder's ability to obtain all necessary regulatory approvals, if applicable.

(f) Executory Contracts and Unexpired Leases. Except as to the Purchaser, the new Modified Purchase Agreement must identify with particularity each and every executory contract and unexpired lease, the assumption and assignment of which will be a condition to closing the transaction contemplated by the new Modified Purchase Agreement (collectively, the "**Assumed Contracts and Leases**").

(g) Additional Bid Protections. Except as to the Purchaser, the Improved Bid must not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment.

(h) Identity of Bidders. Each bidder submitting an Improved Bid must fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, as well as disclose the organization form and the business conducted by each entity.

(i) Due Diligence. Improved Bids must not contain any due diligence or financing contingencies of any kind, and must

affirmatively acknowledge that the bidder (i) had an opportunity to conduct due diligence regarding the Assets prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith.

(j) Consents. Except as to the Purchaser, each bidder submitting an Improved Bid must represent that it obtained all necessary organizational approvals to make its competing bid and to enter into and perform the new Modified Purchase Agreement and include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the new Modified Purchase Agreement.

(k) Timing of Closing. Improved Bids must contain a closing date on or before July 15, 2010 and a provision confirming that **TIME IS OF THE ESSENCE** as to the bidder's obligation to close on or before July 30, 2010.

8. **As Is, Where Is**

The sale of any or all of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates except to the extent set forth in the applicable agreement of the Successful Bidder(s) as approved by the Bankruptcy Court.

9. **Only One Qualified Bid**

If the only timely Qualified Bid that is submitted is the bid submitted by the Purchaser, then the Debtors shall proceed with the Sale Hearing.

10. **Successful Bid**

On or before June 28, 2010, the Debtors shall determine, in their discretion after consultation with the Secured Creditors and the Committee and subject to Court approval, the highest or otherwise best Improved Bid submitted (the "**Successful Bid**"). The bidder submitting such Successful Bid shall become the "**Successful Bidder**," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified Purchase Agreement or the Purchase Agreement. The Debtors will announce the Successful Bidder in a filing with the Court which shall include a copy of the applicable Modified Purchase Agreement or the Purchase Agreement. Within one

business day after being notified by the Debtors that it has submitted the highest or otherwise best bid, (but in any event prior to the commencement of the Sale Hearing), the Successful Bidder shall (i) complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such deposit equals 10% of the Successful Bid.

11. **Backup Bid**

At the same time the Debtors announce the Successful Bid, the Debtors will also announce the second highest or otherwise best bid submitted (the "**Backup Bid**"). The bidder submitting such Backup Bid shall become the "**Backup Bidder**," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified Purchase Agreement or the Purchase Agreement. The Debtors shall announce the Backup Bidder in a filing with the Court. Within one business day after being notified by the Debtors that it has submitted the second highest or otherwise best bid, the Backup Bidder shall (i) complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Backup Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such deposit equals 10% of the Backup Bid. In the event the Backup Bidder fails to comply with the requirements of this paragraph, it will be deemed to have forfeited its Deposit. The Backup Bidder's Deposit will be returned by the Debtors upon consummation of the Sale of the Assets to the Successful Bidder, but in no event shall the Backup Bidder be required to keep its deposit posted beyond August 1, 2010.

12. **Sale Hearing**

The Successful Bid and the Backup Bid will be subject to approval by entry of an order (the "**Sale Order**") by the Bankruptcy Court after a hearing (the "**Sale Hearing**") that will take place on **July 1, 2010 at 11:00 a.m. (prevailing Eastern Time)**. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court. Upon approval of the Backup Bid by the Bankruptcy Court, the Backup Bid shall remain open and irrevocable until the consummation of the Successful Bid, but in no event shall the Backup Bidder be required to keep its Backup Bid open past August 1, 2010.

Objections, if any, to the Sale Motion (other than objections with respect to cure amounts or adequate assurance of future performance under the Assumed Contracts and Leases, which are subject to the Assignment Procedures) and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Garfunkel Wild, P.C., 111 Great Neck Road, Suite 503, Great Neck, New York 11021 Attn: Robert Andrew Wild, Esq. and Sean P. Leyden, Esq.; (b) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David

Botter, Esq., Stephen Kuhn, Esq. and Kenneth Davis, Esq.; (c) counsel to the Debtors' secured creditors: (i) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Richard S. Kanowitz, Esq.; (ii) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier; and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq.; and (iii) VIII SV 5556 Lender, LLC, c/o Cravath, Swaine & Moore LLP, 825 8th Avenue, New York, New York 10019, Attn: Richard Levin, Esq.; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq.; (e) the Successful Bidder, and (f) the Backup Bidder, so as to be **actually received by 4:00 p.m. (prevailing Eastern Time) on June 18, 2010** (the "**Objection Deadline**"). Objections, if any, with respect to the selection of the Successful Bidder and the Backup Bidder only shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Garfunkel Wild, P.C., 111 Great Neck Road, Suite 503, Great Neck, New York 11021 Attn: Robert Andrew Wild, Esq. and Sean P. Leyden, Esq.; (b) proposed counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Stephen Kuhn, Esq. and Kenneth Davis, Esq.; (c) counsel to Secured Creditors: (i) MedMal Trust Monitor, c/o Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Richard S. Kanowitz, Esq.; and (ii) General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier; and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802 Attn: Randy Rogers, Esq.; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq.; (e) the Successful Bidder, and (f) the Backup Bidder, so as to be **actually received by 10:00 a.m. (prevailing Eastern Time) on June 29, 2010** (the "**Successful Bidder Objection Deadline**").

13. **Consummation of the Sale**

Following the Sale Hearing, if for any reason the Successful Bidder fails to consummate the purchase of the Assets, then the Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. The Debtors and the Backup Bidder are authorized to effect the sale of the Assets to the Backup Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court. If such failure to consummate the purchase is the result of a breach by the Successful Bidder, its Deposit shall be forfeited to the Debtors and the Debtors specifically reserve the right to seek all available damages from the defaulting bidder.

14. **Extension of Deadlines and Modification of Bid Procedures**

The Debtors reserve their rights, in the exercise of their fiduciary obligations, to modify the Bid Procedures in their discretion (after consultation with the

Secured Creditors and the Committee); <u>provided</u>, <u>however</u>, that the Purchaser's consent will be required for any modification that modify the terms on which the Break-Up Fee will be paid or the time during which the Purchaser must remain obligated to consummate the Sale as the Backup Bidder.

        15.    **<u>Jurisdiction</u>**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Assets, the Bidding Procedures, the Sale Hearing, the Successful Bid, the Backup Bid, and/or any other matter that in any way relates to the foregoing.