UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
| In re: | : | Chapter 11 |
| | : | |
| SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK, et al., | : | Case No. 10-11963 (CGM) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | Related Docs. 258, 259, and 344 |
---------------------------------------------------------- x

## ORDER ESTABLISHING PROCEDURES FOR THE
## REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "**Motion**")[1] of Saint Vincents Catholic Medical Centers of New York and certain of its affiliates, as chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**")[2] in the above-referenced chapter 11 cases for an order establishing procedures for the rejection of executory contracts and unexpired leases, all as set forth more fully in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, as set forth in the Motion, and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc.

Debtors and their estates and creditors; and the Court having reviewed the Motion; and upon the record of the hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided for herein.

2. The Debtors are authorized, pursuant to section 365 of the Bankruptcy Code, to reject the agreements (the "Agreements") identified on **Annex 1** attached hereto, effective as of May 12, 2010, to the extent that any of the Agreements is any executory contract.

3. Subject to the Rejection Procedures and the provisions of this Order, the Debtors are hereby authorized but not directed to reject any other executory contracts or unexpired leases without further Court approval.

4. The Rejection Procedures, and the form of notice attached hereto as **Exhibit B** (the "**Rejection Notice**"), are hereby approved. The approved Rejection Procedures are as follows:

   a. The Debtors will file with the Court and serve a notice, substantially in the form of the Rejection Notice via e-mail, facsimile, regular mail, or hand delivery, along with a copy of the order approving the Motion, upon (i) the counterparty to the executory contract or unexpired lease; (ii) counsel to the Creditors' Committee; (iii) counsel to the Debtors' postpetition lenders; (iv) the U.S. Trustee; and (v) any additional parties entitled to notice pursuant to the terms of the rejected executory contract or unexpired lease (collectively, the "**Notice Parties**"). The Rejection Notice will (w) advise the Notice Parties of the Debtors' intent to reject the executory contract or unexpired lease identified in the Rejection Notice; (x) identify the executory contract or unexpired lease subject to such rejection, including the name and address of the landlord, subtenant, or non-Debtor party to the

executory contract or unexpired lease; (y) in the case of a non-residential real property lease, contain a disclosure regarding personal property, if any, remaining at the subject property; and (z) notify the Notice Parties of the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

b. The Notice Parties shall have seven (7) calendar days, unless extended by the Debtors from the date of the Rejection Notice to file with the Court and serve on the Debtors' counsel and the other Notice Parties an objection, if any, to the Rejection Notice (the "**Rejection Notice Period**").

c. In the event no objection to a Rejection Notice is filed and served on the Notice Parties, or if such objection is overruled or withdrawn, or if the objection relates only to rejection damages, (i) the Debtors shall be authorized to reject the executory contract or unexpired lease, effective as of the date of filing of the Rejection Notice (the "**Rejection Notice Date**") without further notice, hearing, or order of the Court; and (ii) the order approving the Rejection Procedures, as it pertains to such Rejection Notice, shall automatically become final as of the Rejection Notice Date.

d. If an objection is filed and served on the Notice Parties within the applicable Rejection Notice Period, and the Debtors (with the consent of the Creditors Committee) and the objecting party are unable to reach a consensual resolution of the objection, the Debtors will schedule a hearing to consider the Rejection Notice pursuant to this Motion on the next scheduled omnibus hearing date. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the rejection of such executory contract or unexpired lease shall be deemed to have occurred on the Rejection Notice Date in accordance with subparagraph (c) above. For the avoidance of doubt, the Debtors will not settle an objection to a Rejection Notice without the consent of the Creditors Committee.

e. With respect to unexpired non-residential real property leases that the Debtors intend to reject, the Debtors shall return the keys to the subject property to the landlord or such other party as may be appropriate along with a written confirmation of the same (the "**Lease Surrender Notice**"), thereby unequivocally surrendering possession of the premises to the landlord or such other party on or before the date on which the Rejection Notice is filed and served. Upon the effective date of any such rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-Debtor party to the

lease to allow such party to obtain possession of the property that is the subject matter of the lease. A copy of the Lease Surrender Notice shall be served on the Notice Parties.

f. **Abandonment Procedures**. With respect to any personal property (the "**Personal Property**") of the Debtors located at any leased premises that is the subject of a Lease Surrender Notice or Rejection Notice, the Debtors shall remove such Personal Property prior to the expiration of the Rejection Notice Period. If the Debtors determine (with the consent of the Creditors Committee) that the value of the Personal Property at a particular location is *de minimis* or the costs of removing the Personal Property exceed the value of such property, the Debtors shall include a general description of the personal property that shall remain at the subject property in the Rejection Notice that is served on the Notice Parties. Absent an objection filed pursuant to subparagraph (c) above, such personal property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying expired lease

g. With respect to executory contracts that are not non-residential real property leases, the Debtors will turn over control of the personal property, if any, to the non-Debtor party (the "**Contract Surrender Notice**"), thereby unequivocally surrendering possession of the subject assets to the non-Debtor party to the executory contract at the location set forth in the Rejection Notice on or before the date on which the Rejection Notice is filed and served (the "**Contract Surrender Date**"). Upon the effective date of such a rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-Debtor party to the Agreement to allow such party to take possession of the subject matter of the executory contract. Simultaneously with taking possession of the personal property, the non-Debtor party to the rejected executory contract shall provide to Debtors' counsel a written acknowledgment (the "**Acknowledgment**") of surrender of the property, including an itemized description of the property surrendered. Any party that fails to provide an Acknowledgment as required herein shall forever be barred from asserting a claim against the Debtors arising out of the rejection of the Agreement. Except as otherwise provided herein, the provisions of section 362 of the Bankruptcy Code shall remain in full force and effect and shall not be deemed modified or waived in any manner. A copy of the Agreement Surrender Notice shall be served on the Notice Parties.

h.  If the Debtors have deposited monies with a non-Debtor party to an executory contract or unexpired lease as a security deposit or other arrangement, such non-Debtor party shall be prohibited from offsetting or otherwise using such deposit without the prior authority of the Court.

i.  Any non-Debtor party to a rejected executory contract or unexpired lease shall file and serve a proof of claim for damages arising from the rejection by the later of (i) 30 days after the Rejection Notice Date and (ii) the general claims bar date that will be established by this Court for the filing of prepetition general unsecured claims. Any claims not timely filed shall be forever barred.

j.  The Debtors and other parties in interest reserve their rights to challenge any unexpired lease or executory contract on any grounds they deem appropriate, and to assert against counterparties to unexpired leases or executory contracts any claims, counter-claims or defenses to a claim(s) by the non-Debtor party against the Debtors, including, without limitation, preference actions.

5.  These Rejection Procedures shall not apply to the rejection or modification of any collective bargaining agreement, or any agreement entered into related to any collective bargaining agreement.

6.  Except as otherwise provided herein, the provisions of section 362 of the Bankruptcy Code shall remain in full force and effect and shall not be deemed modified or waived in any manner.

7.  This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: New York, New York
       May 27, 2010

                                             /s/ Cecelia Morris
                                             THE HONORABLE CECELIA G. MORRIS
                                             UNITED STATES BANKRUPTCY JUDGE

# ANNEX 1

## Rejected Contracts

| Executory Contracts |||
| --- | --- | --- |
| **Contract** | **Counterparty to Contract** | **Description of Services Provided** |
| Master Services Agreement dated September 3, 2008 and all Order Schedules/addenda thereto | MedeFinance, Inc.<br>5858 Horton Street<br>Suite 475<br>Emeryville, CA 94608 | Healthcare business solutions, analytics software platform and ongoing support |
| Agreement dated April 26, 1999 | RTech Healthcare Revenue Technologies, Inc.<br>45 Grove Road<br>Bedford, NY 10506 | Improvements to financial services and billing processes |
| Agreement dated March 2, 2000 (countersigned by SVCMC November 13, 2001) | Group J<br>380 North Broadway, Suite 400<br>Jericho, NY 11753 | Cost outlier recovery services |
| Guaranty of lease dated December, 2008 and any and all riders thereto (Tenant of lease: Dr. George Mussalli, with SVCMC as Guarantor) | The John Adams Owners, Inc.<br>c/o Halstead Management<br>770 Lexington Avenue<br>New York, NY 10065 | Guaranty of lease of physician office space |

**EXHIBIT B**

**Rejection Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re: : Chapter 11
 :
SAINT VINCENTS CATHOLIC MEDICAL : Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al., :
 :
 Debtors. : Jointly Administered
------------------------------------------------------------ x

# NOTICE OF REJECTION OF UNEXPIRED
# LEASE OR EXECUTORY CONTRACT

**PLEASE TAKE NOTICE** that on April 14, 2010 (the "**Petition Date**"), Saint Vincents Catholic Medical Centers of New York ("**SVCMC**") and certain of its affiliates (collectively, the "**Debtors**")[1] commenced their chapter 11 proceedings by filing their respective petitions in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that on May __, 2010 the Bankruptcy Court entered an order on the motion of the Debtors for the entry of an order (i) authorizing the rejection of certain executory contracts and (ii) establishing procedures for the rejection of executory contracts and unexpired leases and the abandonment of certain assets related thereto (the "**Order**"). A copy of the Order is attached.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby provide this "Notice of Rejection of Unexpired Lease or Executory Contract" (the "**Notice**") of their intent to reject the contract(s) or lease(s) set forth on the Annex hereto. Pursuant to the terms of the Order, the rejection of the contract(s) or lease(s) shall become effective as of the date of this letter (the "**Rejection Date**") without further Court order unless an objection thereto and request for hearing is sent so as to be **received** by the Debtors' undersigned counsel within seven (7) calendar days of the Rejection Date (the "**Rejection Notice Period**"). Copies of the objection should also be served on the following parties: (i) counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: David H. Botter, Esq.; (ii) counsel to the agent of Debtors' postpetition lenders, Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166-4193, Attn: David Neier, Esq., and 101 California Street, San Francisco, CA 94111, Attn: Randy Rogers, Esq.; (iii) the Office of United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc.

10004, <u>Attn</u>: Serene Nakano, Esq.; and (iv) any additional parties entitled to notice pursuant to the terms of the rejected executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE** that in the event that a proper and timely objection is served, and the Debtors and the objecting party are not able to reach a consensual resolution of the objection, the Debtors shall schedule a hearing on the objection with this Court and provide notice of the hearing to the objecting party and other parties in interest. In the event that this Court overrules the objection or the objection relates only to rejection damages, such executory contract or unexpired lease shall still be deemed rejected as of the Rejection Date.

**[IF A LEASE]: PLEASE TAKE FURTHER NOTICE** that the Debtors shall return the keys to the subject property to the landlord or such other party as may be appropriate with written confirmation of the same (the "**Lease Surrender Notice**"), thereby unequivocally surrendering possession of the premises to the landlord or such other party on or before the date this notice Notice is filed and served. Upon the effective date of any such rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-Debtor party to the lease to allow such party to obtain possession of the property that is the subject matter of the lease. A copy of the Lease Surrender Notice shall be served on you under separate cover.

**[IF A LEASE]: PLEASE TAKE FURTHER NOTICE** that the Debtors shall remove all of its personal property located on the premises prior to the expiration of the Rejection Notice Period. **[If abandoning property]**: The Debtors have determined, with consent of the Creditors' Committee, that the value of the following personal property at the lease location is *de minimis* or the costs of removing the personal property exceed the value of such property.: [Property description] Absent an objection such personal property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, where is, effective as of the date of the rejection of the underlying expired lease.

**[IF AN EXECUTORY CONTRACT AND PROPERTY TO IS BE SURRENDERED]: PLEASE TAKE FURTHER NOTICE THAT** the Debtors will turn over control of the personal property, if any, subject to your consent and with written confirmation of the same (the "**Property Surrender Notice**"), thereby unequivocally surrendering possession of the subject assets to you at the location set forth below on or before the date on which this Notice is filed and served (the "**Property Surrender Date**"). Upon the effective date of this rejection, limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code shall be granted to the non-Debtor party to the Agreement to allow you to repossess the subject matter of the executory contract and dispose of such property in a commercially reasonable manner. Simultaneously with the repossession of the personal property, you shall provide to the Debtors' counsel a written acknowledgment (the "**Ackowledgment**") of surrender of the property, including an itemized description of the property surrendered. Any party that fails to provide an Acknowledgment as required herein shall forever be barred from asserting a claim against the Debtors arising out of the rejection of the Agreement.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a landlord pursuant to a security deposit or otherwise, the

landlord holding such monies may not set-off or recoup or otherwise use such monies without prior approval of the Court (unless otherwise consented to in writing by the Debtors).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, should you have a claim for any damages as a result of the Debtors' rejection of the above-referenced contract or lease, [or the abandonment of the above-described personal property,] you must submit a proof of claim to Saint Vincents Catholic Medical Centers of New York (2010) Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4834, New York, NY 10163-4834, on or before the later of (i) 30 days after the date of this Notice and (ii) the general claims bar date that will be established by this Court for the filing of prepetition general unsecured claims. Any claims not timely filed shall be forever barred.

## Annex 2

## Form of Summary of Rejected Contracts and Leases

**ALL OF THE FOLLOWING CONTRACTS OR LEASES ARE REJECTED TOGETHER WITH ALL ANCILLARY AND COLLATERAL DOCUMENTS, AMENDMENTS, EXHIBITS, MODIFICATIONS, REVISIONS, SUPPLEMENTS, RIDERS, ATTACHMENTS, SCHEDULES, SIDE LETTERS AND THE LIKE**

| Title of Contract/Lease or Other Identification | Effective Date of Contract/Lease (if known) | Effective Date of Rejection | Non-Debtor to Contract/Lease and Noticing Address(es) | Description of Contract/Lease |
|---|---|---|---|---|
|  |  |  |  |  |

KL2 2652692.2