UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
In re:                                                     :    Chapter 11
                                                           :
SAINT VINCENTS CATHOLIC MEDICAL                            :    Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                               :
                                                           :
                          Debtors.                         :    Jointly Administered
                                                           :    Related to Docket No. 390
-----------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (I) ENTER INTO NEW REAL PROPERTY LEASE AGREEMENTS FOR CLINICS LOCATED AT THE O'TOOLE BUILDING; (II) ESTABLISH NOTICE PROCEDURES RELATED TO THE ENTRY OF ADDITIONAL REAL PROPERTY LEASES; (III) APPROVE NEW LEASES WITH MOUNT SINAI AND ST. LUKE'S- ROOSEVELT *NUNC PRO TUNC* TO MAY 28, 2010; (IV) SELL CERTAIN DE MINIMIS ASSETS RELATED TO THE DEBTOR'S HIV CLINIC, AND (V) ENTER INTO CERTAIN MEDICAL RECORDS CUSTODY AGREEMENTS RELATED TO THE DEBTORS' CLINICS**

Upon the Motion (the "**Motion**")[1] of Saint Vincents Catholic Medical Centers of New York ("**SVCMC**") and certain of its affiliates, as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**")[2] in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to (i) enter into new non-residential real property lease agreements with qualified new sponsors of the clinics located at the Debtors' building at 26 West Seventh Avenue, New York, New York (the "**O'Toole Building**"); (ii) establish notice

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

[2] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) and SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

1

procedures for entry of new lease agreements related therewith without further Court approval; (iii) enter into new lease agreements with The Mount Sinai Hospital ("**Mount Sinai***"*) and The St. Luke's-Roosevelt Hospital Center ("**SLR**") *nunc pro tunc* to May 28, 2010; (iv) sell certain *de minimis* assets related to the pharmacy at HIV Clinic to SLR free and clear of all liens, claims and encumbrances; and (v) enter into certain patient, research and prescription records custody agreements with Mount Sinai and SLR in connection with the Debtors' Clinics; and the Court having subject matter jurisdiction to consider the Motion and the relief request therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Case Management Order to the parties identified on the General Service List and the Special Service List; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion; and upon the record of the hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Debtors have articulated good, sufficient, and sound business reasons for consummating the Lease Agreements and the Custody Agreements and all of the transactions contemplated thereby.

3. The Debtors are authorized to enter into lease agreements substantially in the form of the Form Lease Agreements pursuant to section 363(b) of the Bankruptcy Code in accordance with the process described in the Motion and the Notice Procedures.

4. The Debtors are authorized to enter into and consummate the Mount Sinai Lease Agreement pursuant to section 363(b) of the Bankruptcy Code.

5. The Debtors are authorized to enter into and consummate the SLR Lease Agreement pursuant to section 363(b) of the Bankruptcy Code.

6. The Debtors are authorized to enter into the Medical Records Custody Agreements with Mount Sinai and SLR and have, to the extent necessary, satisfied the requirements of section 363(b)(1).

7. The Debtors are authorized to enter into the Research Records Custody Agreements with Mount Sinai and SLR and have, to the extent necessary, satisfied the requirements of section 363(b)(1).

8. The Debtors are authorized to enter into the Pharmacy Records Custody Agreement with SLR and have, to the extent necessary, satisfied the requirement of section 363(b)(1).

9. The Debtors have articulated good, sufficient, and sound business reasons to consummate and are authorized to sell the Pharmacy Assets to SLR pursuant to section 363(f) of the Bankruptcy Code. The transfers of the Pharmacy Assets to SLR will be a legal, valid, and effective transfer of the Pharmacy Assets, and will vest SLR with all right, title, and interest of

the Debtors in and to the Pharmacy Assets free and clear of all liens, claims, interests, obligations, rights and encumbrances.

10. There Debtors are authorized to consummate the sale of the Pharmacy Assets by entering into a Bill of Sale substantially in the form attached to the Motion as **Exhibit E**.

11. The following Notice Procedures are approved in all respects and are good, sufficient, and appropriate under the particular circumstances:

    (a) The Debtors will serve notice of its intention to enter into a lease agreement (the "**Lease Agreement Notice**"), substantially in the form attached to the Motion as **Exhibit F**, by facsimile, overnight delivery or hand delivery on the following parties: (a) the U.S. Trustee; (b) counsel for the Debtors' postpetition DIP lenders; and (c) counsel to the Creditors' Committee (collectively, the "**Interested Parties**"). The Lease Agreement Notice shall attach a blacklined copy of the proposed lease agreement, which shall be substantially similar to the Form Lease Agreement and shall show the changes to the Form Lease Agreement.

    (b) Interested Parties shall have **seven** days from service of the Lease Agreement Notice (the "**Objection Period**") to serve any objections to the entry into a lease agreement (an "**Objection**"). Any Objection must (i) be in writing (which writing may be delivered electronically), (ii) state with specificity the grounds for the Objection, and (iii) be served upon the counsel to the Debtors and the Interested Parties, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the final day of the Objection Period. Upon request of an Interested Party, but subject to any exigencies of the transfer of the clinical services, the Debtors will agree to a reasonable adjournment of the deadline for one or more Interested Parties to serve an Objection and to attempt to resolve any Objections.

    (c) The Lease Agreement Notice will include the following information: (i) a description of the leased space and the clinic operated therein; (ii) the identity of the lease counterparty; (iii) a description of any material economic terms or conditions that materially deviate from the terms and conditions of the Form Lease Agreement; and (iv) instructions regarding the procedures to assert an Objection. If no Objection is filed and served consistent with

these procedures, the Debtors may enter into the noticed Lease Agreement. No further notice or Court approval shall be required.

(d) If an Interested Party files and serves an Objection by the Objection Deadline, the Debtors and such objecting party will use good faith efforts to resolve the Objection consensually. If the Debtors and the objecting party are unable to resolve the Objection consensually, the Debtors will not enter into the proposed lease agreement without first obtaining Court approval, upon notice and a hearing to be scheduled by the Debtors at their sole discretion on no less than five days notice to the Interested Parties.

(e) The Debtors may enter into a lease agreement substantially in the form of the Form Lease Agreement prior to expiration of the applicable Objection Period if the Debtors first obtain the written consent of each Interested Party (which writing may be delivered electronically).

12. Notice of the Motion as provided for therein shall be deemed good and sufficient notice and the requirements of Bankruptcy Rule 4001(d) are waived.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry pursuant to Bankruptcy Rule 6004(h).

14. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the transactions contemplated by the Motion.

Dated: New York, New York
      June 11, 2010

      /s/ Cecelia Morris
      THE HONORABLE CECELIA G. MORRIS
      UNITED STATES BANKRUPTCY JUDGE