KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
In re: : Chapter 11
:
SAINT VINCENTS CATHOLIC MEDICAL : Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al., :
:
Debtors. : Jointly Administered
:
------------------------------------------------------------ X

### NOTICE OF MOTION OF THE DEBTORS' PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCE THEREOF

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. A hearing to consider the Debtors' Motion Pursuant to Section 1121(d) of the Bankruptcy Code to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptance Thereof (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), shall be held before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 16, 2010 at 11:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

2. Objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and served so as to be actually received by (a) the Debtors, Saint Vincents Catholic Medical Centers of New York, 450 W. 33rd Street, New York, New York 10001, Attn: Jennifer Coffey; (b) Debtors' counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam C. Rogoff, Esq. and Gregory G. Plotko, Esq.; (c) counsel for the Committee, c/o Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Stephen Kuhn, Esq. and Sarah Link Schultz, Esq.; (d) counsel to Senior Secured Creditors, General Electric Capital Corporation, as Agent for itself and TD Bank, N.A., c/o Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10166-4193, Attn: David Neier; and Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802, Attn: Randy Rogers, Esq.; and (e) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene Nakano, Esq., no later than **August 25, 2010 by 4:00 p.m. (prevailing Eastern Time).**

Dated: New York, New York
August 12, 2010

                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                        /s/ Adam C. Rogoff
                        Kenneth H. Eckstein
                        Adam C. Rogoff
                        P. Bradley O'Neill
                        1177 Avenue of the Americas
                        New York, New York 10036
                        Telephone: (212) 715-9100
                        *Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                                            :
In re:                                                      :    Chapter 11
                                                            :
SAINT VINCENTS CATHOLIC MEDICAL                             :    Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                                :
                                                            :
                                        Debtors.            :    Jointly Administered
                                                            :
----------------------------------------------------------- X

# DEBTORS' MOTION PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCE THEREOF

TO THE HONORABLE CECELIA G. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

Saint Vincents Catholic Medical Centers of New York ("**SVCMC**") and certain of its affiliates, as chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Medical Centers**" or the "**Debtors**")[1] in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (the "**Motion**") pursuant to sections 1121(d) of title 11

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

of the United States Code (the "**Bankruptcy Code**") for an order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Debtors' exclusive period within which to file a chapter 11 plan time for an additional 120 days through and including December 10, 2010 and (ii) the Debtors' exclusive period to solicit acceptances with respect thereto for an additional 120 days through and including February 8, 2011. In support of the Motion, the Debtors respectfully represent as follows:

**Background**

3. On April 14, 2010 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only.

4. The Debtors are operating their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On April 21, 2010, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed (i) an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**"), (ii) Alan Chapell as consumer privacy ombudsman pursuant to section 332 of the Bankruptcy Code (the **"Consumer Privacy Ombudsman"**), and (iii) Daniel T. McMurray as patient care ombudsman pursuant to section 333 of the Bankruptcy Code (the **"Patient Care Ombudsman"**).

**Jurisdiction**

6. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are sections 105(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rules 6004 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Relief Requested

9. The Debtors have made substantial progress advancing these Chapter 11 Cases. Since the inception of the cases, the Debtors have closed their Manhattan Hospital and worked to facilitate an orderly wind-down of the Hospital's inpatient and outpatient services and related clinical operations. Simultaneously, the Debtors, along with their professionals, have been actively marketing their non-Hospital businesses, including the home health agencies and nursing homes, to third-parties who will continue to operate these services as going concerns and provide important health care services to the communities the Debtors serve. To date, the Debtors' priority has been stabilizing and transferring their health care services to ensure that patient care remains at the high quality historically provided by the Debtors.

10. This is the Debtors' first request of an extension of (i) the exclusive period to file a chapter 11 plan (the "**Exclusive Plan Period**"), currently set to expire on August 12, 2010; and (ii) the exclusive right to solicit acceptance for such a plan (the "**Exclusive Solicitation Period**" and, together with the Plan Period, the "**Exclusive Periods**"), currently set to expire 60 days after the Exclusive Plan Period (i.e., October 12, 2010[2]). The Debtors request an extension of the Exclusive Periods by 120 days (i.e., an extension of the Exclusive Plan Period to December 10, 2010, and the Exclusive Solicitation Period to February 8, 2011). The Debtors submit that this extension is reasonable under the circumstances.

---

[2] Sixty days from August 12, 2010 is October 11, 2010, which is Columbus Day. Thus, the Exclusive Solicitation Period would terminate the next business day, October 12, 2010.

## Basis for Relief Requested

11. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan. See 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the 120-day Exclusive Plan Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed. See id. § 1121(c)(3). The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties.

12. Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause. See id. § 1121(d). Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. REP. NO. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

13. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (stating that the decision to extend or terminate exclusivity is within the discretion of the bankruptcy court, and is fact-specific); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying

the factors used by courts to determine whether cause exists to extend exclusivity); In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

> (a) the size and complexity of the debtor's case;
>
> (b) the existence of good-faith progress towards reorganization;
>
> (c) a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands;"
>
> (d) the existence of an unresolved contingency; and
>
> (e) the fact that the debtor is paying its bills as they come due.

See, e.g., In re Serv. Merch. Co., 256 B.R. 744, 751-54 (Bankr. M.D. Tenn. 2000); (citations omitted); accord In re Express One Int'l, Inc., 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor had shown "cause" to extend its exclusivity period based upon certain of the above-quoted factors).

14. An application of the aforementioned standards to the facts of these Chapter 11 Cases demonstrates sufficient "cause" to grant the Debtors' requested extension of the Exclusive Periods so that they may have a full and fair opportunity to propose a plan and solicit acceptances thereon.

15. The Chapter 11 Cases are complex, involving thousands of patients and employees, and numerous non-Hospital businesses that are being marketed in multiple, independent transactions as going concern sales to various third parties. The Debtors' health care services generally, and various sale transactions specifically, are subject to regulatory approvals, further complicating these Chapter 11 Cases. As noted, to date, the Debtors' priority

has been, and remains, maintaining high-quality patient care while navigating the bankruptcy process. These actions are in addition to the substantial time devoted by the debtors in possession to the efficient and orderly administration of their cases. Courts in this district have routinely extended the Exclusive Periods in cases of similar complexity. See In re Mesa Air Group, Inc., Case No. 10-10018 (MG) (Bankr. S.D.N.Y. Apr. 15, 2010) (exclusivity initially extended for 120 days); In re FairPoint Commc'ns Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Mar. 22, 2010) (exclusivity initially extended for 180 days); In re Finlay Enters., Inc., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Dec, 17, 2009) (exclusivity initially extended for 120 days); In re Lear Corp., Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. Nov. 16, 2009) (exclusivity initially extended for 88 days); In re Value City Holdings, Inc., Case No. 08-14197 (JMP) (Bankr. S.D.N.Y. Feb. 19, 2009) (exclusivity initially extended for 120 days); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. Aug. 5, 2008) (exclusivity initially extended for 180 days); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. June 28, 2006) (exclusivity initially extended for six months); In re Calpine Corp., 05-60200 (BRL) (Bankr. S.D.N.Y. Apr. 11, 2006) (exclusivity initially extended by 255 days).

16. In addition to attending to the day-to-day operation of their businesses and the extraordinary transition to control as a debtor in possession – each a complex and time-consuming task in its own right – the Debtors have made significant headway in these Chapter 11 Cases. Notably, the Debtors have achieved considerable progress in the marketing and sale of their non-Hospital businesses. Following an auction held on June 28, 2010, for example, the sale of the Debtors' Staff House asset for approximately $67 million was approved by this Court by order dated July 2, 2010 [docket no. 568]. Auctions for the sale of the Debtors' Certified Home

Health Agency ("CHHA") and Long-Term Home Health Care ("LTHHCP") businesses were also held on August 9 and August 10, 2010, respectively. The prevailing bid at the CHHA auction was in excess of $17 million, and the prevailing bid at the LTHHCP auction was excess of $30 million. Hearings to approve the CHHA and LTHHCP sales are scheduled for August 19, 2010. The Debtors have also submitted motions seeking approval of bidding procedures for the auctions of their Bishop Mugavero and Holy Family Home nursing home assets [docket nos. 693, 694]. A hearing on these motions is also scheduled for August 19, 2010. In short, material progress has been made on the transfer of health care services and other assets.

17. Although the Debtors have made substantial progress, there remain numerous issues that require the extension of the Exclusive Periods. There are several other important health care services that the Debtors continue to operate for the benefit of the patients and creditors. The Debtors are also responding to information requests from the creditor constituencies, and negotiating with numerous creditors regarding business operations. Despite spending time on the above, as well as other, more routine (but nonetheless time-consuming) aspects present in any chapter 11 case, the Debtors require an extension of the Exclusive Periods to further develop their strategy for an exit from these Chapter 11 Cases.

18. An extension of the Exclusive Periods will not prejudice any party in interest in these Chapter 11 Cases because the Debtors are continuing to meet their undisputed postpetition obligations as they come due.

19. Accordingly, the Debtors request that the Court extend the Exclusive Periods as provided herein.

**Notice**

20. The Debtors have served notice of this Motion on (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Creditors'

Committee; (c) counsel to the agent for the Senior Secured Lenders; and (d) those parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

21. No motion for the relief requested herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order extending the Exclusive Plan Period to December 10, 2010 and the Exclusive Solicitation Period to February 8, 2011, and such other and further relief as it deems just and proper.

Dated: New York, New York
August 12, 2010

KRAMER LEVIN NAFTALIS & FRANKEL LLP

 /s/  Adam C. Rogoff
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
In re: : Chapter 11
:
SAINT VINCENTS CATHOLIC MEDICAL : Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al., :
:
Debtors. : Jointly Administered
:
------------------------------------------------------------X

# ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCE THEREOF

Upon the motion (the "**Motion**")³ filed by the debtors and debtors in possession in the above captioned cases (collectively, the "**Debtors**"), pursuant to section 1121(d)(4) of title 11 of the United States Code (the "**Bankruptcy Code**"), to extend the exclusive periods for the filing of a chapter 11 plan and solicitation of acceptance thereof, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish

---

³ Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each of the Debtor's Exclusive Plan Period is extended through and including December 10, 2010; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each of the Debtor's Exclusive Solicitation Period is extended through and including February 8, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to such future requests for further extensions by the Debtors that may be made pursuant to section 1121(d) of the Bankruptcy Code.

Dated: New York, New York
_____, 2010

_____
THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE