UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                          Chapter 11

BISHOP FRANCIS G. MUGAVERO CENTER,                              Case No. 10-11963 (CGM)
FOR GERIATRIC CARE

TAX ID #: 11-3097213                                            Jointly Administered

                                    Debtor.

------------------------------------------------------------x



## NOTICE OF MOTION FOR ORDER MODIFYING THE AUTOMATIC STAY AND ORDER EXTENDING THE TIME OF FILE PROOF OF CLAIM FOR FAILURE TO GIVE NOTICE OF BAR DATE DEADLINE

**ANNETTE LIVINGSTON**, by her attorneys **GENTILE & ASSOCIATES**, has filed papers with the court to modify the automatic stay and to extend the Bar Date for filing proof of claim.

If you do not want the court to modify the automatic stay and also to extend the Bar Date for filing proof of claim, or if you want the court to consider your views on the motion to modify the automatic stay and also to extend the Bar Date for filing proof of claim, then on or before November 30, 2010 you or your attorney must file with the court a written request for hearing, or a written response explaining your position at:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
355 Main Street
Poughkeepsie, NY 12601-3315

If you mail your request/response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

Laura Gentile
Gentile & Associates
233 Fifth Avenue, Fourth Floor
New York, NY 10016
Attorneys for Annette Livingston

Adam C. Rogoff
1177 Avenue of the America's
New York, NY 10036
Counsel for Debtors

Shaub, Ahmuty, Citrin, & Spratt LLP
1983 Marcus Avenue
Lake Success, NY 11042-1056
Attorneys for Bishop Mugavero Center for Geriatric Care

    Attend the hearing Scheduled to be held on November 30, at 11:00 a.m. at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004.

    If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

New York, New York
October 26, 2010

Laura Gentile
Gentile & Associates
Attorneys for Annette Livingston
233 Fifth Avenue, Suite 4A
New York, NY 10016

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

BISHOP FRANCIS G. MUGAVERO CENTER,
FOR GERIATRIC CARE

Debtor.

Chapter 11

Case No. 10-11963 (CGM)

Jointly Administered

-----------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF MOTION FOR EXTENDED BAR DATE FOR PROOF OF CLAIM

LAURA GENTILE, an attorney admitted to practice law in the Courts of the State of New York affirms the truth of the following under penalty of perjury:

### JURISDICTION

This court has jurisdiction to decide this contested matter under 28 U.S.C. §1334(a) and §157(a). This is a core proceeding under 28 U.S.C. §157(b)(2).

### BACKGROUND

On April 14, 2010, the debtors commenced a voluntary petition seeking bankruptcy protection under chapter 11 of the Bankruptcy Code (11 U.S.C. 101 et seq) in the United States Bankruptcy Court for the Southern District of New York. The bankruptcy case has been assigned docket number 10-11965 for debtor Bishop Francis G. Mugavero Center for Geriatric Care, Inc. (GCM).

By order dated August 26, 2010, this court established October 12, 2010 as the deadline (the "Bar Date") for filings proofs of claim on debts and liabilities asserted against the Debtors that arose prior to the commencement date.

This action was commenced by the filing of the Summons and Complaint on Septmber 17, 2010 (Summons and Complaint attached hereto as "Exhibit A"). On

October 13, 2010 counsel for creditor received a "Notice of Bankruptcy" (attached hereto as "Exhibit B") from counsel for debtor **after** the deadline for filing proof of claim had expired. Debtor did not give notice of the deadline to file proof of claim at any time before October 13, 2010, nor did debtor inform creditor of the existence of a deadline date for filing proof of claim. Creditor requests, that the court in its discretion, allow the filing of a proof of claim after the deadline date, because of debtor's failure to provide adequate notice to creditor as required by Due Process.

## DISCUSSION

A creditor that does not receive adequate notice of a bar date order is not subject to the general rule that late-filed claims should be barred as disruptive to an orderly discharge. In re Unroe, 937 F.2d 346, 351 (7th Circuit 1991); In re Envirodyne Insus., Inc., 206 B.R. 468, 472 (Bankr.N.D.Ill.1997). In the context of a Chapter 11 proceeding, this means that the late-filed claim of creditor receiving less than the twenty-one days' notice required by the rule will not be disallowed on account of its tardiness. Fed. R. Bankr.P.2002(a)(7) ("The clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of… the time fixed for filing proofs of claim pursuant to Rule 3003(c)…" (which latter rule governs proofs of claim in Chapter 11 cases)). This rule ensures that creditors receive constitutionally adequate Due Process notice. In re Smith, 582 F.3d. 767, 779 (7th Circuit 2009). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mulane v. Cent. Hanover Bank & Trust Co.,

2

339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950). As explained by a panel of the Seventh Circuit Court of Appeals:

> *The Notice must not only reasonably convey the required information, but it must also "afford a reasonable time for those interested to make their appearance." A key function of the notice provided to a creditor in a bankruptcy proceeding is to give the creditor the opportunity to file a proof of claim and, where the debt is potentially non-dischargeable, to request a determination of non-dischargability.*

Smith, 582 F. 3d at 779 (quoting Mullane, 339 U.S. at 314, 70 S.Ct 652).

A party may be permitted to file a late proof of claim and have it deemed timely filed. Bankruptcy Rule 9006(b)(1), provides in pertinent part: "[W]hen an act is required or allowed to be done at or within a specified period... by order of the court, the court for cause shown may at any time in its discretion... permit the act to be done where the failure to act was the result of excusable neglect."

A claimant may file late proofs of claim if that claimant establishes "excusable neglect." Fed R. Bankr.P. 9006(b); Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993). Four factors are relevant to whether a claimant has demonstrated excusable neglect: " '[1] the danger of prejudice to debtor, [2] the length of delay and it's potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith' " In re Kmart Corp., 381 F.3d 709, 713 (7th Circuit 2004) (quoting Pioneer, 507 U.S. at 395, 113 S.Ct. 1489).

Here, debtor was aware of this action, was which commenced by the filing of the Summons and Complaint on September 17, 2010 (Summons and Complaint attached

3

hereto as "Exhibit A"), limiting any potential prejudice to the debtor and potential impact on judicial proceedings of the Chapter 11 proceeding. Further, the creditor (movant) herein was in no way responsible or in control of the reason for the delay by creditor in giving notice of the Chapter 11 proceedings and the "bar date" established by the Court.

Finally, the movant (creditor) herein, acted in good faith and without delay, by informing the bankruptcy agency responsible for Debtor's Bankruptcy claims in writing and via telephone on October 13, 2010, the same day the late notice was received that creditor wished to assert a Proof of Claim for their medical malpractice action (attached hereto as "Exhibit D"). Creditor made immediate and diligent efforts to assert Proof of Claim as soon as notice of the possible deadline was received from Debtor.

## CONCLUSION

Therefore, where creditor did not receive any actual notice of the claims bar date for the aforementioned debtor affiliate, nor a reasonable opportunity to appear and assert its rights, movant should be allowed to file a proof of claim beyond the deadline "Bar Date" that was set by order of the Bankruptcy Court. A copy of the proposed Order is attached hereto as "Exhibit E".

Dated: October 26, 2010
New York, New York

Laura Gentile
Gentile & Associates
Attorneys for Creditor Annette Livingston
233 Fifth Avenue, Suite 4A
New York, New York 10016

4