UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                            Chapter 11
                                                                          Case No. 10-11963 (CGM)

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK, et al.,
                          Debtors.

## NEW YORK STATE DEPARTMENT OF LABOR'S
## REPLY MEMORANDUM OF LAW IN OPPOSITION TO
## DEBTORS' OBJECTION TO ITS PROOF OF CLAIM

                                                       ERIC T. SCHNEIDERMAN
                                                       ATTORNEY GENERAL OF THE
                                                         STATE OF NEW YORK
                                                       By:

| | |
|---|---|
| PATRICIA KAKALEC | SETH KUPFERBERG |
| Chief of Labor Bureau | Assistant Attorney General |
| | 120 Broadway |
| SETH KUPFERBERG | New York, NY 10271 |
| Chief of General Labor Section | (212) 416-8856 |
| | Attorney for New York State |
| | Department of Labor |

# TABLE OF CONTENTS

|   | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| I. AN ADMINISTRATIVE PROCEEDING TO ENFORCE THE NEW YORK WARN ACT FALLS WITHIN THE § 362(b)(4) EXCEPTION TO THE BANKRUPTCY STAY | 1 |
| II. BANKRUPTCY CODE § 105 IS NOT A BASIS TO SUSTAIN THE OBJECTION | 7 |
| III. FILING A CLAIM DOES NOT WAIVE THE POWER TO LIQUIDATE THE CLAIM ADMINISTRATIVELY | 9 |
| IV. THE DEBTORS' REMAINING ARGUMENTS SHOULD BE ADDRESSED TO THE COMMISSIONER | 10 |
| CONCLUSION | 10 |

# TABLE OF CASES

Page

*Bd. of Governors v. MCorp Financial, Inc.*, 502 U.S. 32 (1991) ............................................... 8-9

*Chao v. Hosp. Staffing Services, Inc.*, 970 F.3d 374 (6th Cir. 2001) ............................................... 4-5

*In re Chateaugay Corp.*, 115 B.R. 28 (Bkrtcy. S.D.N.Y. 1988) ............................................... 2, 4

*Eddleman v. United States Dep't of Labor*, 923 F.2d 782 (10th Cir. 1991) ............................................... 7

*EEOC v. Rath Packing Co.*, 787 F.2d 318 (8th Cir. 1986) ............................................... 4

*In re Fiber Optek Interconnect Corp.*, 2009 WL 3074605 (Bkrtcy. S.D.N.Y., Sept. 23, 2009), aff'd, U.S. Dist. Ct., S.D.N.Y. # 09-cv-8827-CS (S.D.N.Y., Sept. 28, 2010) ............................................... 2, 3, 4, 7

*Gazes v. New York State Dep't of Labor (In re Fortunoff Holdings, LLC)*, U.S. Bankruptcy Ct., S.D.N.Y. Adv. Proc. # 10-3339 (Bkrtcy. S.D.N.Y., Jan. 24, 2011) ............................................... 2, 4, 7

*In re Go West Entertainment, Inc.*, 387 B.R. 435 (Bkrtcy. S.D.N.Y. 2008) ............................................... 8, 9

*Goldin v. Primavera Familienstiftung*, 194 B.R. 318 (Bkrtcy. S.D.N.Y. 1996) ............................................... 8

*In re Jerome Pollock Jr. Stone Artist, Inc.*, 402 B.R. 534 (Bkrtcy. N.D.N.Y. 2009) ............................................... 2, 4, 6, 7

*In re Joint Eastern & Southern Asbestos Litig.*, 982 F.2d 721 (2d Cir. 1992) ............................................... 8

*Mason v. Departmental Disciplinary Committee*, 894 F.2d 512 (2d Cir. 1990) ............................................... 9

*In re Metro Transp. Co.*, 64 B.R. 968 (Bkrtcy. E.D.Pa. 1986) ............................................... 8

*In re Midway Airlines Corp.*, 283 B.R. 846 (E.D.N.C. 2002) ............................................... 5

*Mirka United, Inc. v. Cuomo*, 2007 WL 4225487 (S.D.N.Y., Nov. 27, 2007) ............................................... 9

*In re Momentum Mfg. Corp*, 25 F.3d 1132 (2d Cir. 1994) ............................................... 8

*Nat'l Hospital and Institutional Builders Co. v. Goldstein*, 658 F.2d 39 (2d Cir. 1981) ............................................... 8

*NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1136 (2d Cir. 1992) ............................................... 4, 7

*In re Ngan Gung Restaurant, Inc.*, 183 B.R. 689 (Bkrtcy. S.D.N.Y. 1995) ............................................... 4, 6

*Republic Steel Corp. v. NLRB*, 311 U.S. 7 (1940) ............................................... 4

*SEC v. Brennan*, 230 F.3d 65 (2d Cir. 2000) .................................................................. 4, 5, 6-7

*SIPC v. Bernard L. Madoff Investment Securities LLC*, 429 B.R. 423 (Bkrtcy. S.D.N.Y. 2010) ..8

*Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65 (2d Cir. 2003) ......................9

*Texas Ass'n of Business v. Earle*, 388 F.3d 515 (5th Cir. 2004) ..........................................9

*In re Travacom Communications, Inc.*, 300 B.R. 635 (Bkrtcy. W.D.Pa. 2003) ........................6

*United States v. Borden Co.*, 347 U.S. 514 (1954) .............................................................6

*Younger v. Harris*, 401 U.S. 37 (1971 ...............................................................................9

# NEW YORK STATE DEPARTMENT OF LABOR'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEBTORS' OBJECTION TO ITS PROOF OF CLAIM

The New York State Department of Labor ("DOL"), by its attorney Eric T. Schneiderman, the Attorney General of the State of New York, submits this Memorandum of Law in response to the Omnibus Reply in Further Support of Debtors' Objection ("Debtors' Reply") (Docket # 1381).

## PRELIMINARY STATEMENT

In their reply, the Debtors for the first time argue that a DOL administrative proceeding to enforce the New York WARN Act does not involve police or regulatory power and that therefore the proceeding should be stayed pursuant to Bankruptcy Code § 362(b)(4).[1] *See* Debtors' Reply ¶¶ 7-18. The Debtors also newly argue that even if the Court determines that the DOL proceeding falls within the "police power" exception, the Court should nevertheless enjoin the proceeding under Bankruptcy Code § 105. *Id.* ¶¶ 19-22. The Debtors' third principal argument is that by filing a claim, the DOL "submitted to this Court's jurisdiction for all purposes." *Id.* ¶ 1. The Creditors' Committee joins some of these arguments. *See* Creditors' Committee Joinder, Docket # 1382. As shown below, none of the Debtors' arguments have merit, and their Objection should be denied.

## ARGUMENT

**I. AN ADMINISTRATIVE PROCEEDING TO ENFORCE THE NEW YORK WARN ACT FALLS WITHIN THE § 362(b)(4) EXCEPTION TO THE BANKRUPTCY STAY**

The Debtors argue that an administrative proceeding to enforce the New York WARN Act "falls outside the 'police power' exception to the automatic stay" and is "primarily directed

---

[1] The initial Objection denied that the proceeding is within the police power exception, but did not argue the point.

1

at vindicating the rights of private plaintiffs." Debtors' Reply ¶¶ 2, 12. A review of the case law, however, makes clear that the DOL's action in administratively liquidating the WARN Act claim is squarely within the police and regulatory exception to the automatic stay. Bankruptcy courts have regularly allowed actions such as this to go forward, and this Court should also.

As the Debtors note, *In re Chateaugay Corp.*, 115 B.R. 28 (Bankr. S.D.N.Y. 1988), found that government actions should be evaluated under either a "pecuniary interest" or a "public policy" test to determine whether they involve regulatory power exempt from the automatic stay. Debtors' Reply ¶¶ 6-8. The pecuniary interest test focuses on whether action "relates primarily to the protection of the government's pecuniary interest in the debtors' property, and not to matters of public safety. Those proceedings which relate primarily to matters of public safety are excepted from the stay."[2] The public policy test examines whether government actions "effectuate a public policy" (as contrasted with those "that adjudicate private rights") and thus are excepted from the stay. 115 B.R. at 31. Only one of the two tests needs to be satisfied for a proceeding to fall within the police power exception.[3] A DOL proceeding to enforce the New York WARN Act satisfies both tests and falls squarely within the exception.

---

[2] Some decisions, such as *In re Jerome Pollock Jr. Stone Artist, Inc.*, 402 B.R. 534 (Bankr. N.D.N.Y. 2009), have noticed two different versions of the pecuniary interest test: a "narrow" one that excludes from the police power exception all cases in which the government's interest is pecuniary, and a "more expansive" one focused on "whether the specific acts that the government wishes to carry out would create a pecuniary advantage for the government," under which the test is satisfied as long as the government will not achieve priority in actual collection but "simply... liquidation of the claim." 402 B.R. at 536-7. Like Judge Littlefield in *Jerome Pollock, id.*, Judge Drain in *Gazes v. DOL (In re Fortunoff)* found that it ultimately made no difference which version of the test was used. *See Fortunoff* (Docket # 1355-3), at 11-12 and 16.

[3] *See Jerome Pollock*, 402 B.R. at 536 ("for the police powers exception to apply, an action by the state must satisfy one of these tests"); *In re Fiber Optek Interconnect Corp.*, U.S. Dist. Ct.. (Docket # 1355-5) at 10 ("If the government's action is found to satisfy either test, it is exempted").

As to the first test, the DOL has no pecuniary interest of its own; it is enforcing a statutory labor standard that protects New York workers and communities. *See Fiber Optek* (Docket # 1355-5) at 12 (test satisfied since DOL "is not pursuing the State's pecuniary interest as, for example, a party to a contract"). Just as in *Fiber Optek*, the DOL is "not protecting its own pecuniary interests.... That the DOL Proceeding might ultimately result in recovery for the affected workers does not give the State an interest in the Debtor's property." *Id.*

As to the second test, the DOL is not adjudicating private rights by hearing and deciding complaints prosecuted by private litigants, but is effectuating public policy. Contrary to the Debtors' argument, the fact that the Commissioner will distribute recovered back pay to wronged employees does not mean she is merely adjudicating private rights. As part of the administrative process, the Commissioner is also empowered to impose a civil penalty payable to the State. *See* Labor Law § 860-h.[4] Labor Law § 860-b(1) requires notice not just to employees but also to the DOL and local workforce investment boards which are thereby enabled to provide reemployment help and reduce costs to the state's unemployment system, further demonstrating the statute's public purpose. But even setting these considerations aside, the fact that private individuals benefit from government enforcement of a statute does not mean that the enforcement is not primarily public in nature. Many cases cited in the DOL's Main Brief (Docket # 1356) make clear that the police power exception can apply even though money collected by the government compensates individuals injured by violation of a statute. The

---

[4] The Debtors' claim that "the only recovery sought by the WARN Claim is measured by the employees' individual damages, which the statute requires to be turned over to the employees," is not true. *See* Debtors' Reply ¶ 12. The DOL Claim (an exhibit to the Objection) expressly states that pursuant to § 860-h, "a penalty will also be determined by the Commissioner," though no priority is claimed for that portion nor is it included in the claim's estimated amount.

reason was explained in *SEC v. Brennan*, 230 F.3d 65, 72-3 (2d Cir. 2000): in imposing "added expense" through a liability finding, government "is burdening certain conduct so as to deter it" and thereby "plainly acting in its police or regulatory capacity." *See* Main Brief at 28, quoting *SEC v. Brennan*. As *Brennan* explained, it is the fact of the award that deters wrongdoing, "not the identity of the entity which [the wrongdoer] must eventually pay." 230 F.3d at 73.[5]

As described in the Main Brief, Judge Drain's recent ruling in *Fortunoff* applied these principles to New York WARN Act proceedings.[6] Judge Drain discussed and applied the pecuniary interest and public policy tests elucidated in *Chateaugay* and other decisions, including *Fiber Optek*, 2009 WL 3074605 (Bankr. S.D.N.Y., Sept. 23, 2009) (Morris, J.), *aff'd*, Docket # 1355-5 (S.D.N.Y. 2010), and *Jerome Pollock*. *See Fortunoff*, Docket # 1355-3, at 11-13. Like the *Fiber Optek* and *Jerome Pollock* courts dealing with DOL enforcement of other Labor Law provisions, the *Fortunoff* court dealing with the New York WARN Act in particular found every test for applicability of the § 362(b)(4) exception to be satisfied.

The Debtors argue that *Chao v. Hosp. Staffing Services, Inc.*, 270 F.3d 374 (6th Cir. 2001) – a Sixth Circuit case (decided over a dissent) which could not possibly override the ample precedent including Second Circuit precedent discussed above – calls for a different result.

---

[5] In addition to what is said in the Main Brief at 26-28, it is noteworthy that while the New York Act authorizes the Commissioner to investigate violations without a private complaint and to award a civil penalty, the National Labor Relations Act found excepted from the stay in *NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336 (2d Cir. 1992), is enforceable solely on a private party's charge and through remedial back pay awards. *See* 29 U.S.C. § 160 and *Republic Steel Corp. v. NLRB*, 311 U.S. 7, 10 (1940). *In re Ngan Gung Restaurant, Inc.*, 183 B.R. 689, 694 (Bankr. S.D.N.Y. 1995), noted that "numerous courts have held that government actions under both federal and state labor laws seeking remedies that were restitutionary in nature are excepted from the stay." *See also, e.g., EEOC v. Rath Packing Co.*, 787 F.2d 318, 324-5 (8th Cir. 1986) (EEOC action for back pay owed to discriminated-against job applicants).

[6] Because the Federal WARN Act has no provision for government enforcement, questions of the reach of § 362(b)(4) cannot arise under the older Federal Act.

Debtors' Reply ¶¶ 8-10. *Hosp. Staffing Services* concerned a suit by the U.S. Department of Labor to keep a Chapter 7 trustee from using corporate records to bill the bankrupt company's customers: a suit meant not just to liquidate the Department's claim, but to force the trustee to deduct a specific amount from funds intended for administrative creditors as a group. *See* 270 F.3d at 380. Besides not being controlling in the face of Second Circuit and other precedent, and besides involving action well beyond the mere liquidation of a claim, *Hosp. Staffing Services*, as the decision itself stated, involved "peculiar circumstances" which the court found made the bankruptcy stay applicable even though the "police power exception ordinarily would permit" the Secretary of Labor to sue. *Id.* at 382. The holding in *Hosp. Staffing Services* can be understood as being similar to that in *SEC v. Brennan* (which found that an order to repatriate offshore assets aimed to *enforce*, not merely to *enter*, a money judgment and for that reason, was not protected by § 362(b)(4), *see* 230 F.3d at 72-75): a response to a government effort to hold billing records hostage in order to extort actual payment, not just to liquidate a claim. Whether because of these peculiar circumstances or otherwise, the holding has been relied on in only one reported later case, a never-cited and dubious district court opinion from North Carolina.[7]

The Debtors present other weak arguments as well. One is that since the New York Act authorizes private actions as well as DOL enforcement, a DOL proceeding must be "primarily

---

[7] That decision, *In re Midway Airlines Corp.*, 283 B.R. 846 (E.D.N.C. 2002), is also invoked by the Debtors. *See* Debtors' Reply ¶ 11. *Midway* held that § 362(b)(4) did not cover a North Carolina Department of Labor proceeding because while "the pecuniary purpose test is satisfied" since the department "is not seeking to recover money for the benefit of the state," the proceeding failed the public policy test: it "serves primarily to recover wages for individual employees" and "only incidentally serves the public interest." 283 B.R. at 851. Not only should meeting one test have been enough (*see* n. 3 above), but *Midway* did not explain why enforcing a statutory labor standard "only incidentally serves the public interest," a conclusion belied by the many precedents discussed above and in the Main Brief at 26-28.

5

directed at vindicating the rights of private plaintiffs." *See* Debtors' Reply ¶ 12. That a statute also authorizes private litigation hardly means government enforcement simply vindicates private rights. *See generally, e.g., United States v. Borden Co.*, 347 U.S. 514, 517-9 (1954) (regardless of consent decree in private antitrust litigation, "the Government's right and duty to seek an injunction to protect the public interest exist without regard to any private suit"). Many cases cited in the Main Brief make clear that the police power exception applies even if the law the government is enforcing could also be enforced through private litigation. *See, e.g, Jerome Pollock*, 402 B.R. at 535 (failure to pay overtime wages required by the New York Minimum Wage Act, which can be enforced by both the Commissioner and private parties[8]); *Ngan Gung*, 183 B.R. 689 (same); *In re Travacom Communications, Inc.*, 300 B.R. 635 (Bankr. W.D.Pa. 2003) (involving the Pennsylvania Prevailing Wage Act, which can be enforced through private actions as well as by the Pennsylvania Department of Labor and Industry, *see* 43 P.S. § 165-13).

Another weak argument is that while the New York Act differs from the Federal Act in authorizing administrative enforcement and not just private litigation, legislative history shows "that the creation of the DOL's right of action was not intended to alter the nature of the claim, but rather simply to expand the number of claims." *See* Debtors' Reply ¶ 12 (quoting statement that private litigation "is not an effective enforcement mechanism and few such lawsuits have been brought"). In reality, legislative history shows that administrative enforcement of the WARN Act was intended to "serve as a substantial deterrent... and ... provide an effective mechanism for enforcement." *See* Main Brief at 3 (quoting bill jacket). As *SEC v. Brennan*

---

[8] Overtime wages are required by "minimum wage orders" issued under Labor Law § 652(2); Labor Law § 663 authorizes both private and government enforcement. Labor Law § 198 also permits employees to sue on wage claims. The Debtors' claim that the statute enforced in *Jerome Pollock* "provided no private right of action" is not true. *See* Debtors' Reply ¶ 17.

makes clear, deterrence effectuates a public purpose and is an exercise of police power.

The Debtors argue that finding § 362(b)(4) applicable "would suggest that the DOL's claim will receive different – and preferential – treatment" as compared with other claims. *See* Debtors' Reply ¶ 13. The Debtors emphasize that administrative and bankruptcy-court procedures differ and that other creditors or the Creditors' Committee may not be able to appear. This, however, could also be said of most administrative proceedings to which § 362(b)(4) applies: for example, the NLRB proceeding in *15th Ave. Iron Works*; DOL proceedings in *Fiber Optek* and *Jerome Pollock*; or those in *Eddleman v. U.S. Dep't of Labor*, 923 F.2d 782 (10th Cir. 1991). While the Debtors argue that the "asserted magnitude" of the DOL Claim gives other creditors "a profound interest in participating," § 362(b)(4)'s applicability is not a function of asserted magnitude. More to the point, the fact that the Commissioner can only liquidate the claim, while this Court must decide its classification and has exclusive authority over enforcement, means that the claim will not receive "preferential" treatment.[9]

## II. BANKRUPTCY CODE § 105 IS NOT A BASIS TO SUSTAIN THE OBJECTION

The Debtors argue that even if Code § 362(b)(4) allows the Commissioner to liquidate the DOL Claim, "the Court retains authority to enjoin such a proceeding, and would have ample justification for doing so" under Code § 105's authorization of "any order, process or judgment that is necessary or appropriate." *See* Debtors' Reply ¶ 19. The Debtors have not even moved

---

[9] The Debtors' attempt to distinguish Judge Drain's ruling in *Fortunoff* is similarly unavailing. They claim that Fortunoff "had already liquidated substantially all of its tangible and intangible assets at the time of Judge Drain's decision;" in fact, the Chapter 7 trustee was still marshaling assets, and unsuccessfully urged Judge Drain to stay any DOL proceeding based on "burden and distraction on the Trustee.... [H]is efforts now should be focused on identifying assets and liquidating them for the benefit of the estates. Currently, the Trustee has served demands to avoid transfers... aggregating approximately $80 million. To date he has commenced 100 adversary proceedings with more to come...." *See* Trustee's Response to Opposition to Motion for a Preliminary Injunction (Docket # 1355-4), ¶ 24.

7

for such an injunction, and their argument is not a valid basis to sustain the Objection.

Section 105, though liberally construed, is "not unlimited.... 'not a license to courts to invent remedies that overstep statutory limitations.'" *In re Momentum Mfg. Corp*, 25 F.3d 1132, 1136 n. 4 (2d Cir. 1994), quoting *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 982 F.2d 721, 751 (2d Cir. 1992). At least as it relates to circumstances relevant here, the Debtors' claim that "courts have consistently held that... a governmental administrative proceeding may be enjoined even if it falls within the police power exception," *see* Debtors' Reply ¶ 20, is unsupported by the three decisions which they cite.[10] Unlike the present case, those decisions did not involve attempts to stop liquidation of a claim through an administrative proceeding permitted by § 362(b)(4), but instead granted (in one case, denied) protection from final non-monetary orders of government agencies, orders whose immediate enforcement would otherwise have ended an ongoing business. The Debtors' cases suggest only that an injunction against enforcement of a final, directly and immediately destructive, and highly questionable non-monetary order of an agency may sometimes be appropriate.[11]

The present case is far closer to *Bd. of Governors v. MCorp Financial, Inc.*, 502 U.S. 32,

---

[10] *See In re Metro Transp. Co.*, 64 B.R. 968, 973-34 (Bankr. E.D.Pa. 1986) (based on "an "extraordinary set of circumstances," court enjoined enforcement of an order denying the application to self-insure a large taxicab company); *In re Go West Entertainment, Inc.*, 387 B.R. 435 (Bankr. S.D.N.Y. 2008) (denying injunction against the New York State Liquor Authority's revocation of a nightclub's liquor license); *Natl' Hospital and Institutional Builders Co. v. Goldstein*, 658 F.2d 39, 43 (2d Cir. 1981) (involving "bad faith zoning regulation" by which a nursing home's certificate of occupancy was terminated.)

[11] In a footnote, the Debtors also cite *Goldin v. Primavera Familienstiftung*, 194 B.R. 318, 337 (Bankr. S.D.N.Y. 1996), and *SIPC v. Bernard L. Madoff Investment Securities LLC*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010), for the general proposition that a § 105 injunction is proper if a "proceeding in another forum poses a substantial threat to the reorganization or threatens the bankruptcy court's jurisdiction." These two cases involved efforts to enjoin litigation against non-Debtor defendants, not to enjoin liquidation in an administrative forum of a claim against the Debtor as permitted by § 362(b)(4).

40-41 (1991), in involving "ongoing administrative proceedings" with which it is improper for the bankruptcy court to interfere. As explained in *Go West* (a case the Debtors point to), *MCorp*

> held that the Bankruptcy Court had no authority to stay administrative proceedings that "fall squarely within § 362(b)(4) or to "determine whether the proposed exercise of police or regulatory power is legitimate." However, the Court also stated, in dictum, "If and when the Board's proceedings culminate in a final order, and if and when judicial proceedings are commenced to enforce such an order, then it may well be proper for the Bankruptcy Court to exercise its concurrent jurisdiction.

387 B.R. at 442 n. 5, quoting 502 U.S. at 39-41.[12] The Debtors' claim that "if allowed as filed, the WARN Claim will have a direct and pivotal impact" and that liability "for $48 million on an administrative or priority basis threatens the administration of these cases," Debtors' Reply ¶ 21, has nothing to do either with whether § 362(b)(4) permits liquidation of the claim by the Commissioner, or with whether such liquidation can be enjoined.

### III. FILING A CLAIM DOES NOT WAIVE THE POWER TO LIQUIDATE THE CLAIM ADMINISTRATIVELY

The Debtors argue that by filing a proof of claim, the DOL "submitted to this Court's jurisdiction for all purposes." Debtors' Reply ¶ 1. The Creditors' Committee similarly states that "[a]ny creditor that files a claim against a bankruptcy estate subjects itself to the jurisdiction of the Bankruptcy Court." *See* Creditors' Committee Joinder ¶ 17. The intended implication appears to be that by filing, the DOL gave up the Commissioner's right to liquidate the claim.

---

[12] *Go West* also makes clear that "so-called *Younger* abstention, which instructs that 'Federal courts should generally refrain from enjoining or otherwise interfering with ongoing state proceedings,'" also likely bars any injunction. *See* 387 B.R at 442-3, quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). That the DOL investigation underway has not yet resulted in a notice of hearing, *see* Debtors' Reply ¶ 25, does not make *Younger* inapplicable. *See, e.g., Mason v. Departmental Disciplinary Committee*, 894 F.2d 512, 515 (2d Cir. 1990); *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519-521 (5th Cir. 2004); *Mirka United, Inc. v. Cuomo*, 2007 WL 4225487, *4 (S.D.N.Y., Nov. 27, 2007).

9

There is a difference, however, between *collecting* a claim, which can only be done through a timely proof of claim and the Bankruptcy Court, and *liquidating* a claim, which can be done in a non-bankruptcy forum to the extent authorized by § 362(b)(4). Here, the DOL is only seeking to liquidate its WARN Act claim, as § 362(b)(4) permits.

## IV. THE DEBTORS' REMAINING ARGUMENTS SHOULD BE ADDRESSED TO THE COMMISSIONER

The Debtors again argue their "liquidating fiduciary" defense. *See* Debtors' Reply ¶¶ 26-45. The Creditors' Committee adds other defenses and argues that the DOL Claim should not receive administrative priority. *See* Creditors' Committee Joinder ¶¶ 5-16 and 21-22. But as the Debtors (reserving the right to raise issues later) correctly state, "the priority, amount or proper treatment of the claim or the applicability of certain statutory exceptions or defenses" are not current issues. *See* Debtors' Reply ¶ 46. As shown in the Main Brief and above, issues concerning statutory exceptions or defenses should be addressed to the Commissioner, while only this Court, at the appropriate time, can decide the priority of the claim.

## CONCLUSION

For these reasons and those in the Main Brief, the Court must overrule the Debtors' Objection to the DOL Claim.

Dated: February 24, 2011

Respectfully submitted,

PATRICIA KAKALEC
Chief of Labor Bureau

SETH KUPFERBERG
Chief of General Labor Section

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL OF NEW YORK
120 Broadway
New York, New York 10271
(212) 416-8856

By: *[signature]*
SETH KUPFERBERG (SK-4511)
Assistant Attorney General

10