JOHN A. TANGREDI, ESQ.
14 Mamaroneck Ave. Suite 403
White Plains, N Y 10601
Tel: 914-428-5981
Fax: 914-428-3780
Counsel for Claimants
Daniel Torres, an infant by his Mother and
Natural Guardian Evelyn Torres and Evelyn
Torres, Individually

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

In re:

SAINT VINCENTS CATHOLIC MEDICAL
CENTERS OF NEW YORK, et al.,

Debtors.
-----------------------------------X

Chapter 11

Case No. 10-11963 (CGM)

**REPLY AFFIRMATION**

## REPLY AFFIRMATION TO DECLARATION OF OPPOSITION

JOHN A. TANGREDI, an attorney admitted to practice law in the Courts of the State of New York, and the United States Southern District of New York, affirms the truth of the following under penalty of perjury:

I am the attorney for the Claimants/Plaintiffs DANIEL TORRES, an Infant by his Mother and Natural Guardian, EVELYN TORRES, and EVELYN TORRES Individually.

I make and submit this Reply Affirmation in response to the Declaration of Opposition dated February 28, 2011, by Martin B. Adams, as defense counsel for Defendant SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK in the State Court action . The opposition is without merit in fact and the law.

The opposition by defense counsel for the Debtor/Defendant SAINT VINCENTS CATHOLIC MEDICALS CENTERS OF NEW YORK (hereinafter referred to as "SAINT

VINCENTS") is of questionable standing in that the Debtor/Defendant is fully represented by separate counsel in the bankruptcy proceeding. No opposition has been received therefrom.

Claimants/Plaintiffs' application to extend the Bar Date and to deem the already filed Proof of Claim as timely ought to be granted because contrary to the court rule and the Notice of Bankruptcy filing the Claimants/ Plaintiffs did not receive the required Notice of Bar date because the Debtor/Defendant SAINT VINCENTS either through its own actions or through its defense counsel, who has served in opposition, failed to notify the Bankruptcy Court of my office's correct address even though the Debtor/ Defendant and its defensive counsel had been previously advised of my office's correct address,

My Affirmation in support of the Motion for such relief, fully detailed my actions and the failure of the Debtor/Defendant/ and/or its Defense counsel. Even though they were fully advised of my correct address prior to the filing of the Bankruptcy filing and again subsequent to the filing, has never explained how it or they mistakenly forwarded the incorrect old address of my office to the Bankruptcy Court. No explanation has been provided as to the failure by the Debtor/Defendant. The failure is attributed to the Debtor//Defendant whether it was caused by the Debtor/ Defendant or its Defense counsel. Thus the disclaimer by Mr. Adams that his firm had nothing to do with the Bankruptcy filing does not excuse the Debtor/ Defendant's failure. Thus the Debtor/ Defendant's failure to properly notify the Bankruptcy Court of my office's correct address, when it was aware of the same, nor should it then inure to its benefit. The Claimants/ Plaintiffs' did not cause the Debtors/ Defendant's failure. If its failure benefited the Debtor/ Defendant such a proposition would produce a gross injustice. This is especially unjust considering that the underlying action involves an infant attacked by employees of the Debtor/ Defendant at its hospital

The Debtor Defendant by Mr. Adams opposes the application with "unclean hands" in violation of that doctrine due to its failure to forward my correct address resulting in the lack of notice of the Bard Date to my office. Thus, its opposition ought not to be heard by this Court.

As to any actions performed on behalf of the Claimants/Plaintiffs, I fully explained the same in my affirmation in support of the motion. Mr. Adams seeks to overlook the same. In addition Mr. Adams has not presented any fact or law requiring any of his suggested actions. Furthermore if the actions suggested by Mr. Adams were permitted to void the Claimants/Plaintiffs application, such a proposition would ignore the case law presented by the Claimants/Plaintiff and make it virtually impossible to any Claimant to obtain the requested relief.

My office relied upon 1. Rule 3003 (c) which required the court to notify the (known) creditors of the Bar Date (as the Claimants/ Plaintiffs herein and 2 The Notice of Bankruptcy case filing which specifically states "You may be a creditor of the debtor, if so you will receive an additional notice from the court setting forth important deadlines" See Declaration of Opposition Exhibit A (also herein attached as Exhibit A) Mr. Adams' office sent this Notice to my office. Now he seeks to ignore its directive.

The cases cited by the Defendant/Debtor do not address the four factors as specifically determined and examined by the various cases previously cited in my affirmation in support of the motion for relief.

The Notice of Bar Date was to be sent to my office pursuant to Rule 3003(c). Also see the cases previously cited by my office in re Unroe, 937 F.2d 346, 351 (7th Circuit 1991), in re Envirodyne Insus., Inc., 202 B.R. 468, 472 (Bankr.N.D.Ill.1997). Regarding Rule 3003(c), see Pages 2-3 of my Affirmation in Support of Claimants/Plaintiffs' Motion and in re Smith, 582 F.3d. 767, 779 (7th Circuit 2009). Furthermore even if viewed as a failure on behalf of the

Claimants/ Plaintiffs an attorney's failure to file a proof of claim before the bar date may constitute excusable neglect under Fed R. Bankr.P. 9006(b) and the case of Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993) The rule and the case provide the Court with latitude to extend the bar date. .

Although not a bankruptcy case, the Supreme Court recently in a unanimous decision Henderson v. Shinseki, 09-1036, granted an extension to a military veteran for filing an appeal of a denial of his disability after having missed a 120-day deadline notice by 15 days.

WHEREFORE, it is respectfully requested that the Claimants/Plaintiffs' motion be granted in all respects and together with such further and other relief as this Court deems just and proper.

Dated: White Plains, NY
       March 9, 2011

Submitted by:

_____
John A. Tangredi (JAT1892)
Attorney for Claimants/Plaintiffs
DANIEL TORREZ, an Infant, by His Mother
and Natural Guardian, EVELYN TORRES, and
EVELYN TORRES Individually
14 Mamaroneck Avenue, Suite 403
White Plains, NY 10601
914-428-5981