*FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re Saint Vincent's Catholic Medical Centers of New York, et al. | Chapter 11 |
| | Case No. 10-11963 |
| Debtors. | |
| | Jointly Administered |

-------------------------------------------------------X

**MEMORANDUM DECISION FINDING JURISDICTION TO HEAR AND DETERMINE DEBTORS' OBJECTION TO CLAIM**

**Appearances**:
Ken Eckstein and Adam Rogoff
Kramer Levin Naftalis & Frankel LLP
for Debtors

Seth Kupferberg, Assistant Attorney General
Office of the New York Attorney General
for New York State Department of Labor

Suzanne Hepner and Robert Stroup
Levy Ratber PC
for 1199SEIU United Healthcare Workers

Avrum J. Rosen and George N. Bara
Law Offices of Avrum J. Rosen, PLLC
for the New York Nurses Association

David Neier and Randy Rodgers
Winston & Strawn, LLP
for General Electric Capital Corporation

David Botter, Sarah Link Schultz, and Ashleigh Baylock
Akin, Gump, Strauss, Hauer & Feld, LLP
for the Official Committee of Unsecured Creditors

The Court considers the allowance of the proof of claim filed by the New York State Department of Labor ("Department of Labor"). The objection at issue is whether the New York State Worker Adjustment and Retraining Notification Act ("NY WARN Act") is applicable to the St. Vincents Catholic Medical Centers of New York ("St. Vincents"). Before deciding that issue the Court must decide whether the bankruptcy court or an administrative proceeding by the Department of Labor is the appropriate forum for liquidating this claim. The Debtors[1] and the Department of Labor have agreed that oral argument at the March 3, 2011 hearing would be limited to whether the bankruptcy court or the Department of Labor's administrative proceeding is the appropriate forum for liquidating this claim.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Adjudication of the allowance or disallowance of a claim constitutes a core proceeding within the meaning 28 U.S.C. § 157(b)(2)(B). Venue of the captioned cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The Court finds the facts as stated by the Debtors in the Objection to Proof of Claim to be complete and incorporates them by reference.

---

[1] In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc.; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

St. Vincents and certain of its affiliates, as Chapter 11 debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") filed for bankruptcy on April 14, 2010. Prior to filing, the Debtors' Board of Directors appointed a Special Restructuring Committee, hired restructuring professionals, and took steps to cut costs and assess their restructuring alternatives. Objection to Proof of Claim ¶ 3. In February 2010, the Greenwich Village hospital's ("the Hospital") financial condition was so dire that the Governor of New York formed a Task Force consisting of management, the Department of Health ("DOH"), federal, state, and local elected officials, union representatives and others, to explore options to preserve the Hospital as an acute care facility in the West Village. Objection to Proof of Claim ¶ 3.

On April 6, 2010, after determining no viable option existed for continuing operation of the Hospital, the Debtors' Board of Directors voted to approve closure of the Hospital and on April 9, 2010, the Debtors submitted a plan of closure ("Closure Plan") to the Department Health. Objection to Proof of Claim ¶ 5. Shortly thereafter, the Debtors began to shut down the Hospital under the supervision of the Department of Health and other state regulatory authorities. Objection to Proof of Claim ¶ 8. On April 12, 2010, the Debtors provided notice to approximately 2,780 Hospital employees that layoffs would occur in connection with the closure. Objection to Proof of Claim ¶ 8.

On April 14, 2010, the Debtors filed a chapter 11 petition. Objection to Proof of Claim ¶ 6. On the same day, Debtors filed a motion seeking authorization to continue the implementation of the Closure Plan. Objection to Proof of Claim ¶ 7. By the end of April, the Hospital's emergency room was closed and all inpatients had been discharged or transferred to other healthcare providers. Objection to Proof of Claim ¶ 8-11. On April 21, 2010, the DOH approved the closure of the Hospital's inpatient services subject to compliance with the Closure

3

Plan. Objection to Proof of Claim ¶ 9. Approval for closure of the outpatient facilities was not given at that time. Instead, the Debtors worked with the DOH's Office of Mental Health to transfer outpatient services to new healthcare providers. Objection to Proof of Claim ¶ 10.

In connection with the closure, approximately 1,800 employees were terminated by the end of April. Objection to Proof of Claim ¶ 11. During May, June, July, and August, the Hospital continued transferring and closing facilities and an additional six-hundred sixteen (616), three-hundred eleven (311), thirty-three (33), and eighteen (18) employees were terminated in each respective month. Objection to Proof of Claim ¶ 11.

On September 22, 2010, the Department of Labor filed a proof of claim and in doing so submitted to this Court's jurisdiction over that claim. Despite the publicity surrounding the closing of the Hospital and the various motions heard before this Court, including a motion to approve the Debtors' Closure Plan, the Department of Labor filed its first notice of appearance in this case on September 27, 2010, five months after the filing of the petition. In the proof of claim, the Department of Labor asserts a $48.75 million claim for "pay back and benefits" due to terminated Hospital employees (the "WARN Claim"), under the NY WARN Act. Objection to Proof of Claim ¶ 15. The Department of Labor argues that this claim is entitled to administrative priority under section 503(b)(1)(A)(ii) of the Bankruptcy Code or, alternatively, to priority under section 507(a)(4) and/or (5) of the Bankruptcy Code. Objection to Proof of Claim ¶ 15. Additionally, the WARN Claim asserts that the claim is subject to "verification and completion of an investigation by and hearing before the Commissioner of Labor pursuant to NYS Labor Law § 860-f, as authorized pursuant to 11 U.S.C. § 362(b)(4)." Objection to Proof of Claim ¶ 15.

### *The Objection to Claim*

The Debtors objected to the Department of Labor's WARN Claim and seek to have it expunged on the grounds that St. Vincents is not an "employer" subject to the NY State WARN Act; and even if it was subject to the Act, St. Vincents acted in good faith in failing to provide the requisite notice to its employees prior to termination.

The Department of Labor filed opposition asserting that the "liquidating fiduciary exception" recognized under federal law has never been applied under the NY WARN Act. Its applicability is an issue of first impression under New York state law and the Department of Labor believes it should be decided first by the state administration. It also argues that whether the Debtor qualifies for the "good faith" exception should be determined by the Commissioner. Additionally, the Department of Labor argues that even if the "liquidating fiduciary exception" would be applicable under New York law, the Debtors do not fall under that exception.

The Department of Labor also maintained that its commencement of an administrative proceeding is not subject to the stay pursuant to section 362(b)(4) (commonly referred to as the "police powers" exception to the automatic stay). This began a dispute between the parties as to whether or not this Court had the ability to determine the Debtors' Objection to Claim. In their reply, the Debtors argue that the Department of Labor submitted to this Court's jurisdiction by filing the proof of claim, the Department of Labor fails to meet the "police power" exception and is subject to the automatic stay; and even if the stay does not apply to the Department of Labor, Debtors suggest that the Court may enjoin the Department of Labor from proceeding against the Debtors and operate under its concurrent jurisdiction in adjudicating the claim.

Because this was not addressed in the Debtors' initial papers, the Court granted the Department of Labor permission to file a sur-reply and the Debtors permission to respond to the sur-reply. In their sur-reply, the Department of Labor argues that section 362(b)(4) is applicable

5

to administrative proceedings and that section 105(a) is not a basis to sustain the objection to the claim, especially since the Debtors have not moved for an injunction. The Department of Labor also argues that filing a proof of claim does not mean that the Commissioner is divested of his power to liquidate the claim. The Department of Labor acknowledges that any collection of that claim must be done in bankruptcy court. The Debtors used their sur-sur reply to reinforce their arguments that the automatic stay bars the Department of Labor's administrative proceeding, that the Court can enjoin such a proceeding, and that the administrative proceeding does not divest this Court of jurisdiction.

After the briefs were filed, the parties asked the Court to limit argument to whether the bankruptcy court was the appropriate forum for determining the allowance and liquidation of this claim.

## SUMMARY OF THE LAW

### *Core Proceeding*

The Department of Labor, in its first court appearance since this case was filed, argued that because a proceeding to determination the amount of its WARN claim, which has not yet been commenced, may qualify as an exception to the automatic stay pursuant to section 362(b)(4), the bankruptcy court is divested of its ability to liquidate that claim.

Bankruptcy judges have authority to "hear and determine . . . any or all core proceedings arising under title 11" and "may enter appropriate orders and judgments" in accordance with that jurisdiction. 28 U.S.C. § 157(b)(1). In granting bankruptcy judges this authority, Congress provided a non-exclusive list of proceedings that are within a bankruptcy court's "core" jurisdiction, including the "allowance or disallowance of claims against the estate." *Id.* at § (b)(2)(B).

When the Department of Labor filed a proof of claim, it "necessarily became a party under the court's core jurisdiction." *Id.* at § (b)(2)(B); *see also In re CBI Holding Co.*, 529 F.3d 432, 466-67 (2d Cir. 2008) (filing a proof of claim submits a creditor to the bankruptcy court's equitable jurisdiction in proceedings affecting that claim); *S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 703 (2d Cir. 1995) (concluding that the determination of a proof of claim is a core matter). There can be no doubt that this Court has jurisdiction over the determination of this claim as "nothing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor." *In re BKW Sys., Inc.*, 66 Bankr. 546, 548 (Bankr. D.N.H. 1986).

In addition to being a core proceeding, the Bankruptcy Code mandates that this Court determine the amount of the Department of Labor's claim. Section 502(b) states that "if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."

Based on the foregoing, the bankruptcy court has core jurisdiction to hear and decide the objection to the Department of Labor's proof of claim. *See Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990) ("[W]e hold that the instant adversary proceeding, which involves the determination of an objection to a proof of claim filed in the bankruptcy case, is clearly at the core of the federal bankruptcy function of restructuring debtor-creditor rights, implicating the unique powers of bankruptcy court.").

The Department of Labor argues that because an administrative proceeding, not yet commenced, may fall under the police powers exception to the automatic stay, this Court should choose not to liquidate this claim and urges this Court to follow Judge Drain's decision in *Gazez*

7

*v. New York State Department of Labor, (In re Fortunoff Holdings, LLC)* (Bankr. S.D.N.Y. January 24, 2011) (Adv. Pro. No. 10-3339). The facts of that case make it inapplicable to the proceeding at hand. In *Fortunoff*, the Department of Labor had commenced an administrative proceeding to assess damages under the NY WARN Act on November 4, 2009. *See* Complaint at 7, ¶ 27, *Gazez v. New York State Department of Labor, (In re Fortunoff Holdings, LLC)* (Bankr. S.D.N.Y. January 24, 2011) (Adv. Pro. No. 10-3339). On June 29, 2010, the chapter 7 trustee brought an adversary proceeding seeking a declaratory judgment that the automatic stay was in place and requesting an injunction in connection with the Department of Labor's administrative proceeding. *Id.* at 8-11.

Unlike in *Fortunoff*, no administrative proceeding has been commenced by the Department of Labor and there is no motion for declaratory or injunctive relief pending before this Court. This is simply an objection to a proof of claim that is well within this Court's authority to determine.

A bankruptcy court "may . . . choose to liquidate [a] claim itself or choose to abstain and defer to another forum for liquidation of the claim." Collier on Bankruptcy P 502.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In this case, the Court sees no reason to defer to another forum for the determination of this claim. As stated previously, the determination of this claim is a matter of the Court's core jurisdiction. *See Gulf States Exploration Co.*, 896 F.2d at 1391. The Department of Labor's claim is not the only claim filed under the WARN Act. There are at least six other claims filed that will need to be resolved by this Court in connection with the state and federal WARN Acts. *See* Hr'g Tr. 77, Mar. 3, 2011. Some of the employees on whose behalf the Department of Labor has filed this claim, have also filed federal and NY WARN Act claims as part of the New York Nurses Association or the 1199SEIU United

8

Healthcare Workers. *See* Hr'g Tr. 73-74. Some individuals covered under the Department of Labor's WARN claim and the New York Nurses Association's WARN Claim have also filed individual claims. *Id.* Because there have been so many WARN Claims filed, there is great potential for the duplication of litigation as well as for conflicting rulings on the claims. Determining all of the claims in the bankruptcy forum would be the most effective way to avoid duplicative and inconsistent litigation.

Additionally, some of the employees that form the basis for the Department of Labor's WARN claim are also part of the 1800 employees covered by a settlement agreement between the Debtors and certain former medical professionals of Saint Vincents, referred to as the Tail Fund Settlement, which was approved by this Court on October 17, 2010 and which resolved claims of employees arising from incidents occurring on or before the last day patient services were provided by the Hospital. Determining the allowance and liquidation of the WARN Claim in this Court will allow all of the parties affected by this claim, including the Committee of Unsecured Creditors, the New York Nurses Association, the 1199SEIU United Healthcare Workers, and those employees covered under the Tail Fund Settlement, to have an opportunity to be heard in the bankruptcy court. Only in bankruptcy court can complete relief for all parties be afforded.

### *Injunction pursuant to section 105(a)*

The Debtors urge the Court to enjoin the Department of Labor despite the fact no administrative proceeding has been commenced. *See New Jersey v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 412 B.R. 657 (D. Del. 2009) (upholding the bankruptcy court's injunction against the NJ Department of Environmental Protection); *In re Vantage Petroleum Corp.*, 25 B.R. 471 (Bankr. E.D.N.Y. 1982) (issuing a temporary restraining order against the Department

9

of Energy). A proceeding to obtain an injunction, however, must be brought as an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(7) and a showing of irreparable harm must be made. *See* Collier on Bankruptcy P 105.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "Courts have been near universal in reversing injunctions which have been issued without compliance with Rule 7001." *Id.* (citing *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996); *Feld v. Zale Corp. (In re Zale Corp.),* 62 F.3d 746, 762 (5th Cir. 1995); *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d Cir. 1989); *Ramirez v. Whelan (In re Ramirez)*, 188 B.R. 413, 416 (B.A.P. 9th Cir. 1995); *Stacy Fuel & Sales, Inc. v. Ira Phillips, Inc. (In re Stacy)*, 167 B.R. 243, 248 (N.D. Ala. 1994)).

The Debtors have cited two cases in which injunctions were issued outside of adversary proceedings. *See In re Metro Transportation Company*, 64 B.R. 968, 972 (Bankr. E.D. Pa. 1986); *In re Vantage Petroleum Corp.*, 25 B.R. 471 (Bankr. E.D.N.Y. 1982). In *Metro Transportation*, the court enjoined an insurance company, that was excepted from the stay, from cancelling the insurance on a fleet of 800 taxi cabs in Philadelphia. *In re Metro Transp.*, 64 B.R. at 974. In so ruling, the court considered not only that the cabs would be inoperable without insurance, but also the effect that taking 800 cabs off of Philadelphia's streets would have on transportation and commerce in the city. *Id.*

Debtors also cite *In re Vantage Petroleum*, where the court issued a temporary restraining order against the Department of Energy so that the trustee would have more than fifteen days to review and respond to an eighty-four page document that if unanswered would result in a nonreviewable default judgment. 25 B.R. at 477. In each of these cases, the assets of the debtor's estate would have been jeopardized if immediate action was not taken. While this

liquidation of St. Vincents involves a Hospital and various medical facilities, which must be maintained and creditors such as medical malpractice victims and non-WARN claim employees who are looking to the estate for recovery on their claims, there is no immediate danger to the public or to the estate that would justify noncompliance with the rules of procedure. In light of the fact that this request for an injunction is not properly before this Court, it would be improper to enjoin the Department of Labor at this time.

## CONCLUSION

The bankruptcy court has core jurisdiction to determine both the allowance and the amount of the Department of Labor's proof of claim. 28 U.S.C. § 157(b)(2)(B); 11 U.S.C. § 502(b); *see also Gulf States Exploration Co.*, 896 F.2d at 1391. The Court finds no reason to defer the liquidation of this claim to another forum. Because no adversary proceeding has been commenced, the request for an injunction is not properly before the Court. The parties should submit a scheduling order for an evidentiary hearing to determine the allowance and amount of the Department of Labor's WARN claim.