UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

**In Re:**

**SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK, et al.,**

      **Debtors.**

_____

Case No.: 10-11963 (cgm)
(Chapter 11)

Hon. Cecilia G. Morris

Bankruptcy Judge

**OBJECTION TO ENTRY OF AN ORDER (I) APPROVING THE ENTRY INTO THE AMENDED AND RESTATED CONTRACT OF SALE FOR THE REAL ESTATE AND PERSONAL PROPERTY COMPRISING THE DEBTORS' MANHATTAN CAMPUS TO RSV, LLC AND NORTH SHORE-LONG ISLAND JEWISH HEALTH CARE SYSTEM; (II) APPROVING SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (III) DIRECTING OCCUPANTS UNDER TERMINATED LEASES TO VACATE THE PROPERTY; AND (IV) GRANTING RELATED RELIEF PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE ("THE SALE ORDER")**

To the Honorable Judge Morris:

Dudley Gaffin, Alan J. Gerson and Dr. Robert Adelman (collectively and hereinafter "the Objecting Alternative Purchaser Group") through their attorney James H. Shenwick, Esq., Shenwick & Associates, submits this Response in objection to the Motion by Saint Vincents Catholic Medical Centers of New York (hereinafter "the Debtors") for an Order (I) Approving the Entry Into the Amended and Restated Contract of Sale for the Real Estate and Personal Property Comprising the Debtors' Manhattan Campus to RSV, LLC and North Shore-Long Island Jewish Health System; (II) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; (III) Directing Occupants Under Terminated Leases to

1

Vacate the Property; and (IV) Granting Related Relief Pursuant to Sections 363 of the Bankruptcy Code (the "Sale Order") for the reasons provided below:

## BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §105(a), 28 U.S.C. §157(b)(1), and 28 U.S.C. §1334. This matter constitutes a core proceeding as defined by 28 U.S.C. §157(b)(2).

## ARGUMENT

2. The objection of the Objecting Alternative Purchaser Group is that the proposed Purchaser does not contain a commit to using the Real Estate and Personal Property Comprising the Debtors' Manhattan Campus ("Manhattan Campus") to own and operate a hospital. The Objecting Alternative Purchaser Group has made that an absolute condition of their purchase proposal.

3. In a letter dated March 16, 2011, the North Shore-Long Island Jewish Health Care System ("NSLIJ") stated that there are challenges of funding and operating hospitals in New York State and that there is an excess of in-patient beds in New York City, and that there were no plans submitted by other hospitals because of the inability to secure financing and the absence of the need for more hospital beds. The Objecting Alternative Purchaser Group does not know how NSLIJ acquired this information.

4. There is a shortage of emergency room beds in existing hospitals. Waits of five to seven hours are not unheard of in the Debtor's present hospital facilities. How will an urgent care emergency department cut down on the overcrowding at existing emergency rooms?

5. The Debtors operated a "designated trauma center". Does the Purchaser intend to own and operate a new trauma center and, if so, where will the new trauma center be located?

6. NSLIJ's Emergency Department would be able to treat "walk-in" emergencies. Other types of emergencies would be handled by the EMS technicians, who would determine where patients with life-threatening conditions would be taken. This does not alleviate the need for emergency room services for community members living in Soho, Tribeca, the West Village, Greenwich Village, Chelsea, Clinton and Hell's Kitchen. The only hospital on the west side of Manhattan with an emergency room is St. Luke's/Roosevelt Hospital. The east side of Manhattan is served by Bellevue, NY Downtown, NYU, NY Hospital-Cornell Medical Center and Lenox Hill Hospital. In addition, there is the NY Eye and Ear Infirmary, the Hospital for Joint Diseases. The residents and workers of the west side of Manhattan are desperately in need of a full-service hospital.

7. The community health assessment consists of, among others, NSLIJ representatives and Hunter College medical/nursing experts. The Objecting Alternative Purchaser Group contends that there is a conflict of interest in having NSLIJ, as one of the Purchasers, also rendering an assessment of the medical and hospital needs of the neighborhoods served by the Debtor.

8. Alternatively, the Objecting Alternative Purchaser Group will form a group which will consist of a large New York City based real estate developer and a New York City medical center hospital and medical school which shalll purchase the Debtor's Manhattan Campus for same price as offered by RSV and build a hospital and develop the remainder of the property. The Objecting Alternative Purchaser Group is presently raising financing for the purchase and development and shall submit a written proposal to the Court, the Debtor and the Creditors Committee prior to the April 7, 2011 Sale Hearing date.

**WHEREFORE**, the Objecting Alternative Purchaser Group respectfully requests that this Court 1. deny the entry of an Order (I) Approving the Entry Into the Amended and Restated Contract of Sale for the Real Estate and Personal Property Comprising the Debtors' Manhattan Campus to RSV, LLC and North Shore-Long Island Jewish Health System; (II) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; (III) Directing Occupants Under Terminated Leases to Vacate the Property; and (IV) Granting Related Relief Pursuant to Sections 363 of the Bankruptcy Code (the "Sale Order"), 2. enter an Order approving the sale of the Debtor's Manhattan Campus to the Objecting Alternative Purchaser Group and 3. for further relief as to the Court seems just and proper.

DATED: March 23, 2011

SHENWICK & ASSOCIATES
Attorneys for Dudley Gaffin,
Alan J. Gerson and Dr. Robert
Adelman

By: /s/ James H. Shenwick
655 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 541-6224
Facsimile: (646) 218-4600
E-mail: jshenwick@gmail.com