UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

In Re:                                            Case No.: 10-11963 (cgm)
                                                  (Chapter 11)

**SAINT VINCENTS CATHOLIC MEDICAL**               Hon. Cecilia G. Morris
**CENTERS OF NEW YORK, <u>et al.</u>,**
                                                  Bankruptcy Judge
                        Debtors.

───────────────────────────────────────────

**SUPPLEMENTAL OBJECTION TO ENTRY OF AN ORDER (I) APPROVING THE
ENTRY INTO THE AMENDED AND RESTATED CONTRACT OF SALE FOR
THE REAL ESTATE AND PERSONAL PROPERTY COMPRISING THE
DEBTORS' MANHATTAN CAMPUS TO RSV, LLC AND NORTH SHORE-LONG
ISLAND JEWISH HEALTH CARE SYSTEM; (II) APPROVING SUCH SALE FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (III)
DIRECTING OCCUPANTS UNDER TERMINATED LEASES TO VACATE THE
PROPERTY; AND (IV) GRANTING RELATED RELIEF PURSUANT TO SECTIONS
<u>105 AND 363 OF THE BANKRUPTCY CODE ("THE SALE ORDER")</u>**

To the Honorable Judge Morris:

Dudley Gaffin, Alan J. Gerson and Dr. Robert Adelman (collectively and hereinafter "the

Objecting Alternative Purchaser Group") through their attorney James H. Shenwick, Esq.,

Shenwick & Associates, submits this Response to supplement its March 23, 2011 objection to

the Motion by Saint Vincents Catholic Medical Centers of New York (hereinafter "the Debtors")

for an Order (I) Approving the Entry Into the Amended and Restated Contract of Sale for the

Real Estate and Personal Property Comprising the Debtors' Manhattan Campus to RSV, LLC

and North Shore-Long Island Jewish Health System; (II) Approving Such Sale Free and Clear of

Liens, Claims, Encumbrances and Other Interests; (III) Directing Occupants Under Terminated

1

Leases to Vacate the Property; and (IV) Granting Related Relief Pursuant to Sections 363 of the Bankruptcy Code (the "Sale Order") for the reasons provided below:

**BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §105(a), 28 U.S.C. §157(b)(1), and 28 U.S.C. §1334. This matter constitutes a core proceeding as defined by 28 U.S.C. §157(b)(2).

**ARGUMENT**

2. The Objecting Alternative Purchaser Group seeks an adjournment of the entry of the Sale Order for an additional 45 days, until May 23, 2011, while the Objecting Alternative Purchaser Group continues to solicit offers from major real estate investors and hospital operators that will better serve the communities served by the Debtors' Manhattan Campus and generate more monies for the repayment of creditors. For example, the National Football League Alumni Association has contacted the Objecting Alternative Purchaser Group and indicated that they may like to be involved in establishing a hospital to treat their members.

3. As a matter of public policy, the proposals solicited by the Objecting Alternative Purchaser Group would be better for the communities served by the Debtors' Manhattan Campus and would generate more monies for the repayment of creditors, so a delay of 45 days would not be harmful in totality.

4. Another reason that the Objecting Alternative Purchaser Group seeks an adjournment of the entry of the Sale Order is that six months ago, Dudley Gaffin (a member of the Objecting Alternative Purchaser Group) contacted Eastern Consolidated, a real estate investment services firm retained by the Debtor, to request information regarding the parcels that comprise the Debtors' Manhattan Campus, and Eastern Consolidated refused to give him that information.

5. St. Vincent's Hospital was founded in 1849, 162 years ago. An adjournment of 45 days while the Objecting Alternative Purchaser Group seeks to establish a replacement hospital poses little harm to the Debtors' bankruptcy estate.

6. The Objecting Alternative Purchaser Group's efforts to solicit proposals for the Debtors' Manhattan Campus were delayed because North Shore-Long Island Jewish Health System delayed announcing its plans for the Debtors' Manhattan Campus (i.e. a full hospital or a medical center).

**WHEREFORE**, the Objecting Alternative Purchaser Group respectfully requests that this Court: (1) deny the entry of an Order (I) Approving the Entry Into the Amended and Restated Contract of Sale for the Real Estate and Personal Property Comprising the Debtors' Manhattan Campus to RSV, LLC and North Shore-Long Island Jewish Health System; (II) Approving Such Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; (III) Directing Occupants Under Terminated Leases to Vacate the Property; and (IV) Granting Related Relief Pursuant to Sections 363 of the Bankruptcy Code (the "Sale Order"); (2) enter an Order approving the sale of the Debtor's Manhattan Campus to the Objecting Alternative Purchaser Group; and (3) for further relief as to the Court seems just and proper.

DATED: April 6, 2011

                                                  SHENWICK & ASSOCIATES
                                                  Attorneys for Dudley Gaffin,
                                                  Alan J. Gerson and Dr. Robert
                                                  Adelman (the "Objecting Alternative
                                                  Purchaser Group")

By: /s/ James H. Shenwick
655 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 541-6224
Facsimile: (646) 218-4600
E-mail: jshenwick@gmail.com