McCARTHY FINGAR LLP
Attorneys at Law
11 Martine Avenue, 12th Floor
White Plains, NY 10606
914 946-3700
Robert H. Rosh, Esq.(RR6101)
Attorneys for Angel Fernandez, individually and as
Administrator of the estate of Geralyn A. Schultz, deceased

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In re:                                          Chapter 11

SAINT VINCENTS CATHOLIC MEDICAL CENTERS          Case No. 10-11963 (CGM)
OF NEW YORK et. al.,
                                                Jointly Administered

                          Debtors.
------------------------------------------------------------------------X

## RESPONSE OF ANGEL FERNANDEZ BY COUNSEL TO THE SEVENTH OMNIBUS OBJECTION OF THE DEBTORS AND DEBTORS IN POSSESSION TO CERTAIN PENSION PLAN CLAIMS

Angel Luis Fernandez, by counsel, as and for his Response to the Seventh Omnibus

Objections of the Debtors and Debtors in Possession to Certain Pension Plan Claims (the

"Seventh Omnibus Objections"), states as follows:

1.     As shown by the proof of claim filed herein by Angel Luis Fernandez (hereinafter,

"Mr. Fernandez"), in his individual capacity identified as Claim Number 2550 ("Proof of Claim

Number 2550"), Mr. Fernandez's claim against the debtor, Saint Vincent's Catholic Medical

Centers of New York (hereinafter, the "Debtor"), arises under: (a) a tax deferred annuity plan

formed under Section 403(b) of the Internal Revenue Code, 26 U.S.C. §403(b) (the "TDA Plan") and (b) the Saint Vincent Catholic Medical Centers' Retirement Plan (the "Retirement Plan").

## The TDA Plan

2.    Mr. Fernandez's claim under the TDA Plan is based upon the Debtor's refusal to recognize Mr. Fernandez's rights under the plan, and to pay benefits to him, as the surviving spouse of a participant (his now deceased wife, Geralyn A. Schultz) with vested rights in the TDA Plan, in violation of the Employee Retirement Income Security Action of 1974 ("ERISA"), 29 U.S.C §§1001, *et seq.*   With respect to the TDA Plan, Mr. Fernandez also claims damages arising from an improper loan made thereunder without Mr. Fernandez's consent or knowledge and, *inter alia*, the Debtor's failure to produce plan documents to Mr. Fernandez in violation of 29 U.S.C. §1132(c)(1)(B).

3.    As set forth in Proof of Claim Number 2550, as of the date and filing of the bankruptcy petition herein on April 14, 2010, Mr. Fernandez's individual claim[i] against the Debtor was $52,404.53, composed of as follows:

| | |
|---|---|
| 1. Unpaid principal amount of annuity due and payable to Creditor………………. | $28,245.13 |
| 2. Interest on the unpaid principal from 3/31/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis………………………. | $98.86 |
| 3. Legal fees incurred by Creditor as of April 14, 2010…………………………. | $1,775.00 |
| 4. Claim for failure to provide plan documents in violation of 29 U.S.C. §1132(c)(1)(B) in the amount of $100 per day between January 6, 2010 and April 14, 2010 (99 days x $100)……………………..………………. | $9,900.00 |
| 5. Claim arising from loan made from the TDA Plan to Decedent without Creditor's consent (less $39.11 loan refund by Mutual of America to the Estate of Geralyn Schultz, Exhibit "J" hereto)………………………….. | $12,071.68 |

| | |
|---|---|
| 6. Interest on the unpaid loan from 01/01/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis............................ | $313.86 |
| **TOTAL**......................................................................................... | **$52,404.53** |

## **The Retirement Plan**

4.     Mr. Fernandez's claim under the Retirement Plan is evidenced by, but not limited to, Debtor's letter of December 10, 2009 addressed to Mr. Fernandez (Ex. "L" to Proof of Claim Number 2550), stating that Mr. Fernandez's monthly pension will begin on December 1, 2022 in the amount of $339.30 per month or, alternatively, depending on Mr. Fernandez's election, on December 1, 2032, in the monthly amount of $829.78, for Mr. Fernandez's lifetime. ( seeSummary descriptions of the Retirement Plan are annexed as Exhibit "M" to Proof of Claim Number 2550.) Mr. Fernandez has requested, but has not received from Debtor, a full copy of the Retirement Plan and other pertinent plan documents.

5.     In their Seventh Omnibus Objections, Debtors' counsel represents that a  a purported stipulation was  entered into at some unspecified point in time by and between the Debtors and the Pension Benefit Guaranty Corporation ("PBGC"), pursuant to which  the Retirement Plan was involuntarily terminated, and PBGC assumed the responsibilities for administering and issuing payments under the Pension Plan. Mr. Fernandez' claim, however, is not limited to and exclusively based upon the Retirement Plan.  To the contrary, as discussed in and shown by Proof of Claim Number 2550, Mr. Fernandez's claim against the Debtor is also based upon TDA Plan, which is neither discussed in nor otherwise, a subject of the Seventh Omnibus Objections.

6.      As to Mr. Fernandez's claim under the Retirement Plan, we have requested from

Debtors' counsel, but have yet to be provided with, a copy of the stipulation which purportedly

terminated the plan.    Moreover, and aside from our unanswered request to Debtors' counsel, we

have diligently attempted but have been unable to obtain a copy of the purported stipulation, and

have therefore been unable to confirm the accuracy of the representations by Debtors' counsel in

the Seventh Omnibus Objections.    The objections should consequently be overturned as

evidentiary incompetent as to Proof of Claim 2550.

7.      Any reply to the response should be served upon the following:

Robert H. Rosh, Esq.
McCarthy Fingar LLP
11 Martine Avenue, Fl. 12
White Plains, New York  10606
Tel. No. (914) 946-3700
Fax No. (914) 946-0134
e-mail: rrosh@mccarthyfingar.com

and

Angel Luis Fernandez
117-24 142nd Street
Jamaica, NY  11436
Tel. No. (917) 825-8816
e-mail: angel.l.ferandez@gmail.com

**WHEREFORE**, based on the foregoing, I respectfully request that the Seventh Omnibus

Objections be overruled in all respects as to Proof of Claim 2550.

Dated: July 13, 2011
      White Plains, New York

                    McCARTHY FINGAR LLP

                    By: _____
                      Robert H. Rosh, Esq. (RR6101)
                    Attorneys for Creditor
                    ANGEL LUIS FERNANDEZ
                    11 Martine Avenue, Fl. 12
                    White Plains, NY 10606-1934
                    (914) 946-3700

---

[i] Mr. Fernandez also filed a proof of claim against the Debtor in Mr. Fernandez's capacity as the personal representative (administrator) of the estate of his deceased wife, Geralyn A. Schultz, arising from an unauthorized loan from the TDA Plan, and consequential tax liability incurred by the Estate, and the Debtor's failure to produce plan documents in violation of 29 U.S.C. §1132(c)(1)(B). A copy of that proof of claim (which was not included within the list of claims set forth in Debtors and Debtor-in-Possession's Seventh Omnibus Objection to Certain Pension Plan Claims, is attached hereto as Exhibit "A."

EXHIBIT A

{00318169.DOC.}

**United States Bankruptcy Court for the Southern District of New York**
Saint Vincents Catholic Medical Centers of New York (2010) Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
Grand Central Station, P.O. Box 4834
New York, NY 10163-4834

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Saint Vincents Catholic Medical Centers of New York | 10-11963 (CGM) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Angel Luis Fernandez, as Administrator
of the Estate of Geralyn A. Schultz, Deceased
117-24 142nd Street
Jamaica, NY 11436

Telephone number: 917-825-8816    Email Address: angel1.fernandez@gmail.com

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

**THIS SPACE IS FOR COURT USE ONLY**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on: _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. (see summary annexed)
☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ $12,652.60
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** Damages flowing from an unauthorized loan under an IRC 403(b) Plan
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:**
   3a. Debtor may have scheduled account as: 81-657413-8
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,600 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 8 and definition of "redacted" on reverse side.)*
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

FOR COURT USE ONLY

| Date: October 4, 2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Angel Luis Fernandez, as Administrator

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SAINT VINCENTS CATHOLIC MEDICAL
CENTERS OF NEW YORK, et al.,

                              Debtors.
------------------------------------------------------------X

Chapter 11

Case No. 10-11963 (CGM)

Jointly Administered

## Summary of Creditor, Angel Luis Fernandez's Claim

Creditor, Angel Luis Fernandez, as Administrator of the Estate of Geralyn A. Schultz's (the "Decedent") claim against Saint Vincents Catholic Medical Centers of New York (the "Debtor") arises under and is based upon a loan (the "Loan") that was made to Decedent from a tax deferred annuity plan formed under Section 403(b) of the Internal Revenue Code, 26 U.S.C. §403(b) (hereinafter the "TDA Plan") in the principal amount of $12,110.79. A copy of the Letters of Administration that were issued to Angel Fernandez by the Surrogate's Court in and for the County of New York in 2009 (and therefore entitles Mr. Fernandez to file and maintain this claim on behalf of the Estate) is annexed hereto as Exhibit "A."

Upon information and belief, the proceeds of the Loan were improperly advanced to Decedent without the consent, approval or knowledge of Creditor. As evidenced by the IRS publication entitled "Retirement Topics -- Loans" annexed hereto as Exhibit "B," "some qualified [403(b)] plans require a participant spouse's written consent before giving a loan greater than $5,000." As evidenced by the 1099-R form issued to the Decedent's Estate from the Debtor's agent, Mutual of America (Ex. "C" hereto), the Decedent's Estate incurred a federal tax liability arising from the Loan in the amount of $2,682.85. Based on Debtor's continuing failure to provide plan documents concerning, but not limited to, the TDA Plan (as discussed below), Creditor has been unable to ascertain whether said plan required spousal consent as a condition of making the Loan to Decedent. Creditor is consequently seeking damages against Debtor in the amount equal to its claimed tax liability of $2,682.85.

As evidenced by, but not limited to, a letter forwarded by Creditor's counsel to Debtor on or about December 7, 2009, as (Ex. "D" hereto), Debtor was requested but has failed to provide information and plan documents with respect to the TDA plan to Debtor, in violation of ERISA, 29 U.S.C. §1132(c)(1)(B) (providing that the court may in its discretion subject the plan administrator to "personal [ ] liab[ility] to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal ....") (See also e-mail sent on April 14, 2010 from Creditor to Department of Labor seeking information about plan documents; letter dated April 22, 2010 from Creditor to Saint Vincents Catholic Medical Centers of New York (same) and letter dated July 7, 2010 from Creditor to Department of Labor (same), Ex. "E" hereto). Notwithstanding Debtor's failure to provide plan documents concerning the TDA Plan, Creditor has in his possession and is hereby attaching as Exhibit "F," a beneficiary designation form executed by Decedent with respect to the TDA Plan.

{00259869.DOC.}

Based upon the foregoing, Creditor has a claim for damages against Debtor for failure to produce documents concerning the TDA Plan and upon Debtor's failure to secure Creditor's consent prior to advancing the proceeds of the Loan to the Decedent. As of the date and filing of the bankruptcy petition herein on April 14, 2010, Creditor's claim against Debtor was composed of as follows:

| | |
|---|---|
| 1. Claim arising from Loan in the amount equivalent to the federal tax liability incurred by the Estate arising from the Loan………………………………….. | $2,682.85 |
| 2. Interest on the unpaid claimed tax liability from 01/01/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis……..……. | $69.75 |
| 3. Claim for failure to provide plan documents in violation of 29 U.S.C. §1132(c)(1)(B) in the amount of $100 per day between January 6, 2010 and April 14, 2010 (99 days x $100) per day………………………………… | $9,900.00 |
| TOTAL………………………………………………………………...……… | $12,652.60 |

## Related Proof of Claim

Contemporaneously with the filing of this proof of claim, Creditor, individually, is filing a proof of claim against Debtor in the amount of $52,404.53, based on Debtor's failure to pay death benefits to Creditor under the TDA Plan (as the Decedent's surviving spouse), and for survivor annuity payments due and owing to Creditor under the Saint Vincent Catholic Medial Centers Retirement Plan.

{00259869.DOC.}

EXHIBIT A

# Surrogate's Court
## of the County of New York

508702

### CERTIFICATE OF LETTERS OF ADMINISTRATION
The People of the State of New York

Index# 2009-3153

To all to whom these presents shall come or may concern,

Know Ye, that we, having inspected the records of our Surrogate's Court in and for the County of New York, do find that on December 21, 2009 by said court, LETTERS OF ADMINISTRATION on the goods, chattels, and credits of Geralyn Anne Schultz Fernandez, AKA, Geralyn Fernandez , deceased, late of the County of New York were granted unto Angel Luis Fernandez , and that it does not appear by said records that letters have been revoked.

**RESTRICTIONS** These letters authorize the collection only of a total of $99000.00 dollars. Any collection above that amount must be authorized by further order of the Surrogate. ORDER AMENDING LETTERS OF ADMINISTRATION DECEMBER 18TH 2009

In Testimony Whereof, we have caused the Seal of the Surrogate's Court of the County of New York to be hereunto affixed.

WITNESS, Honorable Troy K. Webber, a Surrogate of the County of New York, this 24TH Day of December, 2009.

Jane Passenant

Jane Passenant

Clerk of the Surrogate's Court

* THIS CERTIFICATE IS NOT VALID WITHOUT A RAISED SEAL OF THE COURT *

EXHIBIT B



## Retirement Topics - Loans

Profit-sharing, money purchase, 401(k), 403(b) and 457(b) plans are allowed to offer loans to participants, but a plan sponsor is not required to include these provisions in its plan. To determine if a plan offers loans, check with the employer, plan sponsor or plan administrator or the Summary Plan Description.

IRAs and IRA-based plans ( SEP, SIMPLE IRA and SARSEP plans) cannot offer participant loans. A loan from an IRA or IRA-based plan would result in a prohibited transaction.

To receive a plan loan, a participant must apply for the loan and the loan must meet certain requirements. When a participant requests a loan, he or she should receive information from the plan administrator describing the availability of and terms for obtaining a loan.

**Maximum Loan Amount** - The maximum amount a participant may borrow from his or her plan is 50% of his or her vested account balance or $50,000, whichever is less. An exception to this limit is if 50% of the vested account balance is less than $10,000: in such case, the participant may borrow up to $10,000. Plans are not required to include this exception.

**Examples:**

Bill's vested account balance is $80,000. Bill may take a loan up to $40,000, which is the lesser of 50% of his vested account balance and $50,000.

Sue has a vested account balance of $120,000. Sue may take a loan up to $50,000, which is the lesser of 50% of her vested account balance of $120,000 ($60,000) or $50,000.

**Repayment Periods** - Generally, the employee must repay a plan loan within five years and must make payments at least quarterly. The law provides an exception to the 5-year requirement if the employee uses the loan to purchase a primary residence.

**Loans to an employee that leaves the company.** Plan sponsors may require an employee to repay completely a loan if he or she terminates employment. If the employee is unable to repay the loan, then the employer will treat it as a distribution and will report it to the IRS on Form 1099-R. The employee can avoid the immediate income tax consequences if he or she is able to come up with the loan's outstanding balance, within 60 days and rolls over this amount to an IRA or eligible retirement plan.

Loans that do not meet legal requirements are considered "deemed distributions." For instance, if the loan repayments are not made at least quarterly, the remaining balance is treated as a distribution that is subject to income tax. If the employee continues to participate in the plan after the deemed distribution occurs, he or she is still required to make loan repayments. These amounts are treated as basis and will not be taxable when later distributed by the plan.

**Loans to an employee in the armed forces.** If the employee is in the armed forces, the employer may suspend the loan repayments during the employee's period of active duty and then extend the loan repayment period by this period.

If during a leave of absence from his or her employer, an employee's salary is reduced to the point at which the salary is insufficient to repay the loan, the employer may suspend repayment up to a year. Unlike the exception for active members of the armed forces, the loan repayment period is not extended and the employee may be required to increase the scheduled payment amounts in order to pay off the loan in the originally scheduled period.

**Spouse's Consent** Some qualified plans require a participant's spouse's written consent before giving a loan greater than $5,000. Other qualified plans may not require the participant's spouse to sign for a loan, regardless of amount, if the plan:

1. is a profit-sharing plan (e.g., a 401(k) plan);
2. requires that the plan's death benefit be paid in full to the surviving spouse (unless the spouse has consented to another beneficiary);
3. does not offer a life annuity option in the plan; and
4. does not contain a direct transfer from another plan that was required to provide a survivor annuity.

## Should You Borrow from Your Retirement Plan?

Before you decide to take a loan from your retirement account, you should consult with a financial planner, who will help you decide if this is the best option or if you would be better off obtaining a loan from a financial institution or other sources.

## Additional Resources:

Retirement Plan FAQs Regarding Loans
Retirement Plans FAQs regarding IRAs
Retirement Plans FAQs regarding USERRA and SSCRA
The Fix Is In: Common Plan Mistakes - Participant Loans in 401(k) Plans
The Fix Is In: Common Plan Mistakes - Plan Loan Failures and Deemed Distributions
EP Examination Process Guide - Section 9 - Participant Rights - Participant Events - If a Participant Requests a Loan

*Page Last Reviewed or Updated: August 05, 2010*

EXHIBIT C

CORRECTED (if checked)

| | | |
|---|---|---|
| Mutual of America<br>320 Park Avenue<br>New York NY 10022-6839 | **1 Gross distribution**<br>$ 12,110.79 | OMB No. 1545-0119<br>**2009**<br>Form 1099-R | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
| | **2a Taxable amount**<br>$ 2,682.85 | | |
| | **2b Taxable amount not determined** ☐  **Total distribution** ☐ | | **Copy B**<br>Report this income on your Federal tax return. If this form shows Federal income tax withheld in box 4, attach this copy to your return. |
| **PAYER'S Federal identification number** | **3 Capital gain (included in box 2a)**<br>$ | **4 Federal income tax withheld**<br>$ | |
| **RECIPIENT'S identification number** | | | |
| **RECIPIENT'S name street address (including apt. no.) city state and ZIP code**<br><br>GERALYN A. SCHULTZ<br>101 W 15TH ST<br>NEW YORK NY 10011-6700 | **5 Employee contributions /Designated Roth contributions or insurance premiums**<br>$ | **6 Net unrealized appreciation in employer's securities**<br>$ | |
| | **7 Distribution code(s)**   IRA/SEP/ SIMPLE ☐<br>1 | **8 Other**<br>$            % | This information is being furnished to the Internal Revenue Service. |
| | **9a Your percentage of total distribution**<br>% | **9b Total employee contributions**<br>$ | |
| **1st year of desig. Roth contrib.** | **10 State tax withheld**<br>$<br>$ | **11 State/Payer's state no.** | **12 State distribution**<br>$<br>$ |
| **Account number (see instructions)** | **13 Local tax withheld**<br>$<br>$ | **14 Name of locality** | **15 Local distribution**<br>$<br>$ |

Form **1099-R**

Department of the Treasury - Internal Revenue Service

EXHIBIT D

## *Gerald Kadish*

ATTORNEY AT LAW
144 EAST 44TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 867-3666

FAX NO: (212) 808-9808

E-MAIL: KADISHLAW@AOL.COM

December 7, 2009

St. Vincent's Medical Centers of NY
130 W 12th Street
Suite 1C
New York, New York 10011

Re:     Estate of Geralyn Anne Schultz Fernandez,
         Surrogate's Court, New York County, file 3153/09

Dear Sir/Madam:

     I am writing to you on behalf of my client Angel Fernandez who is the surviving spouse of Geralyn Anne Schultz Fernandez. He is also the administrator of the above referred to estate. The decedent was employed by you under the name of Geralyn Anne Schultz . It is our understanding that she was entitled to a pension as a result of her employment.

     Please forward me information regarding Geralyn Anne Schultz's pension, any death benefits and the names of any beneficiaries upon her death.

Very truly yours

Gerald Kadish

cc: Angel Fernandez

EXHIBIT E

On Wed, Apr 14, 2010 at 10:54 AM, Lovendale, Denise - EBSA <Lovendale.Denise@dol.gov> wrote:
Hi Mr. Fernandez,

I'm forwarding your e-mail to the Supervisor at our New York Regional
Office. A Benefits Advisor at the New York Office can assist you with
requesting documents from St. Vincent's. You may need to make a written
request for some documents and they will assist you in identifying
documents that you have a right to receive from a defined benefit plan.

Sincerely,

Denise Lovendale
U.S. Department of Labor - EBSA

-----Original Message-----
From: Angel Fernandez [mailto:angel.l.fernandez@gmail.com]
Sent: Wednesday, April 14, 2010 10:21 AM
To: Lovendale, Denise - EBSA; angel.l.fernandez@gmail.com
Subject: Help obtaining info

Hi Miss Lovendale, I need information from my wife's employer and they
have failed to provide it. I am very concerned because PBGC says that
they do not handle this plan and St Vincent's is not providing me with
info as to where the funds are deposited, how much was deposited, or if
a payout may have been made to my sister in law. Please let me know what
else I may may need to provide. I can be reached at 917 825 8816 Angel
L. Fernandez

Angel L. Fernandez
117-24 142nd St
Jamaica, NY 11436
April 22, 2010


Jane Vassil Director of Benefits
St Vincent's Catholic Medical Center
170 West 12th St.
NY, NY 10011

Dear Miss Vassil:

I am Angel L. Fernandez the surviving spouse of Geralyn Anne Schultz Fernandez. I am requesting information that St. Vincent's is supposed to provide under Federal law.

1. Employee statement of contributions- Breakdown by year of how much was paid into my wife's account. Total account balance as of present day.

2. Complete copy of the original plan and of the new plan.

3. ERISA compliance statement.

I further request the following.

A. Has St. Vincent made any kind of payment from my wife's benefits to anyone other than myself?

B. That St. Vincent enroll me into the pension plan system since they are going out of business.

C. That St. Vincent comply with 1997 ERISA 205 29 USC 1055 paragraph G, which requires **Immediate** payment, upon death, of a Qualified Pre Retirement Survivor Annuity. Factored by actuarial tables for every year before she would have reached 55 years of age, the minimum retirement age.

I had previously provided, Marriage License, Death Certificate, Estate Administration decree. I am now including a request for pension payment

Sincerely,

Angel L. Fernandez

SOUTH OZONE PARK
JAMAICA, New York
114209997
3568880220-0098
04/22/2010 (800)275-8777 02:06:33 PM

===== Sales Receipt =====
Product        Sale Unit    Final
Description     Qty Price    Price

NEW YORK NY 10011            $18.30
Zone-1 Express Mail
PO-Add Flat Rate
1.30 oz.
Label #:EM451237007US
Fri 04/23/10 12:00 PM -
Guaranteed Delivery
Signature Requested
Return Rcpt (Green          $2.30
Card)
                         ========
Issue PVI:                  $20.60
                         ==========
Total:                      $20.60

Paid by:
Cash                        $21.00
Change Due:                 -$0.40

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clickship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS.
*******************************************
*******************************************
Get your mail when and where you
want it with a secure Post Office
Box. Sign up for a box online at
usps.com/poboxes.
*******************************************
*******************************************

Bill#:1000201966131
Clerk:07

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
*******************************************
*******************************************
HELP US SERVE YOU BETTER

Go to:
https://postalexperience.com/Pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
*******************************************
*******************************************

FOR PICKUP OR TRACKING: Visit www.usps.com or Call 1-800-222-1811

FROM: (PLEASE PRINT)
Russell Weisman Jr
112-24 142nd St
Jamaica NY 11436

TO: (PLEASE PRINT)
Jane Vassil Benefits Director
St Vincents Hospital
170 West 12th St
NY NY 10011

EM 451237007 US

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

Customer Copy
Label 11-F, April 2004

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jane Vassil Benefits Director
St Vincent Hospital
170 West 12th St
NY NY 10011

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Angel Luis Fernandez

117-24 142nd. St

Jamaica NY, 11436


Maddalena Fasano

U.S. Dept. of Labor E.B.S.A.

33 Whitehall St.

NY NY, 10004


July 07,2010

Dear Ms. Fasano:

   I received your telephone message on 06-17-2010 and am replying to you via email. I also received Jane Vassil's letter dated 06-08-2010.

1. I am aware that I am my wife's automatic beneficiary, we were married twice. First on 03-14-2006, in a civil ceremony in NYC. The second on 05-06-2006, in a non-denominational ceremony on Longboat Key, Florida.

2. The question as to who is the beneficiary on file has not been answered.

3. On 05-19-2010 I appeared in person at St Vincent's hospital. I identified myself as the surviving spouse of Geralyn Anne Schultz Fernandez and presented my Estate Administrator Decree to Mary Morris. I requested that I be allowed to see or obtain copies of the following:

A. The original St. Vincent's Hospital Pension plan, EIN#13-5562343 Plan# 011.

B. The new St. Vincent's Catholic Medical Center, EIN# 13-4077996 Plan# 001.

C. Automatic Enrollment Notice, Individual Benefit Statement, Annual Funding Notice, Summary of Material Modifications, Summary Annual Report, Notice of Significant Reduction in Future Benefit Accruals, Notice to Participants of Underfunded Plan.

D. Copies of the collective bargaining agreement between St. Vincent's Hospital and The New York State Nurses Association(NYSNA), to determine why NYSNA union members were placed under the St. Vincent's Pension Plan instead of the NYSNA Pension Plan.

Ms Morris refused my request. I stated that I would go to the office located at 450 West 33rd if the documents were not physically at the Hospital. Ms Morris again refused my request and informed me that someone would get back to me.

At the heart of this conflict is whether or not St Vincent's Hospital should have begun paying me my wife's Pension upon her death.

I contend that the Pre Retirement provisions of both plans do not comply with the Retirement Equity Act of 1984 in that they do not provide Automatic Survivor Death Benefits. By Automatic, I mean payable upon the death of the plan participant. I also contend that the Hospital is in violation of the Pension Protection Act of 2006 in that it failed to notify us of additional annuity options, in that I have the right to elect Survivor Death Benefits in a form other than a QPSA. I further contend that the elimination of the Vested Deferred Retirement Benefit from the original plan violates the ERISA Anti-cutback rule, in that my wife had already vested in this benefit.

My wife's employer filed for their second Chapter 11 case and has subsequently closed St. Vincent's Hospital. The case is currently in Bankruptcy Court and I request that my claim be expedited before the bankruptcy case is finished.

Please review and get back to me.

Thank you Angel L. Fernandez

EXHIBIT F

**MUTUAL OF AMERICA**

**Tax-Deferred Annuity**
**EMPLOYEE ENROLLMENT FORM**

EMPLOYER'S NAME                          **EMPLOYER INFORMATION**                    EMPLOYER NUMBER

ST. VINCENT'S HOSPITAL

EMPLOYER'S ADDRESS AND MEDICAL CENTER OF NEW YORK          City          State     Zip Code
153 WEST 11th STREET                    0707-11 I-10
NEW YORK, N.Y. 10011

SOCIAL SECURITY #    EMPLOYEE'S NAME   First   **EMPLOYEE INFORMATION**   Initial   Last

GERALYN          A          SCHULTZ

MAILING ADDRESS        Street (Include Apartment Num.)        City              State    Zip Code

P.O. Box 268   E. SETAUKET, N.Y. 11733

IF FOREIGN RESIDENT                        Province                     Country

DATE OF BIRTH ___ ☐ MALE | INITIAL CONTRIBUTION | DEPARTMENT # (Optional) | DISTRIBUTION # | TELEPHONE NUMBERS
              ☐ FEMALE | $100⁰⁰ | NURSING | 136130 | HOME (516) 751-5192   OFFICE ( )

The following three items need be completed only if you are employed by an educational institution.

Contributions will be made: ☐ Weekly   ☐ Bi-Weekly   ☐ Semi-Monthly   ☐ Monthly

☐ No paychecks are distributed during the following period: _____

☐ Paychecks are distributed throughout the year.

---

**BENEFICIARY DESIGNATIONS (Please Read Reverse Side Before Completing This Section)**

| Beneficiary Type: | Beneficiary Type: |
|---|---|
| ☒ Primary | ☐ Primary ☐ Secondary |
| Relationship: | Relationship: |
| ☐ Spouse ☐ Child ☐ Parent ☐ Estate ☒ Other | ☐ Spouse ☐ Child ☐ Parent ☐ Estate ☐ Other |
| FULL NAME First   Initial   Last | FULL NAME First   Initial   Last |
| Stephanie   A   Schultz | ON FILE |
| DATE OF BIRTH (Optional)   SOCIAL SECURITY # (Optional) | DATE OF BIRTH (Optional)   SOCIAL SECURITY # (Optional) |
| 11/21/69 | / APR 1 4 1993 |
| ADDRESS   Street | ADDRESS   Street |
| PC Box 268 | per |
| City   State   Zip Code | City   State   Zip Code |
| East Setauket NY 11733 | |
| IF FOREIGN RESIDENT   Province   Country   BENEFIT PERCENT | IF FOREIGN RESIDENT   Province   Country   BENEFIT PERCENT |
| 100 % | % |

| Beneficiary Type: | Beneficiary Type: |
|---|---|
| ☐ Primary ☐ Secondary | ☐ Primary ☐ Secondary |
| Relationship: | Relationship: |
| ☐ Spouse ☐ Child ☐ Parent ☐ Estate ☐ Other | ☐ Spouse ☐ Child ☐ Parent ☐ Estate ☐ Other |
| FULL NAME First   Initial   Last | FULL NAME First   Initial   Last |
| DATE OF BIRTH (Optional)   SOCIAL SECURITY # (Optional) | DATE OF BIRTH (Optional)   SOCIAL SECURITY # (Optional) |
| / / | / / |
| ADDRESS   Street | ADDRESS   Street |
| City   State   Zip Code | APR 1 4 1993 |
| IF FOREIGN RESIDENT   Province   Country   BENEFIT PERCENT | NEW YORK SOUTH |
| % | % |

6344.B                                                                3/93

## BENEFICIARY DESIGNATIONS

In the event of your death, the total value of your account is to be paid to the person or persons named on the front of this form. If any such person predeceases you, the portion that would have been payable to him or her will be paid to the other person or persons named.

If you wish to name an organization or an estate to receive any benefits payable, show the name of the organization or the estate in the section labeled "FULL NAME" in the portion of this form provided for naming beneficiaries.

If you name more than one primary beneficiary, or more than one secondary beneficiary, the death benefit will be paid in equal shares unless you show the percentage you want each of them to receive. If you do this, be sure your figures for each beneficiary type total 100%.

If no one you have named as a primary beneficiary is living when the death benefit is to be paid, the person(s) you name as your secondary beneficiary will receive the death benefit. If no one you have named as a primary or secondary beneficiary is living at your death, the amount payable will be paid in the following order: to (a) your widow or widower, (b) your children in equal shares, (c) your parents in equal shares, (d) your brothers and sisters in equal shares, or (e) the executors or administrators of your estate.

Name your primary and secondary beneficiaries in the space provided on the front of the form. If you need more space, attach a page showing for each beneficiary the necessary information. Please add your Employer's name and Employer number, your signature and the date.

## SPOUSE'S WAIVER (Witnessed by Notary Public or Authorized Representative of Employer)

*The Spouse's Waiver below must be completed if you are married and naming a person other than your spouse as your primary beneficiary and you are enrolling in a Tax-Deferred Annuity that your plan description describes as a plan that is subject to the spousal consent rules of ERISA.*

I understand that under Mutual of America's contract, I am entitled to be my spouse's beneficiary. As the beneficiary, I would receive a death benefit after my spouse's death. However, I agree to waive my right to be the beneficiary. I agree to let my spouse designate the beneficiary or beneficiaries named on this form.

| | |
|---|---|
| Signature of Spouse | Date |

| | |
|---|---|
| Signature and Seal of Notary Public or Signature of Authorized Representative | Date |

## ALLOCATIONS AND TRANSFERS

Mutual of America provides various interest and investment choices for your TDA. Upon enrollment, Mutual of America will issue a Personal Identification Number (PIN) to you. With a PIN, you can transfer amounts among the various interest and investment choices and change the way in which future allocations are made by calling Mutual of America's toll-free number. Mutual of America will send you a written confirmation of any transaction you make by telephone. You can also make a written request for a transfer or a change in allocation by using forms provided by Mutual of America.

Until such time as an election is received by Mutual of America, all contributions will be placed in the Short-Term Interest Accumulation Account. Amounts placed in an interest account will be credited with the rate of interest currently applicable to the account. Your balance in any investment fund will fluctuate to recognize investment results.

## STATEMENT AND SIGNATURE

I have read the current prospectus and other materials describing the contract, and after careful consideration I have found the contract to be suitable for my financial needs. Therefore, I elect to participate in the TDA.

| Signature | Date |
|---|---|
| *Joseph Schulz* | 3/29/93 |