| | |
|---|---|
| **Motion Hearing Date:** | **September 22, 2011 at 10:00 a.m. (prevailing Eastern Time)** |
| | **(expedited notice per leave of Court)** |
| **Objection Deadline:** | **September 20, 2011 at 4:00 p.m. (prevailing Eastern Time)** |

McCARTHY FINGAR LLP
Attorneys at Law
11 Martine Avenue, 12th Floor
White Plains, NY 10606
914 946-3700
Robert H. Rosh, Esq.(RR6101)
Attorneys for Angel Fernandez, individually and as administrator of the estate of Geralyn A. Schultz, deceased

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK et. al.,

Debtors.

Chapter 11

Case No. 10-11963 (CGM)

Jointly Administered

---

## NOTICE OF MOTION, UNDER LOCAL BANKRUPTCY RULE 2090-1(e), OF MCCARTHY FINGAR LLP FOR AN ORDER PERMITTING MCCARTHY FINGAR LLP TO WITHDRAW AS COUNSEL OF RECORD HEREIN FOR ANGEL LUIS FERNANDEZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF GERALYN A. SCHULTZ, DECEASED

### [Related Docket Nos. 978, 1817, 1819, 1820 and 1942]

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, the United States Bankruptcy Court for the Southern District of New York (at a Room to be determined), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on September 22, 2011 at 10:00 a.m. (prevailing Eastern Time) (the "Hearing") to hear the Motion of McCarthy Fingar LLP, counsel

of record for Angel Luis Fernandez, individually and as administrator as Geralyn A. Schultz, deceased, for an order pursuant to Local Bankruptcy Rule 2090-1(e), permitting McCarthy Fingar LLP to withdraw for cause and be relieved as counsel of record for Angel Luis Fernandez, individually and as administrator as Geralyn A. Schultz, deceased, and for such other further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your view on the Motion, you, or where applicable, your attorney, must attend the Hearing. If you or your attorney does not attend the Hearing, the Court may grant the relief requested in the Motion. Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in these bankruptcy cases.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion, any exhibits thereto, and the Case Management Order can be viewed and obtained on the Court's website www.ecfnysb.uscourts.gov or (without charge) at http://svcmcrestructuring.com

Dated: September 16, 2011
      White Plains, New York

                McCARTHY FINGAR LLP

                By: /s/ Robert H. Rosh
                   Robert H. Rosh, Esq. (RR6101)
                Attorneys for Angel Luis Fernandez
                11 Martine Avenue
                White Plains, NY 10606-1934
                (914) 946-3700

McCARTHY FINGAR LLP
Attorneys at Law
11 Martine Avenue, 12th Floor
White Plains, NY 10606
914 946-3700
Robert H. Rosh, Esq. (RR6101)
Counsel for Angel Luis Fernandez, individually and as administrator of the estate of Geralyn A. Schultz, deceased

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK et. al.,

                              Debtors.

---

Chapter 11

Case No. 10-11963 (CGM)

Jointly Administered

---

### MOTION, UNDER LOCAL BANKRUPTCY RULE 2090-1(e), OF MCCARTHY FINGAR LLP FOR AN ORDER PERMITTING MOVANT TO WITHDRAW AS COUNSEL OF RECORD HEREIN FOR ANGEL LUIS FERNANDEZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF GERALYN A. SCHULTZ, DECEASED

TO THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE:

This motion is made by McCarthy Fingar LLP, on an expedited basis with leave of court,

for an order, under Local Bankruptcy Rule 2090-1(e), permitting McCarthy Fingar LLP to

withdraw for cause and be relieved as counsel of record for Angel Luis Fernandez, individually

and as administrator as Geralyn A. Schultz, deceased, and for such other further relief as the

Court may deem just and proper.

<u>JURISDICTION AND VENUE</u>

1.      The Court has subject matter jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334. We submit this motion concernsa core proceeding under 28 U.S.C. § 157(b)(2) as it is relates to the representation of Angel Luis Fernandez, who stands in the capacity as an unsecured creditor of Debtor's estate given the filing of the Mr. Fernandez's proofs of claims in October 2010, as further discussed below.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Local Bankruptcy Rule 2090-1(e), which provides that an attorney who has appeared as "attorney of record may withdraw or be replaced only by order of the Court for cause shown."

<u>GENERAL BACKGROUND</u>

4. On or about October 6, 2010, Mr. Fernandez in his individual and representative capacities filed proofs of claim against the debtor, Saint Vincents Catholic Medical Centers of New York ("Debtor") (copies of which are attached hereto as Exhibits "A" and "B," respectively (without exhibits). Mr. Fernandez's claims against the Debtor consistent of two components, arising under: (a) a tax deferred annuity plan formed under Section 403(b) of the Internal Revenue Code, 26 U.S.C. §403(b) (the "TDA Plan") and (b) the Saint Vincent Catholic Medical Centers Retirement Plan (the "Retirement Plan").

5. By Request for Notice dated October 5, 2010 (Docket No. 978), a copy of which is attached hereto as "Exhibit C," McCarthy Fingar LLP appeared in this case for Mr. Fernandez, individually and administrator for the Decedent's estate.

6. Mr. Fernandez's claim under the TDA Plan is based upon the Debtor's refusal to recognize, and to pay benefits to Mr. Fernandez's rights under the plan, as the surviving spouse of a participant (his now deceased wife, Geralyn A. Schultz, the Decedent) with vested rights in the TDA Plan, in violation of the Employee Retirement Income Security Action of 1974

("ERISA"), 29 U.S.C §§1001, *et seq.*   With respect to the TDA Plan, Mr. Fernandez also claims damages arising from an improper loan made thereunder without Mr. Fernandez' consent or knowledge and, *inter alia*, the Debtor's failure to produce plan documents to Mr. Fernandez in violation of 29 U.S.C. §1132(c)(1)(B).

7.      In his representative capacity on behalf of deceased wife's estate, Mr. Fernandez also seeks damages under the TDA Plan arising from the aforementioned unauthorized loan therefrom, resulting in, *inter alia*, a tax liability, and therefore damages to the Decedent's estate.

8.      Mr. Fernandez's claim under the Retirement Plan relates to pension payments that are due and payable to Mr. Fernandez beginning on a future date.

9.      On or about July 5, 2011, Debtor sought to expunge Mr. Fernandez's claim under the Retirement Plan in the Seventh Omnibus Objection of the Debtors and Debtors in Possession to Certain Pension Plan Claims ("Seventh Omnibus Objection") (Docket No. 1778).   On or about July 19, 2011, Mr. Fernandez submitted a response to the Seventh Omnibus Objection ("Response") (Docket Nos. 1817 & 1819) that was addressed to be heard at the September 15, 2011 Hearing.   At the September 15, 2011 hearing, Mr. Fernandez appeared before the Court along with the movant hererin, McCarthy Fingar LLP.   As to Mr. Fernandez' claim under the Retirement Plan (Claim No. 2550), the proposed treatment of Mr. Fernandez' Response under the Seventh Omnibus Objection was determined to be held in abeyance until the November 3, 2011 hearing scheduled in this proceeding.   The movant, McCarthy Fingar LLP, sought leave to move to withdraw for cause as counsel for Mr. Fernandez.

10.      In light of the Court's direction to move for such relief on expedited notice, this motion follows.

## SUFFICIENT CAUSE EXISTS TO PERMIT McCARTHY FINGAR LLP TO WITHDRAW AS MR. FERNANDEZ' COUNSEL

11. Movant, McCarthy Fingar LLP, seeks leave to withdraw and be relieved as Mr. Fernandez's counsel herein (in his individual and representative capacities), based upon: (i) the breakdown of communications between Mr. Fernandez and McCarthy Fingar LLP, as evidenced by Mr. Fernandez' letter to the Court seeking to represent his own interests, as further discussed below; and (ii) Mr. Fernandez' failure to make payment of legal fees due to the firm, along with payment of the costs and distributions advanced thereby. Further, as discussed below, McCarthy Fingar LLP's withdrawal will not prejudice Mr. Fernandez' interests nor the resolution of his claims against Debtor.

12. At the time McCarthy Fingar LLP was retained by Mr. Fernandez, he had initially utilized prior counsel to assist him with the treatment of his claims under the Retirement Plan and the TDA Plan by the Debtor prior to the Debtor's filing of the Bankruptcy Petition and during the early stages after Debtor's bankruptcy proceeding commenced.

13. New York law provides a client's failure to communicate with his attorneys operates as a ground for the attorney to withdraw for cause. See 6A N.Y. Jur. 2d Attorneys at Law § 79. There has been a breakdown of communication between McCarthy Fingar LLP and Mr. Fernandez as evidenced most recently by Mr. Fernandez's letter, date stamped "received" as of August 22, 2011, (annexed hereto as "Exhibit D") (Docket No. 1942) where he addresses the Court and seeks advice or direction from the Court as retaining other counsel who may represent Mr. Fernandez on a pro bono basis. This breakdown was not born of one incident, but rather has been ongoing since at least June of this year when movant received a phone call from a pension

attorney who was purportedly contacted by Mr. Fernandez regarding obtaining information as to the prosecution of his claims. Mr. Fernandez' contact of this other attorney, and his August 22, 2011 letter to this Court, demonstrates his intentions to look elsewhere for legal advice in securing counsel other than this firm who he retained as his counsel of record. Of import, this lack of communication indicates a deterioration of the attorney/client relationship between Mr. Fernandez and the firm whereby he has questioned the firm's representation of him as client.

14. In addition to the breakdown of the attorney-client relationship, there has been non-payment of legal fees. New York case law provides the non-payment of fees is another ground for withdrawal of the attorney. See Benefield v. City of New York, 824 N.Y.S.2d 889 (Sup. Ct. Bronx Co. 2006). As of the date of this motion, Mr. Fernandez owed McCarthy Fingar LLP the sum of $7,178.34 for legal services and disbursements and costs advanced in connection with this case, or otherwise in connection with and for purposes of enforcing Mr. Fernandez's rights under the TDA and Retirement Plans. The sum owed to McCarthy Fingar LLP exceeds the payments previously thereto paid by Mr. Fernandez for legal services rendered thereto by this firm.

15. Mr. Fernandez will not prejudiced by the firm's withdrawal, as he will have the opportunity, if he chooses, to retain new counsel to protect his interests in the retirement accounts which are subject of his proofs of claim in this case that are not yet resolved.

16. No prior application of the relief sought herein has been made by McCarthy Fingar LLP in connection with this case.

Dated: September 16, 2011
White Plains, New York

McCARTHY FINGAR LLP

By: /s/  Robert H. Rosh
    Robert H. Rosh, Esq. (RR6101)
Attorneys for Angel Luis Fernandez
11 Martine Avenue
White Plains, NY 10606-1934
(914) 946-3700

**EXHIBIT A**

| United States Bankruptcy Court for the Southern District of New York<br>Saint Vincents Catholic Medical Centers of New York (2010) Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>Grand Central Station, P.O. Box 4834<br>New York, NY 10163-4834 | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor Against Which Claim is Held<br>Saint Vincents Catholic Medical Centers of New York | Case No. of Debtor<br>10-11963 (CGM) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Angel Luis Fernandez
117-24 142nd Street
Jamaica, NY 11436

angel.l.fernandez@gmail.com
Telephone number: 917-825-8816    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
(see summary annexed)
☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 52,404.53 under an IRC 403(b) plan and survivor annuity benefit payments under a Pension Plan (see annexed summary of claim).
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.
   Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** Unpaid benefits under an IRC 403(b) Plan and Pension plan (see annexed summary of claim)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as:    81-657413-8
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 8 and definition of "redacted" on reverse side.)*
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

**Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,600 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

**FOR COURT USE ONLY**

| Date:<br>October 4, 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Angel Luis Fernandez |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FILED | RECEIVED

OCT 6 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                          Chapter 11

SAINT VINCENTS CATHOLIC MEDICAL              Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,

                                                Jointly Administered

                    Debtors.
-----------------------------------------------------------------X

## Summary of Creditor, Angel Luis Fernandez's Claim

Creditor, Angel Luis Fernandez's claim arises under and is based upon death benefit payments due and owing thereto from the Debtor, Saint Vincents Catholic Medical Centers of New York (the "Debtor") under: (a) a tax deferred annuity plan formed under Section 403(b) of the Internal Revenue Code, 26 U.S.C. §403(b) (hereinafter the "TDA Plan"); and (b) the Saint Vincent Catholic Medical Centers Retirement Plan (hereinafter the "Retirement Plan").

### The TDA Plan

Creditor's claim under the TDA Plan is based upon Creditor's now deceased spouse's (Geralyn A. Schultz) (the "Decedent") enrollment in the TDA Plan in 1993, as evidenced by the Employee Enrollment Form signed by Decedent and filed with Debtor's predecessor-in-interest, Saint Vincent's Hospital Medical Center of New York, on or about April 14, 1993, a copy of which is annexed hereto as Exhibit "A." Upon information and belief, the TDA Plan was at all relevant times and continues to be subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, et seq.

As set forth and as evidenced by the Employee Enrollment Form, Decedent designated her sister, Stephanie A. Schultz, as beneficiary under the TDA Plan. Subsequent to that designation, however, Decedent and Creditor were married, as evidenced by the certificate of marriage (the "Marriage") annexed hereto as Exhibit "B." By and as a result of the Marriage, Creditor became entitled to Decedent's death benefits under the TDA Plan pursuant to ERISA, 29 U.S.C. §1055. See, e.g. Hess v. Wojcik-Hess, 2010 WL 396284 (N.D.N.Y. 2010) (holding that "[u]nder 29 U.S.C. § 1055, the surviving spouse of a participant vested in an ERISA plan is entitled to a 'qualified preretirement survivor annuity' if the participant dies before the annuity starting date").

Notwithstanding Debtor's notice and knowledge of the Marriage (see communications between Creditor through counsel and Debtor by its agent, Mutual of America, Ex. "C" hereto), Debtor refuses and fails to recognize Creditor's rights under the TDA Plan as Decedent's surviving spouse, and has threatened and may have already remitted payment of the benefits under the TDA Plan to Decedent's sister, in disregard and violation of ERISA and the TDA Plan. As evidenced by the account statement annexed hereto as Exhibit "D," the balance of Creditor's interest in the TDA Plan was $28,245.13 as of March 31, 2010, to which, we submit, Creditor is entitled.

Further, as evidenced by the letter forwarded to Debtor from Creditor's counsel on or about December 7, 2009, annexed hereto as Exhibit "E", Debtor was requested but has failed to provide information and plan documents concerning the TDA plan and the Retirement Plan to Creditor, in disregard and violation of ERISA, 29 U.S.C. §1132(c)(1)(B) (providing that the court may in its discretion subject the plan administrator to "personal [ ] liab[ility] to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal ....") (See also e-mail sent on April 14, 2010 from Creditor to Department of Labor seeking information about plan documents; letter dated April 22, 2010 from Creditor to Saint Vincents Catholic Medical Centers of New York (same) and letter dated July 7, 2010 from Creditor to Department of Labor (same), Ex. "F" hereto).

Further, upon information and belief, certain funds from the TDA Plan were improperly loaned to Decedent in the principal amount of $12,110.79 (see 2009 1099-R form issued to Decedent's estate by Debtor's Agent with respect to the TDA Plan, Mutual of America, evidencing the principal amount of the loan to Decedent of $12,110.79, Exhibit "G" hereto) without Creditor's written or other consent. As evidenced by the IRS publication entitled "Retirement Topics – Loans" annexed hereto as Exhibit "H," some qualified [403(b)] plans require a participant spouse's written consent before giving a loan greater than $5,000." Based on Debtor's continuing failure to provide plan documents to Creditor, Creditor has been unable to ascertain whether said plan required spousal consent as a condition of making the aforesaid loan (the "Loan") to Decedent. Creditor is consequently seeking damages against Debtor in the principal amount of the Loan.

By and as a result of the foregoing Creditor incurred and continues to incur fees for legal services rendered in attempting to recoup and recover the benefits due to Creditor under the TDA Plan, as evidenced by, but not limited to, the invoice annexed hereto as Exhibit "I."

As of the date and filing of the bankruptcy petition herein on April 14, 2010, Creditor's claim against Debtor in respect to the TDA Plan was $52,404.53, composed of as follows:

| | |
|---|---|
| 1. Unpaid principal amount of annuity due and payable to Creditor.................. | $28,245.13 |
| 2. Interest on the unpaid principal from 3/31/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis........................... | $98.86 |
| 3. Legal fees incurred by Creditor as of April 14, 2010................................ | $1,775.00 |
| 4. Claim for failure to provide plan documents in violation of 29 U.S.C. §1132(c)(1)(B) in the amount of $100 per day between January 6, 2010 and April 14, 2010 (99 days x $100)................................................. | $9,900.00 |
| 5. Claim arising from loan made from the TDA Plan to Decedent without Creditor's consent (less $39.11 loan refund by Mutual of America to the Estate of Geralyn Schultz, Exhibit "J" hereto)...................................... | $12,071.68 |
| 6. Interest on the unpaid loan from 01/01/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis............................. | $313.86 |
| **TOTAL**.................................................................................................. | **$52,404.53** |

As evidenced by the document annexed hereto as Exhibit "K," Debtor established a new TDA Plan effective retroactively to July 1, 2001 and amended and restated through December 31, 2009 (the "New TDA Plan"). Debtor, through its agent, Mutual of America, has taken the position that the New TDA Plan is a "church plan" within the meaning 26 U.S.C. §414 and 29 U.S.C. §1002(33), and is therefore exempt from the benefits and guarantees of ERISA. (See communications between Creditor's counsel and Mutual of America, Ex. "C" hereto). Debtor's agent has taken the further position that because the New TDA Plan does not contain a spousal consent provision, Creditor has no right to receive benefit payments thereunder. As discussed below, Debtor's position is inconsistent and contrary to the express terms of the New TDA Plan, and should be rejected.

As set forth in Article I of the New TDA Plan, the terms of the plan "...apply only to those persons who are Active Participants on or after July 1, 2001, as specified herein, [and that] [a]ny other person who was a participant in the Predecessor Plan shall have his or her benefits and rights determined under the Predecessor Plan..." (emphasis added). In Article II of the New TDA Plan, Active Participant is defined to mean a person "who is an active Employee and who satisfies the eligibility and participation requirements of Section 3.1." (emphasis added). As set forth in Article III, Section 3.1, the participation requirements mandate and require the employee to be classified "as a Vice President (or higher) or a Deputy, General Counsel or physician (excluding house staff residents and fellows) or Department Chairperson to be eligible to participate..." The Decedent, however, was at no time during her employment relationship with Debtor classified as any of the aforestated positions but rather, was classified and employed as a registered nurse, and therefore did not meet the participation requirements under Article III, Section 3.1 of the New TDA Plan, and was therefore not an "Active Participant" within the meaning and intent of the New TDA Plan. Consequently, and as expressly provided in the New TDA Plan, Decedent (and we submit, Creditor's rights as her surviving spouse) are to be determined under the "Predecessor Plan" which, upon information and belief as discussed above, was at all times and continues to be subject to ERISA.

### Retirement Plan

Creditor's claim against the Retirement Plan is evidenced by, but not limited to, Debtor's letter dated December 10, 2009 addressed to Creditor, annexed hereto as Exhibit "L." Therein, Debtor affirmatively represents that Creditor's monthly pension benefits under the Retirement Plan will begin on December 1, 2022 in the amount of $339.30 per month or, alternatively, depending on Creditor's election, on December 1, 2032, in the monthly amount of $829.78, for Creditor's lifetime. Summary descriptions of the Retirement Plan are annexed hereto as Exhibit "M," collectively. Creditor has requested, but has not received from Debtor, a full copy of the Retirement Plan or other pertinent plan documents.

### Related Proof of Claim

Contemporaneously with the filing of this proof of claim, Creditor, as Administrator of the Decedent's Estate, is filing a proof of claim on behalf of the Estate in the amount of $12,652.60.

**EXHIBIT B**

| United States Bankruptcy Court for the Southern District of New York<br>Saint Vincents Catholic Medical Centers of New York (2010) Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>Grand Central Station, P.O. Box 4834<br>New York, NY 10163-4834 | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Saint Vincents Catholic Medical<br>Centers of New York | 10-11963 (CGM) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Angel Luis Fernandez, as Administrator
of the Estate of Geralyn A. Schultz, Deceased
117-24 142nd Street
Jamaica, NY 11436

Telephone number: 917-825-8816    Email Address: angel.l.fernandez@gmail.com

Name and address where payment should be sent (if different from above)

Telephone number:            Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
_____
(if known)

Filed on: _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. (see summary annexed)
☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **$12,652.60**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.
   Attach itemized statement of interest or additional charges.

2. Basis for Claim: Damages flowing from an unauthorized loan under an IRC 403(b) Plan
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: 81-657413-8
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:
   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,600 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   Amount entitled to priority:

   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 8 and definition of "redacted" on reverse side.)
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date:<br>October 4, 2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]*<br>Angel Luis Fernandez, as Administrator |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re:                                                        Chapter 11

SAINT VINCENTS CATHOLIC MEDICAL                               Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,
                                                             Jointly Administered
        Debtors.
-----------------------------------------------------------X

## Summary of Creditor, Angel Luis Fernandez's Claim

    Creditor, Angel Luis Fernandez, as Administrator of the Estate of Geralyn A. Schultz's (the "Decedent") claim against Saint Vincents Catholic Medical Centers of New York (the "Debtor") arises under and is based upon a loan (the "Loan") that was made to Decedent from a tax deferred annuity plan formed under Section 403(b) of the Internal Revenue Code, 26 U.S.C. §403(b) (hereinafter the "TDA Plan") in the principal amount of $12,110.79. A copy of the Letters of Administration that were issued to Angel Fernandez by the Surrogate's Court in and for the County of New York in 2009 (and therefore entitles Mr. Fernandez to file and maintain this claim on behalf of the Estate) is annexed hereto as Exhibit "A."

    Upon information and belief, the proceeds of the Loan were improperly advanced to Decedent without the consent, approval or knowledge of Creditor. As evidenced by the IRS publication entitled "Retirement Topics – Loans" annexed hereto as Exhibit "B," "some qualified [403(b)] plans require a participant spouse's written consent before giving a loan greater than $5,000." As evidenced by the 1099-R form issued to the Decedent's Estate from the Debtor's agent, Mutual of America (Ex. "C" hereto), the Decedent's Estate incurred a federal tax liability arising from the Loan in the amount of $2,682.85. Based on Debtor's continuing failure to provide plan documents concerning, but not limited to, the TDA Plan (as discussed below), Creditor has been unable to ascertain whether said plan required spousal consent as a condition of making the Loan to Decedent. Creditor is consequently seeking damages against Debtor in the amount equal to its claimed tax liability of $2,682.85.

    As evidenced by, but not limited to, a letter forwarded by Creditor's counsel to Debtor on or about December 7, 2009, as (Ex. "D" hereto), Debtor was requested but has failed to provide information and plan documents with respect to the TDA plan to Debtor, in violation of ERISA, 29 U.S.C. §1132(c)(1)(B) (providing that the court may in its discretion subject the plan administrator to "personal [ ] liab[ility] to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal ....") (See also e-mail sent on April 14, 2010 from Creditor to Department of Labor seeking information about plan documents; letter dated April 22, 2010 from Creditor to Saint Vincents Catholic Medical Centers of New York (same) and letter dated July 7, 2010 from Creditor to Department of Labor (same), Ex. "E" hereto). Notwithstanding Debtor's failure to provide plan documents concerning the TDA Plan, Creditor has in his possession and is hereby attaching as Exhibit "F," a beneficiary designation form executed by Decedent with respect to the TDA Plan.

{00259869.DOC.}

Based upon the foregoing, Creditor has a claim for damages against Debtor for failure to produce documents concerning the TDA Plan and upon Debtor's failure to secure Creditor's consent prior to advancing the proceeds of the Loan to the Decedent. As of the date and filing of the bankruptcy petition herein on April 14, 2010, Creditor's claim against Debtor was composed of as follows:

| | |
|---|---|
| 1. Claim arising from Loan in the amount equivalent to the federal tax liability incurred by the Estate arising from the Loan………………………………… | $2,682.85 |
| 2. Interest on the unpaid claimed tax liability from 01/01/10 to 4/14/10, calculated at the statutory rate of 9% per annum on a 360 day basis…………....... | $69.75 |
| 3. Claim for failure to provide plan documents in violation of 29 U.S.C. §1132(c)(1)(B) in the amount of $100 per day between January 6, 2010 and April 14, 2010 (99 days x $100) per day……………………………… | $9,900.00 |
| **TOTAL**………………………………………………………………............. | **$12,652.60** |

### Related Proof of Claim

Contemporaneously with the filing of this proof of claim, Creditor, individually, is filing a proof of claim against Debtor in the amount of $52,404.53, based on Debtor's failure to pay death benefits to Creditor under the TDA Plan (as the Decedent's surviving spouse), and for survivor annuity payments due and owing to Creditor under the Saint Vincent Catholic Medial Centers Retirement Plan.

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SAINT VINCENT'S CATHOLIC<br>MEDICAL CENTERS OF NEW YORK, et al. | Chapter 11<br><br>Case No. 10-11963<br><br>Jointly Administered |

## REQUEST FOR NOTICE

      Please take notice that Angel Fernandez, individually and as Administrator as a creditor in the above-captioned case, hereby appears through his counsel, McCarthy Fingar LLP. Creditor hereby requests that notices and pleadings, except original process, be addressed to its attorneys as follows:

> Robert H. Rosh, Esq.
> McCarthy Fingar LLP
> 11 Martine Avenue, 12th Floor
> White Plains, New York 10606
> Tel. No. 914-946-3700
> Fax No. 914-946-0134
> E-mail: rrosh@mccarthyfingar.com

Dated this 5th day of October 2010.

McCARTHY FINGAR LLP

By: _____
    Robert H. Rosh, Esq.(RR6101)
    Attorneys for Angel Luis Fernandez,
    individually and as Administrator of
    the Estate of Geralyn A. Schultz,
    deceased
    11 Martine Avenue, 12th Floor
    White Plains, New York 10606
    Tel. No. 914-946-3700
    Fax No. 914-946-0134
    E-mail: rrosh@mccarthyfingar.com

## CERTIFICATION OF SERVICE

Julie Montgomery, declares:

1.     I am an employee of McCarthy Fingar LLP which represents creditor, Angel Luis Fernandez, individually and as Administrator of the Estate of Geralyn A. Schultz, Deceased. I am over the age of 18, and competent to make this Certification.

2.     On October 6, 2010, I served a true copy of the accompanying Request for Notice in the following manner and by mailing the same in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below which has been designated for serve by the addresses(s)or if no such address, has been designate, is the last known address of the addressee(s) (including counsel for the Debtor and Epiq Bankruptcy Solutions, LLC.:

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
Attn: Kenneth H. Eckstein, Esq.
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
Gregory G. Plotko, Esq.
New York, New York 10036

and by e-mail to:
boneill@kramerlevin.com
gplotko@kramerlevin.com
keckstein@kramerlevin.com
arogoff@kramerlevin.com

Epiq Bankruptcy Solutions, LLC
757 Third Avenue
Att: St. Vincent's 2010 Department
New York, New York 10071

and by e-mail to svcmc2010@epiqsystems.com

Saint Vincents Catholic Medical Centers of New York et al
170 W. 12th Street, Smith 5
Attn: Jennifer Coffey, Esq.
Deputy General Counsel
New York, New York 10011

{00259784.DOC.}

and by email to:
jcoffey@svcmcny.org

_Julie Montgomery_
Julie Montgomery

Sworn to before me this
6th day of October 2010

_____
Notary Public

ROBERT H. ROSH
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RO4999781
QUALIFIED IN WESTCHESTER COUNTY
TERM EXPIRES JULY 27, 20 T4

**EXHIBIT D**

Angel Luis Fernandez
117-24 142nd St.
Jamaica, NY 11436
Cell: 917-825-8816
Claim # 2550
Case #10-11963

Judge Cecelia G. Morris
355 Main Street
Poughkeepsie, NY 12601-3315

Dear Judge Morris:

Your Honor, my name is Angel Luis Fernandez. I have filed a claim against SVCMC. At the heart of the matter is the fact that St. Vincent's has existed as two separate corporate entities each with a different tax exempt status and their refusal to comply with ERISA mandated Federal laws. My attorney is now dropping my case because of fees that I owe the firm. I have paid the firm thousands of dollars and that money has only gotten me as far as filing a claim. I have attempted to obtain free legal representation but free attorneys do not have experience with The U.S. Bankruptcy Court. I am writing to ask if there is a Pro Bono service that might be available. If there is no such service available then I will proceed on my own. As I have researched this situation, I have discovered a lot of information that I need to present to the court. Who do I direct this to? Please pardon my ignorance and thank you for your attention.

Sincerely,

*Angel L. Fernandez*

Angel L. Fernandez

RECEIVED
AUG 2 2 2011
U.S. BANKRUPTCY COURT
POUGHKEEPSIE, N.Y.