Michael S. Davis  
Mary G. McCarthy  
ZEICHNER ELLMAN & KRAUSE LLP  
1211 Avenue of the Americas  
New York, New York 10036  
Telephone (212) 223-0400  

Hearing Date: January 23, 2014 at 11:00 a.m.  
Objection Deadline: January 16, 2014 at 4:00 p.m.  

*Attorneys for the AIG Companies*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re : <br><br> SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK, et al., <br><br> Debtors. | Chapter 11 <br><br> Case Nos. 10-11963 (CGM) <br><br> Jointly Administered |

**REPLY MEMORANDUM OF THE AIG COMPANIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE COUNTERCLAIMS IN <u>AN ARBITRATION PROCEEDING COMMENCED BY DEBTORS</u>**

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), on behalf of itself and each of its affiliates that provided insurance coverages to the Debtors (together, the "AIG Companies"), by its undersigned counsel, respectfully files this reply memorandum in support of their motion (the "Motion") for an order granting relief from the automatic stay to pursue counterclaims against Saint Vincents Catholic Medical Centers of New York ("SVCMC") and its related debtors (collectively, the "Debtors") in the pending arbitration commenced by the Debtors.

**PRELIMINARY STATEMENT**

Debtors do not dispute that the stay should be modified. In their response to the Motion, Debtors state:

> It does not appear that the parties will be able to settle the Arbitrable Claim Disputes by mutual agreement. Accordingly, consistent with the Arbitration Agreement, it is appropriate for the Arbitrable Claim Disputes to be determined expeditiously by an arbitration panel comprised of 3 arbitrators. [Footnote Omitted.]

10-11963, ECF 3811, p. 3. Debtors do ask this Court, however, to limit the relief from stay to specifically identified issues, and to direct that a newly selected separate arbitration panel hear the AIG Companies' counterclaims. The Court should do neither.

Fundamentally, both questions that the Debtors ask this court to decide are for the arbitrators to decide. The governing Arbitration Agreement[1] provides:

> The arbitrators … will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability.

Motion, Exhibit A, p. 13. Also, the Arbitration Agreement specifies that there shall be "a single arbitration panel." Id.

Moreover, Debtors are seeking to prevent or condition relief from the stay and yet Debtors agreed in the Arbitration Agreement not to "contend that its duty to arbitrate disputes under the Program are impaired, altered or limited" by the bankruptcy filing. Id. Further, Debtors fail to offer any evidence, and thus make no attempt, to satisfy Section 362(f) of the Bankruptcy Code, which squarely provides that the Debtors have the burden of proof on all issues that they raise in this Motion, but no evidence is offered.

---

[1] Capitalized terms not defined herein and Exhibits have the same meaning as set forth in the Motion.

# I

# A SINGLE ARBITRATION PANEL SHOULD DECIDE ALL DISPUTES

The issue of multiple arbitration panels is contrary to the Arbitration Agreement, contrary to sound administration of this dispute, and contrary to facts that underlie this dispute.

### A.    The Agreement Specifies a Single Arbitration Panel

The Arbitration Agreement provides:

> WHEREAS, [SVCMC, QIL and the AIG Companies] desire that any disputes that arise in connection with the Program and/or Reinsurance *be decided by a single arbitration panel in accordance with the Arbitration Clause*. [Emphasis added]

Motion, Exhibit A, p. 13. Debtors essentially disregard this simple, plain and specific mandate for "a single, arbitration panel."

### B.    Multiple Panels Are Contrary to the Sound Administration of the Dispute

Quite apart from the governing language that there be "a single arbitration panel," sound principals of dispute management call for one arbitration panel. Since the adoption of the Federal Rules of Civil Procedure courts have recognized that counterclaims must be heard together with a plaintiff's claim wherever factually related. See FRCP 13(a). These claims are related.

Fundamentally, the claims and counterclaims arise from the same series of contracts administered for the Debtors by the same people, with all the Debtors' financial responsibilities secured or guaranteed (as the Court will recall from the QIL motion decided

December 18, 2013, 10-11963. ECF 3786)) by a letter of credit from the Queensbrook Insurance Limited, a non-debtor subsidiary of the Debtors.

More specifically, submitted herewith are Declarations of Charles Murray and Yan Xia, which, taken together, show that the Debtor's the claims and AIG's counterclaims arise out of the same "transactions or occurrences," will involve some of the same events, and can be expected to turn on some of the same evidence. 10-11963, ECF 3815 and 3816. Moreover, even when not compulsory under the principle of FRCP 13(a), the opposing claims are certainly appropriate as claims and counterclaims under the principle of FRCP 13(b).

Courts allow, and consistently endorse, that claim against the same parties be heard together, even if only tangentially related, absent substantial prejudice. See, Labware Inc. v. Thermo Labsystems, Inc., 2005 U.S. Dist. Lexis 1452 at *5-6 (E.D.Pa., Jan. 31, 2005) (When counterclaim was challenged as untimely, the court held that there was no substantial prejudice and "logic and judicial economy dictate that the… claims be disposed in a single action."). Here, no prejudice is shown. Further, if there were an assertion of prejudice that justified separate proceedings, consideration of whether that assertion has merit is the sole province of the arbitrators, who (as noted above) have "exclusive jurisdiction over the entire matter."

C. **The Request for Multiple Panels is Grounded in Incorrect Assertion of Fact and Unsupported by Any Evidence**

The request for multiple panels is based on incorrect assertions of fact.

Debtors contend the issues in the claims and the counterclaims are unrelated. Of course this is incorrect at the most basic level. As noted, the claims and counterclaims arise from several of the same insurance policies. Additionally, the documents submitted with the Murray

and Xia declarations show that the same Debtors' representative, Steven DeLuca, had supervisory responsibility for the subject matters raised by the opposing claims. The Debtors' claim in the arbitration involves the handling of workers compensation claims, and the counterclaim includes issues concerning the reserving values for the same claims arising from the same contracts. AIG anticipates that Steven DeLuca will be an important witness concerning both the claims and the counterclaims, and he will be asked to address the same documents and the same events, concerning both the claims and the counterclaims.

Debtors contend that they were unaware of the counterclaims when the arbitration panel was selected. This is not correct. On July 1, 2013 AIG counsel wrote to Debtors' counsel and specifically asked for consent to modify the stay to allow counterclaims. On August 8, 2013 AIG counsel wrote to Debtors' counsel with a detailed description of those claims with supporting documents. The Panel was not finally selected until November 14, 2013.

Debtors contend that the Panel is not suited to hear the counterclaims. This too is not correct. Mr. Robert Schwebel, who Debtors selected, is the Risk Manager of a hospital, thus he must be expert both in workers compensation and medical malpractice issues. Mr. DeCarlo, the neutral third arbitrator has been general counsel of an insurance company, general counsel of an insurance regulatory organization and a partner in a law firm. Mr. Decarlo certainly meets the Debtors' criteria that the counterclaims should be decided by a lawyer, which he is.

Finally, any dispute of fact that may justify multiple panels should be for the existing panel, with its "exclusive jurisdiction over the entire matter" to resolve.

## II

## THE LIFT STAY SHOULD INCLUDE ALL COUNTERCLAIMS AND THE PANEL SHOULD SUPERVISE THE ADJUDICATION OF THE PROCEEDING

Debtors ask this Court to restrict the jurisdiction of the arbitration panel to identified disputes, rather than all claims asserted in the AIG Companies' proofs of claim. There is no contractual or legal basis for the Debtors or the Court to decide which claims the AIG Companies may pursue, and whether there are claims that may not be asserted.

AIG proposes that the claims set out in its proofs of claim, and in its August 8 letter, and in the hundreds of pages accompanying that letter, are the claims asserted. The Panel will decide which of these claims have merit, when they will be heard, and how the arbitration proceedings will be conducted.

There is no contention that any such claims are beyond the scope of the Arbitration Agreement. As this Court recognized in the QIL decision, its jurisdiction ends once a non-bankruptcy law issue is raised that falls within the scope of the Arbitration Agreement. 10-11963, ECF 3786, p. 22.

## III

## THE DEBTORS' OPPOSITION IS CONTRARY TO THE ARBITRATION AGREEMENT

Debtors seek to rely upon the automatic stay to narrow or alter their duty to arbitrate and to deprive the AIG Companies and the arbitrators of jurisdiction. Yet the Arbitration Agreement provides:

>[Debtors] agrees that it shall not contend that its duty to arbitrate disputes arising under the Program are impaired, altered or limited by the fact that it has filed a bankruptcy petition in the United States Bankruptcy Court, Southern District of New York, No. 10-11963.

Given this commitment by the Debtors, their opposition should be overruled for this reason also.

## CONCLUSION

WHEREFORE, the AIG Companies requests that this Court enter an order referring the Counterclaims to arbitration in the existing arbitration proceeding before the existing arbitration panel, and for such other and further relief as may be just and proper.

Dated: January 22, 2014

                                                    ZEICHNER ELLMAN & KRAUSE LLP

                                        By:  /s/ Michael S. Davis
                                                Michael S. Davis
                                                Mary G. McCarthy
                                                Attorneys for the AIG Companies
                                                1211 Avenue of the Americas
                                                New York, New York  10036
                                                Telephone: (212) 223-0400
                                                Facsimile: (212) 753-0396