**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:

SAINT VINCENT'S CATHOLIC MEDICAL
CENTERS OF NEW YORK, *et al.*[1],

      Debtors.

---------------------------------------------------X---------------------------------------------------

In re:

SAINT VINCENT'S CATHOLIC MEDICAL
CENTERS OF NEW YORK, *et al.*[2],

      Debtors.

---------------------------------------------------------X

Chapter 11

Case No. 05-14945 (CGM)
Jointly Administered


Chapter 11

Case No. 10-11963 (CGM)
Jointly Administered

**ORDER EXPUNGING UNLIQUIDATED MEDMAL CLAIMS**

Upon the *Motion for Entry of an Order: (I) Enforcing the SV2 Confirmation Order, (II) Releasing the MedMal Trust Funds, and (III) Granting Related Relief* [Docket Nos. 4361 (SV1 Cases) and 4396 (SV2 Cases)] (the "Motion")[3] filed by Michael E. Katzenstein (the "MedMal Trust Monitor"), in his capacity as the MedMal Trust Monitor of the MedMal-MW Trust, the MedMal-SI Trust, and the MedMal-BQ Trust, seeking, among other relief, entry of an order disallowing and expunging the Unliquidated MedMal Claims; the Motion having been considered

---

[1] The debtors in these chapter 11 cases (the "SV1 Cases") include Saint Vincent's Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers ("SVCMC"), Medical Service of St. Vincent's Hospital and Medical Center, P.C., Surgical Service of St. Vincent's, P.C., CMC Cardiology Services P.C., CMC Physician Services P.C., and CMC Radiological Services P.C. (collectively, the "SV1 Debtors").

[2] In addition to SVCMC, the debtors in these chapter 11 cases (the "SV2 Cases") include 555 6th Avenue Apartment Operating Corporation, Bishop Francis J. Mugavero Center for Geriatric Care, Inc., Chait Housing Development Corporation, Fort Place Housing Corporation, Pax Christi Hospice, Inc., Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center, St. Jerome's Health Services Corporation d/b/a Holy Family Home, and SVCMC Professional Registry, Inc. (collectively, the "SV2 Debtors").

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

4857-2370-7670 v.1

at a hearing conducted before the Court on March 17, 2022 (the "Hearing"); and this Court, having reviewed the Motion, including the *Declaration of Barry Taub, SVCMC Malpractice Counsel, in Support of the MedMal Trust Monitor's Motion for Entry of an Order: (I) Enforcing the SV2 Confirmation Order, (II) Releasing the MedMal Trust Funds, and (III) Granting Related Relief* (the "Taub Declaration") and having considered the statements of counsel at the Hearing, finds that (a) it has jurisdiction over this matter pursuant to 11 U.S.C. § 1334, paragraph 15 the SV2 Confirmation Order, and section 12 of the SV2 Plan; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and Hearing was sufficient under the circumstances in full compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules; and (d) notice of the procedures and final opportunity to liquidate the Unliquidated MedMal Claims to the holders of the Unliquidated MedMal Claims satisfied the constitutional notice requirements; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED to the extent set forth herein with respect to the Unliquidated MedMal Claims.

    2.    The Unliquidated MedMal Claims set forth on the attached **Exhibit A** are hereby disallowed and expunged for all purposes.

    3.    The Debtors' official claims administrator in the above-captioned cases, Epiq Bankruptcy Solutions, LLC f/k/a Bankruptcy Services, LLC, shall take all steps that are required to reflect the treatment of all Unliquidated MedMal Claims provided for in this Order in the official register of claims.

4. The Court shall retain jurisdiction over any and all issues arising from or related to this Order.



**Dated: March 21, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

4857-2370-7670 v.1

3